RCH:BW/MG/RB
F. #2021R00629

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-                    STIPULATION & PROTECTIVE ORDER

JIN HUA ZHANG,
   also known as "Yulong Chen"
   and "Yun Ye,"
GREGORY ARMAND,
CHEN CHEN,
   also known as "Rodger,"
YANBIN CHEN,
   also known as "Yuanen Zheng,"
YANBING CHEN,
   also known as "Yehua Huang"
   and "Yun Ye,"
CHANGGUI HUANG,
   also known as "Junwu Chen,"
   "Feng Qin" and
   "Haozhao Xu,"
XIN JIN,
   also known as "Hui Chen,"
JIAHUI MIAO,
LINGMING ZENG,
   also known as "Weiting Chen,"
JIN FU ZHANG and
HUA ZHOU,                                                   22-CR-458 (LDH)

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

           IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1

1.      All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and/or Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants, and the defendants' counsel ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

2.      Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case and any superseding indictment, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

3.      Except as provided in paragraph 2 of this Protective Order, any and all Discovery Materials disclosed or produced to the defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Discovery Materials, shall not be further disclosed, disseminated or discussed by the defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.

4.      None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form.  Nothing in this Protective

Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

        5. Discovery Materials and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, shall not under any circumstances be taken, transmitted or accessed, in whole or in part, outside of the United States of America, except pursuant to either prior written consent of the government or order of the Court.

        6. If any defendant obtains substitute counsel, the defendant, Defense Counsel, or Defense Staff will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs this Protective Order, and provides a signed copy to the government.

        7. The government may identify certain Discovery Materials as sensitive discovery material, such as information regarding victims as well as personal financial information and personally identifiable information regarding individuals other than the defendants (the "Sensitive Discovery Material").  The defendants may review Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff.  The defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material.

        8. The defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

9. If Defense Counsel chooses to share the Sensitive Discovery Material with a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff. In no case, however, may Defense Counsel or Defense Staff allow such a person to retain the Sensitive Discovery Material or any copies thereof or to create or retain work product based on Sensitive Discovery Material.

10. Any documents, material, or information may be designated Sensitive Discovery Material only upon a good-faith belief by the government that such materials contain: identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order. If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material, the defendants may provide notice to the government and a reasoned explanation regarding why the defendants do not believe the materials require treatment as Sensitive Discovery Material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material. The defendants shall treat the material as Sensitive Discovery Material pending any determination by the Court.

11. Any documents, material, or information determined to be Sensitive Discovery Material may be so designated by stamping the legend "SENSITIVE" on the document or by otherwise indicating to Defense Counsel the appropriate designation of the material or information. While each page of a sensitive document and its attachments may be marked, it shall

be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material.

12. The defendants and Defense Counsel will return to the government the Discovery Materials and the Sensitive Discovery Material, and all copies thereof, whether in the possession of the defendants, Defense Counsel, Defense Staff, when the defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendants' appellate rights, involving the charges in the above-captioned case.

13. Nothing in this Protective Order shall preclude the government or the defendants from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

14. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

15. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:      Brooklyn, New York
               January 25, 2023

                                            BREON PEACE
                                            United States Attorney
                                            Eastern District of New York

                                            By: /s/ Benjamin Weintraub
                                            By: /s/ Miranda Gonzalez
                                            By: /s/ Raffaela Belizaire
                                            Benjamin Weintraub
                                            Miranda Gonzalez
                                            Raffaela Belizaire
                                            Assistant U.S. Attorneys

Agreed to by:

_____
Stephen P. Scaring, Esq.
Counsel for Defendant Jin Hua Zhang


_____
Sally J.M. Butler, Esq.
Counsel for Defendant Gregory Armand


_____
Donald Dennis DuBoulay, Esq.
Counsel for Defendant Chen Chen


_____
Charles Jonathan Alvarez, Esq.
Counsel for Defendant Yanbin Chen

6

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou



SO ORDERED.



_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Brooklyn, New York
January 9, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
By: _____
By: _____
Benjamin Weintraub
Miranda Gonzalez
Raffaela Belizaire
Assistant U.S. Attorneys

Agreed to by:

*/s/ Stephen Scaring/*
Stephen P. Scaring, Esq.
Counsel for Defendant Jin Hua Zhang


_____
Sally J.M. Butler, Esq.
Counsel for Defendant Gregory Armand


_____
Donald Dennis DuBoulay, Esq.
Counsel for Defendant Chen Chen


_____
Charles Jonathan Alvarez, Esq.
Counsel for Defendant Yanbin Chen

6

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:    Brooklyn, New York
January 9, 2023

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
By: _____
By: _____
Benjamin Weintraub
Miranda Gonzalez
Raffaela Belizaire
Assistant U.S. Attorneys

Agreed to by:

_____
Stephen P. Scaring, Esq.
Counsel for Defendant Jin Hua Zhang

_____
Sally J.M. Butler, Esq.
Counsel for Defendant Gregory Armand

_____
Donald Dennis DuBoulay, Esq.
Counsel for Defendant Chen Chen

_____
Charles Jonathan Alvarez, Esq.
Counsel for Defendant Yanbin Chen

6

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           January 9, 2023

                                              BREON PEACE
                                              United States Attorney
                                              Eastern District of New York

                                        By: _____
                                        By: _____
                                        By: _____
                                              Benjamin Weintraub
                                              Miranda Gonzalez
                                              Raffaela Belizaire
                                              Assistant U.S. Attorneys

Agreed to by:

_____
Stephen P. Scaring, Esq.
Counsel for Defendant Jin Hua Zhang


_____
Sally J.M. Butler, Esq.
Counsel for Defendant Gregory Armand

*/s/ Donald DuBoulay*
_____
Donald Dennis DuBoulay, Esq.
Counsel for Defendant Chen Chen


_____
Charles Jonathan Alvarez, Esq.
Counsel for Defendant Yanbin Chen

6

16. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:     Brooklyn, New York
           January 9, 2023

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York


                                        By: _____
                                        By: _____
                                        By: _____
                                            Benjamin Weintraub
                                            Miranda Gonzalez
                                            Raffaela Belizaire
                                            Assistant U.S. Attorneys

Agreed to by:


_____
Stephen P. Scaring, Esq.
Counsel for Defendant Jin Hua Zhang


_____
Sally J.M. Butler, Esq.
Counsel for Defendant Gregory Armand


_____
Donald Dennis DuBoulay, Esq.
Counsel for Defendant Chen Chen

_____
Charles Jonathan Alvarez, Esq.
Counsel for Defendant Yanbin Chen

6

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou



SO ORDERED.


_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


*Edward Sapone*
_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou



SO ORDERED.


_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen

_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang

*Ken Womble*
_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin

_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao

_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng

_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang

_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou

SO ORDERED.

_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen

_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang

_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin

___*signature*_____  1/17/23
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao

_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng

_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang

_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou

SO ORDERED.

_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____/s/_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou



SO ORDERED.



_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


_____
Robert J. Adinolfi, Esq.
Counsel for Defendant Hua Zhou


SO ORDERED.


_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7

_____
Lance Lazzaro, Esq.
Counsel for Defendant Yanbing Chen


_____
Edward V. Sapone, Esq.
Counsel for Defendant Changgui Huang


_____
Arthur Kenneth Womble, Jr., Esq.
Counsel for Defendant Xin Jin


_____
Angelo MacDonald, Esq.
Counsel for Defendant Jiahui Miao


_____
Royce Russell, Esq.
Counsel for Defendant Lingming Zeng


_____
Barry S. Zone, Esq.
Counsel for Defendant Jin Fu Zhang


/s/ROBERT J. ADINOLFI
_____

Robert J. Adinolfi, Esq. Counsel
for Defendant Hua Zhou



SO ORDERED.


___s/ LDH_____   __1/26/2023__
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

7