```
                    UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF NEW YORK (BROOKLYN)
    ----------------------------:
                                 :
    UNITED STATES OF AMERICA,    :  Case No.: 22-cr-0458
                    Plaintiff, :    Brooklyn, New York
                                 :  November 16, 2023
             v.                  :  1:23 p.m. - 2:51 p.m.
                                 :
    JIN HUA ZHANG,               :
                    Defendant. :
    ----------------------------:
```

```
                   TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JAMES R. CHO
                UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For Government:          UNITED STATES ATTORNEY'S OFFICE
                         EASTERN DISTRICT OF NEW YORK
                         BY:  Benjamin Weintraub, AUSA
                              Raffaela Belizaire, AUSA
                         271-A Cadman Plaza East
                         Brooklyn New York 11201

For Defendant:           JOHN F. CARMAN, ESQ.
Jin Hua Zhang            666 Old Country Road
                         Suite 501
                         Garden City, New York 11530

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service

          AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1                THE DEPUTY CLERK:  Good afternoon.
 2                Criminal cause for pleading, 22-cr-458; USA
 3      versus Jin Hua Zhang.
 4                Please state your appearance for the
 5      record, starting with the government.
 6                MR. WEINTRAUB:  Good afternoon, Your Honor.
 7                Benjamin Weintraub and Raffaela Belizaire
 8      for the United States.
 9                THE COURT:  Good afternoon.
10                MR. CARMAN:  It's John Carman for the
11      defendant.  Good afternoon, Your Honor.
12                THE COURT:  Good afternoon.
13                Do we need to swear the interpreter?
14                THE DEPUTY CLERK:  Please stand.  Raise
15      your right hand.
16                Do you solemnly swear or affirm that you
17      will well and truly interpret the proceedings now
18      before the Court?
19                THE INTEPRETER:  Yes, I do.
20                THE DEPUTY CLERK:  Please state your name.
21                THE INTEPRETER:  Lisa Lu; L-I-S-A, L-U.
22      Mandarin interpreter.
23                THE COURT:  All right.  Thank you.
24                Counsel, can you do me a favor, can you
25      spell your name for the record one more time.
```

```
 1                    MR. CARMAN:  C-A-R-M-A-N.  First name,
 2      John.
 3                    THE COURT:  Okay.
 4                    All right.  Tasha, do we have someone on
 5      the phone as well?
 6                    THE DEPUTY CLERK:  Yes.
 7                    THE COURT:  Okay.  Just want to make sure
 8      we're connected.
 9                    THE DEPUTY CLERK:  Okay.
10                    THE COURT:  All right.  Let me get started.
11                    Just to confirm, are you Jin Hua Zhang?
12                    THE INTERPRETER:  Yes, Your Honor.
13                    THE COURT:  All right.
14                    How do you pronounce your name?
15                    THE DEFENDANT:  Jin Hua Zhang.
16                    THE COURT:  Zhang.  Okay.
17                    Good afternoon.  I'm Judge Cho.  Let me
18      explain to you what's going to happen today.
19                    I'm advised by your attorney that you wish
20      to plead guilty to some of the charges in the
21      indictment that has been filed against you; is that
22      correct?
23                    THE DEFENDANT:  Yes, Your Honor.
24                    THE COURT:  All right.  Now, this is a very
25      serious decision, and I have to make sure you
```

1     understand all of your rights and the consequences

2     of your plea.  I will have to ask you some questions

3     that will require that your answers be made under

4     oath.  So at this time, my deputy will swear you in.

5               THE DEPUTY CLERK:  Please stand and raise

6     your right hand.

7               Do you solemnly swear or affirm that the

8     answers in the plea that you're about to give to the

9     Court shall be the truth, the whole truth, and

10    nothing but the truth?

11              THE DEFENDANT:  Yes.

12              THE DEPUTY CLERK:  You can have a seat.

13              THE COURT:  Mr. Zhang, do you understand

14    that having been sworn, your answers to my questions

15    will be subject to the penalties of perjury or of

16    making a false statement if you do not answer

17    truthfully?

18              Do you understand that?

19              THE INTEPRETER:  Yes.

20              THE COURT:  That means if you answer

21    falsely to any of my questions, the government may

22    prosecute you for perjury or making a false

23    statement, and may use any of your false statements

24    today during that prosecution.

25              Do you understand?

                AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              THE INTEPRETER:  Yeah.  Yes.
 2              THE COURT:  Mr. Zhang, I first want you to
 3    understand, this is Judge DeArcy Hall's case.  She
 4    is the judge who will sentence you and make the
 5    ultimate decision as to whether to accept your
 6    guilty plea or not.
 7              If you wish, you have the absolute right to
 8    plead before her, and there will be no prejudice to
 9    you.  Or if you wish, I will listen to your plea.  A
10    transcript will be made by a court reporter, and
11    then Judge DeArcy Hall will review the transcript in
12    connection with your sentence.
13              Do you understand that?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  Do you wish to give up your
16    rights to have Judge DeArcy Hall hear your plea, and
17    instead proceed before me today?
18              THE DEFENDANT:  Yes, Your Honor.
19              THE INTERPRETER:  Yes.
20              THE COURT:  Do you make this decision
21    voluntarily and of your own free will?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  Has anyone threatened you or
24    have any promises been made to you to induce you to
25    plead before me?
```

```
1                THE DEFENDANT:  No, Your Honor.

2                THE COURT:  All right.  I have in front of

3      me a form entitled "Consent to Have a Plea taken

4      Before United States Magistrate Judge."

5                I just want to confirm, you signed this

6      consent form; is that correct?

7                THE DEFENDANT:  Yes, Your Honor.

8                THE COURT:  All right.  Now, before you

9      signed this consent form, did you have a chance to

10     discuss this form with your lawyer?

11               THE DEFENDANT:  Yes.

12               THE COURT:  All right.  I will go ahead and

13     endorse that, having confirmed all the signatures.

14               Also confirm, Mr. Weintraub, you also

15     signed this consent form, correct?

16               MR. WEINTRAUB:  Yes, Your Honor.

17               THE COURT:  Now, Mr. Zhang, before

18     accepting your plea, there are a number of questions

19     I have to ask you to assure myself that today's plea

20     is valid.

21               If you do not understand any of my

22     questions, please say so, and I'll rephrase the

23     question.

24               THE DEFENDANT:  Okay.

25               THE COURT:  What is your full name?
```

AMM TRANSCRIPTION SERVICE - 631.334.1445

1                      THE DEFENDANT:  Jin Hua Zhang.

2                      THE COURT:  How old are you?

3                      THE DEFENDANT:  36.

4                      THE COURT:  36?

5                      THE INTEPRETER:  36, yes.

6                      THE COURT:  All right.  What schooling or

7      education have you had?

8                      THE DEFENDANT:  Middle school.

9                      THE COURT:  Middle school?

10                      THE INTERPRETER:  Middle school.

11                      THE DEFENDANT:  Yeah.

12                      THE COURT:  All right.  Why don't you pull

13      the microphone a little bit closer to you so I can

14      hear both of you then.  All right.

15                      Are you able to speak, understand English?

16                      THE DEFENDANT:  I can understand a little

17      bit and speak a little bit.

18                      THE COURT:  Understood.

19                      So we do have an interpreter here today who

20      will interpret everything for you.  If you have any

21      issues with the interpretation, please let us know;

22      okay?

23                      THE DEFENDANT:  Okay.  Thank you.

24                      THE COURT:  All right.  Are you under the

25      care of a doctor or a psychiatrist for any reason?

```
 1                    THE DEFENDANT:  No.
 2                    THE COURT:  In the past 24 hours, have you
 3       taken any drugs, medicine, pills or consumed any
 4       alcoholic beverages?
 5                    THE DEFENDANT:  No, Your Honor.  No, Your
 6       Honor.
 7                    THE COURT:  Have you ever been hospitalized
 8       or treated for drug addiction, alcoholism or mental
 9       or emotional problems?
10                    THE DEFENDANT:  No, Your Honor.
11                    THE COURT:  Okay.  I see that you're
12       answering before the interpreter interprets for you.
13       Why don't you let her still interpret for you.
14                    THE DEFENDANT:  Okay.
15                    THE COURT:  Okay?  And you can still answer
16       after she's done with the interpretation, all right.
17       I just want to make sure you understand everything
18       that's going on today.
19                    Is your mind clear today, Mr. Zhang?
20                    THE DEFENDANT:  Yes.
21                    THE COURT:  Do you understand what's going
22       on here today?
23                    THE DEFENDANT:  Yes.
24                    THE COURT:  Do you understand everything
25       I've asked you so far?
```

```
 1                    THE DEFENDANT:  Yes.
 2                    THE COURT:  Mr. Zhang, as a defendant in a
 3       criminal case, you have the right to be represented
 4       by a lawyer at every stage of your criminal case,
 5       from when you are arrested through trial and appeal.
 6       If you cannot afford a lawyer, the Court will
 7       appoint a lawyer to represent you.
 8                    Do you understand your right to counsel?
 9                    THE DEFENDANT:  Yes.
10                    THE COURT:  Is Mr. Carman, who is seated
11       next to you, one of your lawyers?
12                    THE DEFENDANT:  Yes.
13                    THE COURT:  If at any time you wish to
14       consult with him regarding anything, please let me
15       know, and I'll permit you to do so.
16                    Do you understand?
17                    THE DEFENDANT:  Thank you.
18                    THE COURT:  Have you had any difficulty in
19       communicating with your lawyer, either directly or
20       through an interpreter?
21                    THE DEFENDANT:  No.
22                    THE COURT:  Have you had enough time to
23       discuss with your lawyer your decision to enter a
24       plea of guilty in this case?
25                    THE DEFENDANT:  Yes.
```

1          THE COURT:  Are you fully satisfied with

2     the representation and advice your attorney has

3     given to you so far?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Mr. Carman, let me turn over to

6     you.

7          Have you discussed this matter with your

8     client?

9          MR. CARMAN:  Yes, Your Honor.

10         THE COURT:  And have you had any difficulty

11    in communicating with your client, either directly

12    or through an interpreter?

13         MR. CARMAN:  No, Your Honor.

14         THE COURT:  Are you satisfied that your

15    client understands the rights he's waiving by

16    pleading guilty today?

17         MR. CARMAN:  I am.

18         THE COURT:  Is he capable of understanding

19    the nature of these proceedings?

20         MR. CARMAN:  Yes, Your Honor.

21         THE COURT:  Do you have any doubt at all

22    about his competence to plead at this time?

23         MR. CARMAN:  I do not.

24         THE COURT:  Have you advised him of the

25    maximum and minimum sentence and fine that could be

1    imposed on him?

2              MR. CARMAN:  Yes, Your Honor.

3              THE COURT:  Have you discussed with him the

4    operation of the sentencing guidelines and how those

5    guidelines could affect his case?

6              MR. CARMAN:  Yes, Your Honor.

7              THE COURT:  At this time I will be

8    referring to the indictment.

9              Mr. Zhang, do you have a copy of the

10   indictment in front of you?

11             THE DEFENDANT:  Yes.

12             THE COURT:  All right.  And, Mr. Zhang,

13   have you had a chance to read the indictment, either

14   with the assistance of an interpreter or on your

15   own?

16             THE DEFENDANT:  Yes.

17             THE COURT:  All right.

18             Now, Count 1 of the indictment charges you

19   with the crime of conspiracy to commit bank fraud.

20             Count 8 charges you with the crime of

21   conspiracy to operate an unlicensed money

22   transmitting business.

23             Count 10 charges you with conspiracy to

24   commit wire fraud.

25             Count 11 charges you with conspiracy to

1    commit money laundering.

2            Count 27 charges you with aggravated

3    identity theft.

4            And finally, Count 28 charges you with

5    conspiracy to commit passport fraud.

6            Have you reviewed these charges against

7    you?

8            THE DEFENDANT:  Yes.

9            THE COURT:  All right.  And do you believe

10   you understand the nature of the charges against

11   you?

12           THE DEFENDANT:  Yes.

13           THE COURT:  All right.  I also note that

14   there are some forfeiture allegations as well.

15           THE DEFENDANT:  Yes.

16           THE COURT:  In order for the government to

17   convict you of these offenses, it would have to

18   prove several elements beyond a reasonable doubt.

19           At this time I will read the elements of

20   the charges -- or for the charges, and when I am

21   done, I'll ask the attorneys to confirm that I've

22   accurately identified the elements for the charges.

23           Count 1, conspiracy to commit bank fraud.

24           For the interpreter, I'm going to be

25   reading the elements.  If I go too fast, let me

1    know, okay?

2             The elements of conspiracy to commit bank

3    fraud are as follows:  Two or more people form an

4    unlawful agreement to commit the crime of bank

5    fraud, and the defendant knowingly and intentionally

6    joined the conspiracy.

7             The elements of bank fraud are as follows:

8             First, there was a scheme to defraud a

9    bank.

10            Two, the defendant executed or attempted to

11   execute the scheme with the intent to defraud the

12   bank.

13            And three, at the time of the execution of

14   the scheme, the bank had its deposits insured by the

15   Federal Deposit Insurance Corporation.

16            All right.  It looks like you have the

17   element sheet in front of you, correct?  I am

18   reading from the same element sheet, okay?  So

19   hopefully that will expedite the process.

20            All right.  Count 8, conspiracy to operate

21   an unlicensed money transmitting business are as

22   follows:

23            First, two or more persons entered the

24   unlawful agreement to operate an unlicensed money

25   transmitting business.

1          Second, the defendant knowingly and

2     willfully became a member of the conspiracy.

3          Third, one of the members of the conspiracy

4     knowingly committed at least one of the overt acts

5     charged in the indictment.

6          And fourth, the overt act was committed to

7     further some objective of the conspiracy.

8          The elements of operating an unlicensed

9     money transmitting business are as follows:

10         First, the business was an unlicensed money

11    transmitting business.  Second, the defendant

12    knowingly controlled, conducted, managed,

13    supervised, directed or owned that business.  And

14    third, the money transmitting business affected

15    interstate commerce.

16         Count 10, conspiracy to commit wire fraud.

17    The elements of conspiracy to commit wire fraud are

18    as follows:

19         First, two or more people formed an

20    unlawful agreement to commit the crime of wire

21    fraud.  Second, the defendant knowingly and

22    intentionally joined the conspiracy.

23          The elements of wire fraud are as follows:

24         First, there was a scheme or artifice to

25    defraud or to obtain money or property by materially

AMM TRANSCRIPTION SERVICE - 631.334.1445

1  false and fraudulent pretenses, representations or

2  promises.

3       Second, the defendant knowingly and

4  willfully participated in the scheme or artifice to

5  defraud with knowledge of its fraudulent nature and

6  with specific intent to defraud.

7       And third, in the execution of that scheme,

8  the defendant used or caused the use of interstate

9  wires.

10       Count 11, conspiracy to commit money

11  laundering.  The elements of conspiracy to commit

12  money laundering are as follows:

13       First, there was an agreement between two

14  or more persons to commit money laundering.  Second,

15  the defendant knowingly and intentionally became a

16  member of the conspiracy.

17       The elements of money laundering are as

18  follows:

19       First, the defendant engaged in a monetary

20  transaction in or affecting interstate commerce.

21       Second, the monetary transactions involved

22  criminally derived property of a value greater than

23  $10,000.

24       Third, the property was derived from

25  specific unlawful activity.

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              Fourth, the defendant acted with knowledge

 2    that the transaction involved proceeds of a criminal

 3    offense.

 4              And fifth, the transaction took place in

 5    the United States, or the defendant is a United

 6    States citizen, national or permanent resident.

 7              Count 20, aggravated identity theft.  The

 8    elements of aggravated identity theft are as

 9    follows:

10              First, the defendant knowingly transferred,

11    possessed or used a means of identification of

12    another person.

13              Second, the defendant used a means of

14    identification during and in relation to the offense

15    of felony violation enumerated in subsection (c).

16    I'll be referring to footnote 9 at this time.

17              18 U.S.C. § 1028A(c)(5) states that, "For

18    purposes of this section, the term 'felony violation

19    enumerated in subsection (c)' means any offense that

20    is a felony violation of any provision contained in

21    Chapter 63 (relating to mail, bank, and wire

22    fraud)."  This includes conspiracy to commit wire

23    fraud.

24              And third, the defendant acted without

25    lawful authority.
```

AMM TRANSCRIPTION SERVICE - 631.334.1445

1              Count 28, conspiracy to commit passport

2     fraud.  The elements are as follows:

3              First, two or more persons entered the

4     unlawful agreement to commit passport fraud.

5              Second, the defendant knowingly and

6     willfully became a member of the conspiracy.

7              Third, one of the members of the conspiracy

8     knowingly committed at least one of the overt acts

9     charged in the indictment.

10             And fourth, the overt act was committed to

11    further some objective of the conspiracy.

12             The elements of passport fraud are as

13    follows --

14             THE INTERPRETER:  Which one is the text

15    for?

16             THE COURT:  Very last page.

17             MR. CARMAN:  Just interpret.  I don't know

18    why that's missing.

19             THE INTERPRETER:  Okay.  Here.

20             MR. CARMAN:  Got it?  Okay.  Good.

21             THE COURT:  All right.  Should I repeat

22    that?

23             The elements of passport fraud are as

24    follows:

25             THE INTERPRETER:  Okay.

```
1              THE COURT:  First, the defendant willingly
2       and knowingly; 2, used, attempted to use or
3       furnished to another for use; 3, a false, forged,
4       counterfeited, mutilated or altered passport or
5       instrument purporting to be a passport, or any
6       passport validly issued which has become void by the
7       occurrence of any condition therein described,
8       invalidating the same.
9              Let me turn to the government.
10             Have I accurately identified the elements
11      of the charges?
12             MR. WEINTRAUB:  Yes, Your Honor.
13             THE COURT:  All right.
14             Mr. Carman, do you agree?
15             MR. CARMAN:  I do.
16             THE COURT:  Turning back to you, Mr. Zhang,
17      have you had a conversation with your lawyer where
18      he went over with you what the government would have
19      to prove beyond a reasonable doubt with respect to
20      these charges?
21             THE DEFENDANT:  Yes.
22             THE COURT:  And do you understand the
23      charges and what the government would have to prove
24      to convict you of those charges?
25             THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  What I want to do now is go
 2   over with you the rights that you have and the
 3   rights that you will be giving up if you plead
 4   guilty.
 5              First of all, you have the right to plead
 6   not guilty.  Do you understand that?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  What this means is that even if
 9   you are guilty, you have a choice.  It is up to you
10   to decide what to do, not your lawyer or anyone
11   else.
12              THE DEFENDANT:  Yes.
13              THE COURT:  You may withdraw your
14   previously entered plea of not guilty and plead
15   guilty, as you apparently wish to do, or you may
16   choose to go to trial simply by persisting in your
17   plea of not guilty.
18              Do you understand?
19              THE INTERPRETER:  Sorry, Judge.  The second
20   part?
21              THE COURT:  All right.
22              Or you may choose to go to trial simply by
23   persisting in your plea of not guilty.
24              Do you understand?
25              THE DEFENDANT:  Yes.
```

1          THE COURT:  If you plead not guilty to the

2     charges, you would have the right under the

3     Constitution and laws of the United States to a

4     speedy and public trial.

5          THE DEFENDANT:  Yes.

6          THE COURT:  And this trial would be before

7     a jury with the assistance of your lawyer on the

8     charges contained in the indictment.

9          Do you understand?

10         THE DEFENDANT:  Yes.

11         THE COURT:  At any trial, you would be

12    presumed innocent.  You would not have to prove that

13    you are innocent.  Under our legal system, it is the

14    government that has the burden of proof beyond a

15    reasonable doubt that you are guilty of the crimes

16    charged.

17         If, at any trial, the government would fail

18    to meet the burden of proof, the jury would have to

19    find you not guilty.

20         Do you understand?

21         THE DEFENDANT:  Yes.

22         THE COURT:  That is why sometimes juries

23    return verdicts of not guilty even though the jurors

24    believe the defendant on trial probably committed

25    the crime charged.

```
 1                    THE DEFENDANT:  Yes.

 2                    THE COURT:  When a jury returns a

 3      not-guilty verdict, the jurors are not saying they

 4      believe the defendant is innocent.  They are merely

 5      saying they are not convinced beyond a reasonable

 6      doubt that the defendant is guilty.

 7                    Do you understand that difference?

 8                    THE DEFENDANT:  Yes.

 9                    THE COURT:  In the course of the trial,

10      witnesses for the government would have to come into

11      court and testify in your presence.

12                    THE DEFENDANT:  Yes.

13                    THE COURT:  Your lawyer would have the

14      right to cross examine each witness, to object to

15      evidence offered by the government, and could offer

16      evidence on your own behalf.

17                    Do you understand?

18                    THE DEFENDANT:  Yes.

19                    THE COURT:  Your lawyer would also have the

20      right to subpoena or compel witnesses to testify in

21      court on your behalf as well.

22                    Under the Constitution and laws of the

23      United States, no person can be forced to be a

24      witness against himself.

25                    THE DEFENDANT:  Yes.
```

1          THE COURT:  If you had a trial and did not

2    testify, Judge DeArcy Hall would instruct the jury

3    that they could not hold that against you.

4          Do you understand?

5          THE DEFENDANT:  Yes.

6          THE COURT:  If, instead of going to trial

7    you plead guilty to the crimes charged, and if

8    Judge DeArcy Hall accepts your guilty plea, you'll

9    be giving up your constitutional right to a trial

10   and all the other rights I've just discussed.

11         THE DEFENDANT:  Yes.

12         THE COURT:  There will be no trial in this

13   case.  The Court will simply enter judgment of

14   guilty based upon your plea.

15         Do you understand?

16         THE DEFENDANT:  Okay.

17         THE COURT:  So if you do plead guilty, I

18   will have to ask you questions about what you did in

19   order to satisfy myself and Judge DeArcy Hall that

20   you are guilty of the crimes charged.

21         THE DEFENDANT:  Yes.

22         THE COURT:  You are going to have to answer

23   my questions and acknowledge your guilt.

24         THE DEFENDANT:  Okay.

25         THE COURT:  This means that you'll be

1    giving up your right not to testify against

2    yourself.

3            Do you understand?

4            THE DEFENDANT:  Yes.

5            THE COURT:  If you enter a plea of guilty

6    today and you admit the criminal conduct alleged in

7    the indictment and Judge DeArcy Hall accepts your

8    plea, you cannot appeal to a higher court on whether

9    you committed the crime or not.

10           THE DEFENDANT:  Okay.  Yes.

11           THE COURT:  You understand that?

12           THE DEFENDANT:  Yes.

13           THE COURT:  Okay.  Are you willing to give

14   up your right to a trial and all the other rights I

15   just discussed?

16           THE DEFENDANT:  Yes.

17           THE COURT:  I have in front of me a written

18   agreement between yourself and the government.  It's

19   been marked as Court Exhibit 1 and dated

20   November 16, 2023.

21           Mr. Zhang, did you sign this agreement?

22           THE DEFENDANT:  Yes, I did.

23           THE COURT:  All right.

24           Mr. Carman, you also signed the agreement

25   as well?

```
 1                  MR. CARMAN:  I did, Your Honor.
 2                  THE COURT:  All right.  And, Mr. Weintraub,
 3       you also signed on behalf of the government?
 4                  MR. WEINTRAUB:  Yes, Your Honor.
 5                  THE COURT:  All right.
 6                  Mr. Zhang, do you have a copy of the
 7       agreement in front of you?
 8                  Yes?
 9                  THE DEFENDANT:  Yes.
10                  THE COURT:  All right.  Now, did you read
11       this agreement carefully?
12                  THE DEFENDANT:  Yes.
13                  THE COURT:  And did you review the
14       agreement with your lawyer?
15                  THE DEFENDANT:  Yes.
16                  THE COURT:  Have you had a chance to
17       discuss the agreement with your lawyer?
18                  THE DEFENDANT:  Yes.
19                  THE COURT:  All right.  Do you believe you
20       understand this agreement, Mr. Zhang?
21                  THE DEFENDANT:  Yes.
22                  THE COURT:  All right.  Turning to the
23       government.
24                  Does the government confirm and represent
25       that the agreement before the Court contains the
```

1      entirety of any understanding between the United

2      States Attorney's Office and this defendant?

3                   MR. WEINTRAUB:  Yes.

4                   THE COURT:  All right.  Mr. Carman, turning

5      back to you.

6                   Have you reviewed the agreement with

7      your client?

8                   MR. CARMAN:  I have, Your Honor.

9                   THE COURT:  And did you review it with the

10     assistance of an interpreter or have it translated,

11     or was it not necessary?

12                  MR. CARMAN:  I had the assistance of a

13     translator.

14                  THE COURT:  All right.  Now, Mr. Carman,

15     does this agreement that's been marked as Court

16     Exhibit 1 contain the entire agreement that your

17     client has entered into with the government?

18                  MR. CARMAN:  Yes, Your Honor.

19                  THE COURT:  Mr. Zhang, turning back to you.

20                  Is there anything in this agreement that is

21     not clear or that you need explained in any further

22     detail now?

23                  THE DEFENDANT:  No, Your Honor.

24                  THE COURT:  All right.  Other than the

25     promises contained in the agreement, has anyone made

1     any other promises that have caused you to plead

2     guilty?

3              THE DEFENDANT:  No, Your Honor.

4              THE COURT:  All right.  I want to now

5     carefully go over with you what the penalties are

6     for the crimes to which you may be pleading guilty.

7     And I'll be referring to the agreement itself.

8              Count 1, conspiracy to commit bank fraud.

9     The statute you are accused of carries a maximum

10    term of imprisonment of 30 years.  There is no

11    minimum term of imprisonment.  The maximum

12    supervised release term is five years to follow any

13    term of imprisonment.  If a condition of release is

14    violated, you may be sentenced to up to three years

15    without credit for prerelease imprisonment or time

16    previously served on post-release supervision.

17             There's a $1 million maximum fine.

18    Restitution does not apply, and you may be subjected

19    to criminal forfeiture set forth in the agreement.

20    There is also a $100 special assessment.  You may

21    also be subjected to denaturalization and removal,

22    as set forth in the agreement as well.

23             Count 8, conspiracy to operate an

24    unlicensed money transmitting business, carries a

25    maximum term of imprisonment of five years.  There

1    is no minimum term of imprisonment.  There is a

2    maximum supervised release term of three years to

3    follow any term of imprisonment.  And if you violate

4    any terms of your release, you may be sentenced to

5    up to an additional two years without credit for

6    prerelease imprisonment or time previously served on

7    post-release supervision.  There is a maximum fine

8    of $250,000 or twice the gross gain or loss,

9    whichever is greater.

10              Let me turn to the government.

11              Does the government have an estimate as to

12   Count 8 as to the gross gain or gross loss?

13              THE INTERPRETER:  Sorry.  I missed that.

14              MR. WEINTRAUB:  For Count 8, the estimated

15   gross gain is approximately $2,172,271.73.

16              THE DEFENDANT:  So, Your Honor, this is

17   going to be twice as the gross gain; am I correct?

18              THE COURT:  Yeah.  So twice that amount

19   comes out to $4,344,543.46.

20              All right.  Now, with respect to this

21   count, restitution does not apply.  You are

22   subjected to criminal forfeiture as set forth in the

23   agreement.  There is a $100 special assessment.  And

24   you may be subjected to denaturalization and removal

25   as set forth in the agreement.

1           Now, in Count 10, conspiracy to commit wire
2    fraud, the statute contains a maximum term of
3    imprisonment of 20 years.  There is no minimum term
4    of imprisonment.  The maximum supervised release
5    term is three years to follow any term of
6    imprisonment.  And if you violate any terms of your
7    release, you may be subjected to additional two
8    years of imprisonment.  The maximum fine is
9    $250,000, or twice the gross gain or loss, whichever
10   is greater.
11          Turning back to the government, do you have
12   an estimate as to the gross gain or loss in this
13   count?
14          MR. WEINTRAUB:  Yes.  For Count 10, the
15   approximate gross loss is $18,008,196.68.
16          THE COURT:  Now, twice the gross gain or
17   gross loss comes to $36,016,393.36.
18          Restitution is mandatory in the full amount
19   of each victim's losses as determined by the Court,
20   but not less than $18 million or $18,008,196.68.
21          You are subject to criminal forfeiture as
22   set forth in the agreement as well.  There is a $100
23   special assessment.  And you may be subject to
24   denaturalization and removal.
25          Under Count 11, money laundering

1    conspiracy, the statute contains a maximum term of

2    imprisonment of ten years.  There is no minimum term

3    of imprisonment.  The maximum supervised release

4    term is three years, and an additional two years if

5    you violate any conditions of your release.  The

6    maximum fine is the greater of $250,000 or twice the

7    gross gain or loss.

8        Does the government have an estimate as to

9    the gross gain or gross loss for Count 11?

10        MR. WEINTRAUB:  The government's estimate

11   for the gross gain for Count 11 is $1,890,860.67.

12        THE COURT:  Now, double that amount is

13   $3,781,721.34.

14        Restitution does not apply.  And you may be

15   subject to criminal forfeiture as set forth in the

16   agreement.  There is a $100 special assessment, and

17   you may be subject to denaturalization and removal.

18        Now, Count 27, aggravated identity theft

19   contains a maximum term of imprisonment of two years

20   and a two-year minimum.  The maximum supervised

21   release term is one year to follow any term of

22   imprisonment.  And if you violate any conditions of

23   your release, you may be imprisoned for an

24   additional one year as well.

25        There is a maximum fine of $250,000.

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    Restitution does not apply.  There is a $100 special
2    assessment.  You may be subject to denaturalization
3    and removal.
4            Now, Count 28, conspiracy to commit
5    passport fraud contains a maximum term of
6    imprisonment of five years.  There is no minimum
7    term.  The maximum supervised release term is three
8    years.  And if you violate any conditions of your
9    release, you may be imprisoned for an additional two
10   years.
11           There is a maximum fine of $250,000.
12   Restitution does not apply.  You may be subject to
13   criminal forfeiture as set forth in the agreement.
14   There is a $100 special assessment.  And you may be
15   subject to denaturalization and removal.
16           I just want to go back in case I wasn't
17   clear.  For Count 8, the maximum fine, it's $250,000
18   or twice the gross gain or loss, whichever is
19   greater, okay?  Just want to make sure I was clear
20   on that.
21           You also consent to forfeiture as set forth
22   in paragraph 6 of the agreement.  The forfeiture
23   amount is $1,341,623.06.  And you also consent to
24   forfeiture of the forfeitable assets as set forth in
25   the agreement.

1          As part of the agreement, you also agree to

2    waive any hearings or jury trial on the issue of

3    forfeiture.

4          THE DEFENDANT:  Yes.

5          THE COURT:  And I want to remind you, in

6    the event you were not a U.S. citizen, your

7    conviction may result in deportation as well.

8          In light of all of these potential

9    penalties, do you still wish to plead guilty today?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Mr. Zhang, I want to discuss

12   with you the sentencing scheme and how it works here

13   in federal court.

14         Mr. Zhang, Judge DeArcy Hall does not have

15   complete discretion to impose a sentence outside of

16   the statutory minimum and maximum sentences set

17   forth in the statutes.

18         Do you understand that?

19         THE DEFENDANT:  Yes.

20         THE COURT:  As a first step, the Court must

21   consider the advisory sentencing guidelines issued

22   by the United States Sentencing Commission in

23   determining what is a reasonable sentence in a

24   criminal case.

25         While the sentencing guidelines are only

1    advisory now, they remain an important consideration

2    in sentencing, and Judge DeArcy Hall will take them

3    into account in determining what sentence to give

4    you.

5            Do you understand?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Have you discussed the

8    sentencing guidelines with your lawyer and how those

9    guidelines are calculated?

10           THE DEFENDANT:  Yes.

11           THE COURT:  As a second step, the Court

12   must consider whether there are any factors set

13   forth in 18 U.S.C. § 3553(a) against all of the

14   facts and circumstances of this case, and it may be

15   that what is called a non-guideline sentence may be

16   appropriate.

17           The bottom line is that until the date of

18   sentencing, you cannot know with certainty what the

19   guidelines will be, or whether there will be grounds

20   to depart from them, or whether the court will

21   impose what is called a non-guideline sentence.

22           Do you understand?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Prior to your sentencing

25   hearing, Judge DeArcy Hall will receive a

            AMM TRANSCRIPTION SERVICE - 631.334.1445

1    presence report from the Probation Department,

2    which will recommend a guideline range.

3              THE DEFENDANT:  Yes.

4              THE COURT:  Your lawyer will have the

5    opportunity to read the presentence report and

6    challenge the facts in it as reported by the

7    Probation Department.

8              Do you understand?

9              THE DEFENDANT:  Okay.

10             THE COURT:  It is important for you to know

11   what the possible guideline sentences are based upon

12   the facts available at this point in time, keeping

13   in mind that this is a guess that could be wrong.

14             Do you understand?

15             THE DEFENDANT:  Okay.

16             THE COURT:  Does the government have an

17   estimate as to the term of imprisonment in this

18   case?

19             MR. WEINTRAUB:  Yes, Your Honor.  After

20   application of all applicable enhancements and

21   reductions, including for acceptance of

22   responsibility, the government estimates that the

23   defendant would be in Criminal History Category I,

24   and that his estimated guidelines range would be 235

25   to 293 months imprisonment.

1              THE COURT:  Mr. Carman, do you agree with

2      that estimate?

3              MR. CARMAN:  Your Honor, the only thing I

4      question is the way the question was put to the

5      government, which was, do you have an estimate as to

6      what the prison term would be, as opposed to what

7      the estimated guidelines would be.

8              So I don't want my client to think that

9      either the government or his attorney have any

10     ability to -- we can certainly estimate, but, you

11     know, we can't really say what the sentence would

12     be.  And there are other factors that are clearly at

13     play in calculating what ultimately will be the

14     sentence imposed.

15             THE COURT:  Understood.  So let me rephrase

16     the question.

17             Does the government have an estimate as to

18     what the sentencing guidelines would be in this

19     case?

20             MR. WEINTRAUB:  Yes.  The government

21     estimates that the advisory guidelines range of

22     imprisonment would be 235 to 293 months

23     imprisonment.

24             THE COURT:  All right.

25             Mr. Carman, do you agree with that

              AMM TRANSCRIPTION SERVICE - 631.334.1445

1   estimate?

2           MR. CARMAN:  I do.

3           THE COURT:  Okay.  All right.

4           Turning back to you, Mr. Zhang, the

5   government estimates, based on the sentencing

6   guidelines, that the range could be anywhere from

7   235 to 293 months.

8           Do you understand that this is an estimate

9   that is not binding on the government, probation or

10  Judge DeArcy Hall?

11          THE DEFENDANT:  Yes.

12          MR. CARMAN:  Your Honor, if I could just

13  butt in one more time --

14          THE COURT:  Sure.

15          MR. CARMAN:  I think it's also fair to say

16  that the estimate is not binding upon the defendant.

17  Sometimes agreements say that, but I don't think in

18  this case that would apply.

19          THE COURT:  All right.

20          So, Mr. Zhang, just to make sure you

21  understand.  You understand that if this estimate is

22  wrong, you'll not be permitted to withdraw your plea

23  of guilty?

24          Do you understand that?

25          THE DEFENDANT:  Okay.

```
 1                    THE INTERPRETER:  Your Honor?
 2                    THE COURT:  Go ahead.
 3                    THE INTERPRETER:  Defendant would like to
 4      consult with the attorney.
 5                    THE COURT:  Fine.  Go ahead.
 6                    (Discussion held off the record.)
 7                    MR. CARMAN:  All set, Your Honor.
 8                    THE COURT:  All right.  So what is your
 9      answer to the last question?  Or do you want me to
10      repeat the question?
11                    THE DEFENDANT:  Yes.
12                    THE COURT:  All right.  Let me repeat the
13      question.
14                    Mr. Zhang, do you understand that if this
15      estimate is wrong, you will not be permitted to
16      withdraw your plea of guilty?
17                    Do you understand that?
18                    THE DEFENDANT:  Yes.
19                    THE COURT:  Mr. Zhang, it's important for
20      you to know that Judge DeArcy Hall is not bound by
21      anything in this agreement or what the government or
22      your attorney estimate the sentencing guidelines to
23      be.
24                    Do you understand that?
25                    THE DEFENDANT:  Okay.
```

1           THE COURT:  Judge DeArcy Hall can sentence

2      you according to her interpretation of the

3      sentencing guidelines and the law.

4           Do you understand?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Although Judge DeArcy Hall will

7      consider the sentencing guidelines as one factor in

8      determining what your sentence will be, she has the

9      authority under the law to decide upon and impose a

10     sentence that is more severe or less severe than the

11     sentencing guidelines.

12          Do you understand?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Finally, under the guideline

15     sentencing system, there's no parole board or parole

16     commission.  What that means, practically speaking,

17     is that whatever sentence you do receive from Judge

18     DeArcy Hall, that will be pretty much close to the

19     actual amount of time you spend in prison.

20          THE DEFENDANT:  Yes.

21          THE COURT:  You will not have the

22     opportunity to appeal to the parole board to get out

23     early because there's no parole board in the federal

24     sentencing system.

25          Do you understand that?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Also, as set forth in the
 3    agreement, you agree not to file an appeal or
 4    otherwise challenge the conviction or sentence in
 5    the event the Court imposes a term of imprisonment
 6    of 240 months or below.
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  You understand that this
 9    provision in the agreement means that, if the judge
10    sentences you to any term of prison 240 months or
11    below, you cannot challenge whether or not that
12    sentence is permissible.
13              Do you understand?
14              THE DEFENDANT:  Yes.
15              THE COURT:  And this is contained in
16    paragraph 3 of the agreement.
17              Is this waiver voluntary?
18              THE DEFENDANT:  Sorry?
19              THE COURT:  I'm referring to paragraph --
20    this is in paragraph 3 of the agreement.  All right.
21              Now, is this waiver of your appeal
22    voluntary?
23              THE INTERPRETER:  Is this the paragraph 3?
24              MR. CARMAN:  Yeah.
25              THE INTERPRETER:  This one?  This is the
```

```
1    one?
2              MR. CARMAN:  Right here.  This paragraph.
3    The 240-month waiver of the right to appeal; is that
4    voluntary?
5              THE DEFENDANT:  Yes.
6              THE COURT:  All right.
7              Also, as set forth in paragraph 3, nothing
8    in the waiver of appellate or collateral review
9    rights shall prevent you from raising a claim of
10   ineffective assistance of counsel in an appropriate
11   forum.
12             THE DEFENDANT:  Yes.
13             THE COURT:  All right.  Mr. Zhang, do you
14   have any questions that you want to ask me about the
15   charges, your rights or anything else related to
16   this matter that may not be clear to you?
17             THE DEFENDANT:  No questions.
18             THE COURT:  All right.
19             I turn to you, Mr. Carman.
20             Do you know of any reason why your client
21   should not enter a plea of guilty to these charges?
22             MR. CARMAN:  No, Your Honor.
23             THE COURT:  And are you aware of any legal
24   defenses to these charges at this time?
25             MR. CARMAN:  No, Your Honor.
```

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              THE COURT:  Turning back to you, Mr. Zhang,
 2   are you satisfied with your legal representation up
 3   until this point?
 4              THE DEFENDANT:  No problem.  Good.
 5              THE COURT:  All right.  Are you ready to
 6   plead at this time?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  All right.  How do you plead to
 9   Count 1 of the indictment; guilty or not guilty?
10              THE DEFENDANT:  Guilty.  Guilty.
11              THE COURT:  All right.  How do you plead to
12   Count 8 of the indictment; guilty or not guilty?
13              THE DEFENDANT:  Guilty.
14              THE COURT:  How do you plead to Count 10 of
15   the indictment; guilty or not guilty?
16              THE DEFENDANT:  Guilty.
17              THE COURT:  How do you plead to Count 11 of
18   the indictment; guilty or not guilty?
19              THE DEFENDANT:  Guilty.
20              THE COURT:  How do you plead to Count 27 in
21   the indictment; guilty or not guilty?
22              THE DEFENDANT:  Guilty.
23              THE COURT:  And finally, how do you plead
24   to Count 28 of the indictment; guilty or not guilty?
25              THE DEFENDANT:  Guilty.
```

```
 1                    THE COURT:  Are you making these pleas of
 2        guilty voluntarily and of your own free will?
 3                    THE DEFENDANT:  Yes.
 4                    THE COURT:  Has anyone threatened or forced
 5        or pressured you to plead guilty?
 6                    THE DEFENDANT:  No.
 7                    THE COURT:  Other than the agreement before
 8        the Court, has anyone made any other promises to you
 9        that have caused you to plead guilty?
10                    Has anyone promised you what sentence you
11        would receive from Judge DeArcy Hall if you were to
12        plead guilty?
13                    THE DEFENDANT:  No.
14                    THE COURT:  All right.  At this time, we
15        can take each count separately or we can do it
16        together.  But, Mr. Zhang, why don't you tell me in
17        your own words what you did in connection with
18        Count 1, 8, 10, 11, 27 and 28.
19                    How do you want to handle it, Mr. Carman?
20                    MR. CARMAN:  Your Honor, we've experimented
21        with a couple of different solutions to this
22        problem, but the one we came up with, I hope the
23        Court will permit.  We have reduced Mr. Zhang's
24        statement of responsibility to writing in English.
25        It has been translated to him in Mandarin.  He is --
```

1    he agrees with the translation, and he reads English

2    quite well.  His pronunciation is very good.  And

3    so, with the Court's permission, I would ask that he

4    be permitted to read his statement of responsibility

5    as to each count from the preprepared document.

6              THE COURT:  That's fine.  Has the

7    government seen the statement yet?

8              MR. CARMAN:  Yes, Your Honor.

9              THE COURT:  Okay.

10             Any objection from the government?

11             MR. WEINTRAUB:  No, Your Honor.

12             THE COURT:  All right.  That's fine.  He

13   can read it in.

14             THE DEFENDANT:  Do I have to stand, Judge?

15             THE COURT:  No.  You can remain seated, but

16   speak slowly.

17             MR. CARMAN:  Into the microphone.

18             THE DEFENDANT:  Count 1, bank fraud

19   conspiracy:  Between September 2020 and May of 2022

20   in Staten Island, I knowingly and intentionally

21   agree with others to commit the crime of bank fraud

22   by creating alias which were used to open bank

23   accounts at FDIC-insured banks, including accounts

24   at Wells Fargo Bank, in order to launder funds

25   received in connection with our operation of the T5

1    investment fraud scheme.

2         Count 8, conspiracy to operate an

3    unlicensed money transmitting business:  Between

4    January 2021 and July 2022 in Staten Island, I

5    knowingly and willfully agree with other to commit

6    the crime of operating an unlicensed money

7    transmitting business.

8         The purpose of the money transmitting

9    business was to have cash converted into cashier

10   check using forged Chinese passports.  In March of

11   2022, while in the Eastern District of New York, I

12   exchanged message with others to discuss revision

13   that needs to be made in the ledgers that reflected

14   the transaction of this business that I control

15   it -- I controlled.

16        In March of 2022, I communicated with other

17   regarding the amount of cash being converted to

18   cashier checks.  The business was not a licensed

19   money transmitting business in the State of New

20   York.

21        Count 10, conspiracy to committing wire

22   fraud:  Between May of 2021 and August of 2022 in

23   Staten Island in the Eastern District of New York, I

24   knowingly and intentionally agree with others to

25   participate in a scheme known as T5 to fraudulently

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
1     obtain money from investors with the intent to
2     default them.  We use the Internet, telephone and
3     text in connection with our efforts to fraudulently
4     obtain investor funds and communicate with each
5     other regarding the operation of the scheme,
6     including sending text message in the Eastern
7     District of New York.
8               Count 11, conspiracy to commit money
9     laundry -- laundering:  Between May 2021 -- I'm
10    sorry -- and August 2022 in Staten Island, I
11    knowingly and intentionally agree with other to
12    conduct electronically -- electronic money transfer
13    through local banks involving funds obtained
14    unlawfully from the T5 investment fraud scheme.  The
15    amount of at least one of the transfer exceeded
16    $10,000 -- 10,000 -- and involved a bank in the
17    United States and oversea banks.
18              Count 27, aggravated identity theft:  On or
19    about September 30, 2021 in Staten Island, I
20    knowingly possess and use a New York State driver
21    license of another person without lawful authority
22    and in connection with my agreement to fraudulently
23    obtain money from investor in the T5 scheme.
24              Count 28, conspiracy to commit passport
25    fraud:  Between December 2021 and July of 2022 in
```

```
 1   the Eastern District of New York, I knowingly and
 2   willfully agree with other to commit the crime of
 3   passport fraud in that we knowingly use forged
 4   passport to engage in banking transaction.  Another
 5   person used a passport bearing the name Yulong Chen
 6   when making a $52,500 deposit at a bank in
 7   Borough Park without lawful authority to do so.
 8              THE COURT:  Let me turn to the government.
 9              Do we need to clarify any parts of that
10   allocution?
11              MR. WEINTRAUB:  Yeah.  I just want to make
12   a few quick points.
13              With respect to Count 8, the government
14   would just proffer that the act of converting cash
15   into cashier's checks and putting the cash into the
16   banking system affected interstate commerce.
17              THE COURT:  All right.
18              Mr. Carman, do you agree?
19              MR. CARMAN:  Yes, Your Honor.
20              THE COURT:  All right.
21              MR. WEINTRAUB:  And if I may just have one
22   quick moment ...
23              THE COURT:  Take your time.
24              MR. WEINTRAUB:  If I may confer with
25   defense counsel for a moment ...
```

```
 1                    THE COURT:  Go ahead.

 2                    (Discussion held off the record.)

 3                    MR. CARMAN:  I got it right here.

 4            As to Count 28, he wants you to acknowledge

 5   that on January 20, 2022, that you sent the message,

 6   all right, via a messaging application to others.

 7   You don't have to mention their names.  To others --

 8                    THE INTERPRETER:  Sent to others.

 9                    MR. CARMAN:  -- providing information

10   regarding the use of passports to obtain cashier's

11   checks and steps to be taken to avoid detection.

12            Do you understand what that means?

13                    MR. WEINTRAUB:  And if it's -- if it's

14   preferable, I can just ask the question.

15                    MR. CARMAN:  I was just going to suggest

16   that.

17                    MR. WEINTRAUB:  Your Honor, if I may

18   briefly --

19                    THE COURT:  Yes.  Go ahead.

20                    MR. WEINTRAUB:  Okay.

21            Mr. Zhang, on about January 20, 2022, did

22   you send a text message to others regarding -- or

23   providing instructions regarding the use of

24   counterfeit or forged passports to obtain cashier's

25   checks and provide instructions regarding steps to
```

1    be taken to avoid detection as described in Overt

2    Act A of paragraph 62 of the indictment?

3              MR. CARMAN:  Do you understand?

4              Here, I can -- you want to read it?

5              THE INTERPRETER:  Yeah.

6              THE DEFENDANT:  Correct.

7              MR. WEINTRAUB:  Okay.  Thank you,

8    Your Honor.

9              And then just for the record, when the

10   defendant was stating the dates, just -- the dates

11   were always in terms of years, just to make that

12   clear.  The --

13             THE COURT:  Why don't you give us an

14   example.

15             MR. WEINTRAUB:  I'll just say that it was

16   very -- it was read very well, so I want to give

17   credit, but I think the defendant said things in the

18   nature of "September 2020th."  And I just want to

19   make it clear for the record and the transcript,

20   it's September 2020, the year 2020, not the 20th day

21   of September.  So for all instances, that's noted

22   for the transcript.

23             THE COURT:  All right.  So we have a very

24   clean record, why don't you read into the record the

25   dates --

1        MR. WEINTRAUB:  Sure.

2        THE COURT:  -- that were read by the

3   defendant.

4        MR. WEINTRAUB:  Sure.  For Count 1, the

5   date range is between September 2020 and May 2022.

6        THE COURT:  Okay.

7        MR. WEINTRAUB:  For Count 8, the date range

8   is January 2021 through July 2022.  For Count 10,

9   the date range is May 2021 through August 2022.  For

10  Count 11, the date range is May 2021 through August

11  of 2022.  For Count 27, the date is on or about

12  September 30, 2021.  And for Count 28, the date

13  range is December 2021 through July 2022.

14       THE COURT:  Mr. Carman, do you agree with

15  those dates?

16       MR. CARMAN:  I do.

17       THE COURT:  All right.

18       Anything else, Mr. Weintraub?

19       MR. WEINTRAUB:  No.  Thank you, Your Honor.

20       THE COURT:  All right.  So you are

21  satisfied with the allocution at this time?

22       MR. WEINTRAUB:  Yes, Your Honor.

23       THE COURT:  And does the government confirm

24  that the elements have been satisfied?

25       MR. WEINTRAUB:  Yes, Your Honor.

1          THE COURT:  All right.

2          Turning to you, Mr. Carman.

3          Do you also agree that the allocution is

4    factually sufficient?

5          MR. CARMAN:  Yes.

6          THE COURT:  Mr. Weintraub, anything else

7    needed for purpose of Rule 11?

8          MR. WEINTRAUB:  No, Your Honor.

9          THE COURT:  All right.

10         Mr. Carman, do you agree?

11         MR. CARMAN:  I do.

12         THE COURT:  At this time, based on the

13   information given to me, I find that the defendant,

14   Mr. Zhang, is acting voluntarily; that he fully

15   understands the charges against him, his rights and

16   the consequences of his plea; and that there are

17   factual bases for the plea as well; that the plea

18   did not result from any force, threats or any

19   undisclosed promises.

20         It will be my recommendation to

21   Judge DeArcy Hall that she accept Mr. Zhang's guilty

22   pleas to Counts 1, 8, 10, 11, 27 and 28.

23         I have been informed by Judge DeArcy Hall's

24   chambers that a sentencing hearing has been

25   scheduled for May 1, 2024 at 11 a.m.

1          THE INTERPRETER:  What is the date?  Sorry.

2          THE COURT:  May 11th -- I'm sorry.  May 1,

3    2024 at 11 a.m.

4          Anything else from the government today,

5    Mr. Weintraub?

6          MR. WEINTRAUB:  No.  Thank you, Your Honor.

7          THE COURT:  Anything else for the

8    defendant, Mr. Carman?

9          MR. CARMAN:  No, Your Honor.  Thank you.

10          THE COURT:  All right.  We are adjourned.

11

12                          0o0

13

14

15

16

17

18

19

20

21

22

23

24

25

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1                        C E R T I F I C A T E

 2

 3        I, Adrienne M. Mignano, certify that the

 4   foregoing transcript of proceedings in the case of

 5   USA v. Jin Hua Zhang; Docket #22CR0458 was

 6   prepared using digital transcription software and is

 7   a true and accurate record of the proceedings.

 8

 9

10   Signature   _Adrienne M. Mignano_

11              ADRIENNE M. MIGNANO, RPR

12

13   Date:       November 22, 2023

14

15

16

17

18

19

20

21

22

23

24

25
```

AMM TRANSCRIPTION SERVICE - 631.334.1445