1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

     - - - - - - - - - - - - - X

 UNITED STATES OF AMERICA,      : 22-CV-458 (LDH)
                                :
                                :
                                :
         -against-             : United States Courthouse
                                : Brooklyn, New York
                                :
                                :
                                : January 24, 2024
 CHANGGUI HUANG,                : 3:00 p.m.
                                :
            Defendant.          :
                                :

     - - - - - - - - - - - - - X

         TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA HEARING
           BEFORE THE HONORABLE MARCIA M. HENRY
               UNITED STATES MAGISTRATE JUDGE
```

A P P E A R A N C E S:

For the Government:  BREON PEACE
                     United States Attorney
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, New York 11201
                 BY:  BENJAMIN WEINTRAUB
                     Assistant United States Attorney

For the Defendant:   SAPONE & PETRILLO, LLP
                     40 Fulton Street
                     New York, New York 10038
                 BY:  EDWARD SAPONE, ESQ.

Official Court Reporter:  Michele Lucchese, RPR, CRR,
                          225 Cadman Plaza, 373N
                          Brooklyn, New York 11201
                          718-613-2272
                E-mail:  MLuccheseEDNY@gmail.com

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

Proceedings                                                      2

1          THE COURTROOM DEPUTY:  All rise.

2          THE COURT:  Criminal case for a pleading, 22-cr-458,

3   USA versus Changgui Huang.

4          Counsel, please state your appearance for the

5   record, starting with the Government.

6          MR. WEINTRAUB:  Good afternoon, Your Honor.

7   Benjamin Weintraub for the United States.

8          THE COURT:  Good afternoon.

9          MR. SAPONE:  Good afternoon, Your Honor, and

10  everyone.  Edward Sapone appearing for and with Changgui

11  Huang, ready for the plea.

12         THE COURT:  Good afternoon to each of you as well.

13         Can we just announce for the record the interpreter,

14  please.

15         THE INTERPRETER:  Yes.  My name is Nancy Wu, W-U,

16  Mandarin interpreter.

17         THE COURT:  Previously sworn?

18         THE INTERPRETER:  Yes.

19         THE COURT:  Thank you so much.  One moment.

20         Mr. Sapone?

21         MR. SAPONE:  Yes, Your Honor.

22         THE COURT:  How does your client wish to proceed

23  today?

24         MR. SAPONE:  He wishes to change his previously

25  entered plea of not guilty and enter a plea of guilty as to

Proceedings                                                     3

1   his plea agreement.

2           THE COURT:  Thank you very much.

3           MR. SAPONE:  Yes, Your Honor.

4           THE COURT:  Mr. Huang, you can remain seated for

5   now.  Your attorney advises me that you wish to enter a guilty

6   plea pursuant to a written agreement with the Government.

7   This plea is a serious decision.  I have to make sure that you

8   understand your rights and the consequences of your plea.  I'm

9   going to explain some things and I'm going to ask you some

10  questions.  I want your answers to be under oath.

11          My deputy will administer the oath.

12          THE COURTROOM DEPUTY:  Mr. Huang, please raise your

13  right hand.

14          (Defendant sworn.)

15          THE COURT:  Thank you very much.  Please be seated.

16  And everyone can remain seated and speak directly into the

17  microphone so that we can hear everything.

18          Now that you have been sworn to tell the truth, you

19  must tell the truth.  If you were to deliberately lie or omit

20  material information in response to any question that I ask

21  you, you could face additional criminal charges for perjury or

22  for making a false statement.

23          Do you understand that?

24          THE DEFENDANT:  I understand.

25          THE COURT:  When you say things, you have to speak

```
                        Proceedings                    4
```

1   affirmatively.  You can't just wave your head.

2          THE DEFENDANT:  I understand.

3          THE COURT:  In any such prosecution, the Government

4   could use any statements you make under oath here today

5   against you.

6          Do you understand that?

7          THE DEFENDANT:  Okay.

8          THE COURT:  Do you understand, yes or no?

9          THE DEFENDANT:  I understand.

10          THE COURT:  Okay.  If I say anything that you don't

11   understand or if you need me to repeat anything, please ask.

12   It is extremely important that you understand everything that

13   goes on in this proceeding.

14          Is that clear?

15          THE DEFENDANT:  Okay.

16          THE COURT:  Also, if you need to speak privately

17   with your attorney at any time, please let me know.  We will

18   pause these proceedings and I will give you time to speak with

19   him privately.

20          Do you understand that?

21          THE DEFENDANT:  I understand.

22          THE COURT:  The first issue I want to address is

23   your consent for me to hear your plea.  I am a magistrate

24   judge.  However, Judge LaShawn DeArcy Hall is the assigned

25   district judge in this case.  She will sentence you and make

1    the ultimate decision as to whether to accept your guilty

2    plea.  You have the absolute right to have Judge DeArcy Hall

3    listen to your guilty plea.  If you choose to do that, there

4    will be no prejudice to you.

5            Alternatively, if you choose, you may waive or give

6    up the right to have Judge DeArcy Hall listen to your plea.

7    Instead, I will listen to your plea.  There's a court reporter

8    here who will make a transcript of the proceedings today.

9    Judge DeArcy Hall would review that transcript and decide

10   whether to accept your plea.  She would also review the

11   transcript before deciding what your sentence will be.

12           I have before me a document entitled consent to have

13   a plea taken before United States Magistrate Judge Marcia

14   Henry.  And I know it is a little far away, but have you seen

15   this document and had time to review it?

16           THE DEFENDANT:  Correct.

17           THE COURT:  And have you had sufficient time to

18   discuss this document with your attorney?

19           THE DEFENDANT:  Yes, I have.

20           THE COURT:  Is this your signature on the first

21   signature line on the page?

22           THE DEFENDANT:  Correct.

23           THE COURT:  And Mr. Sapone, is this your signature

24   underneath your client's?

25           MR. SAPONE:  Yes, it is, Your Honor.

Proceedings 6

1       THE COURT:  Mr. Weintraub, is that your signature

2  above the name of the U.S. Attorney?

3       MR. WEINTRAUB:  Yes.

4       THE COURT:  This document says, in sum and

5  substance, that you have been informed of your right to have

6  your plea taken before a United States district judge.  It

7  also says that you have been advised that you may agree or

8  consent to have your plea taken before a magistrate judge.  In

9  this case, me.

10      It also says that you understand you won't suffer

11  any prejudice if you choose not to agree to have the

12  magistrate judge hear your plea.

13      Finally, it says that you understand if you don't

14  consent that the district judge assigned to the case, rather

15  than the magistrate judge, will hear your plea.  It says that

16  you have discussed this matter fully with your attorney and

17  that after doing so you agree to enter a plea to before a

18  magistrate judge in this case, me.

19      Do you understand what I have just summarized for

20  you?

21      THE DEFENDANT:  I do.

22      THE COURT:  Do you wish to give up your right to

23  have Judge DeArcy Hall listen to your plea?

24      THE DEFENDANT:  Correct.

25      THE COURT:  Are you making this decision voluntarily

Proceedings                                      7

1    and of your own freewill?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Has anyone threatened or promised you

4    anything to get you to agree to have me hear your plea?

5            THE DEFENDANT:  No.

6            THE COURT:  Okay.  All right.  Then I find that the

7    defendant is knowingly and voluntarily consenting to plead

8    before the magistrate judge and I am signing the consent.

9            Now I have to ask you some questions about yourself

10   and your state of mind.

11           Can you please state your full name for the record?

12           THE DEFENDANT:  Changgui Huang.

13           THE COURT:  How old are you?

14           THE DEFENDANT:  32.

15           THE COURT:  How far did you go in school?

16           THE DEFENDANT:  Middle school.

17           THE COURT:  Have you had any problems communicating

18   with your lawyer, either directly or with the help of an

19   interpreter?

20           THE DEFENDANT:  Through an interpreter, no problem.

21           THE COURT:  Have you now or have you recently been

22   under the care of a doctor or a psychiatrist for any reason?

23           THE DEFENDANT:  No.

24           THE COURT:  Have you recently been or are you now

25   under the care of any other sort of medical professional?

```
                        Proceedings                      8
```

1              THE DEFENDANT:  No.

2              THE COURT:  Are you taking any medications?

3              THE DEFENDANT:  No.

4              THE COURT:  Have you had any alcohol to drink within

5     the last 24 hours?

6              THE DEFENDANT:  Last night I did drink some alcohol,

7     alcoholic drink.

8              THE COURT:  What did you drink?

9              THE DEFENDANT:  Beer.

10             THE COURT:  How much beer?

11             THE DEFENDANT:  Only one bottle.

12             THE COURT:  One bottle of beer.

13             Is that having any effect on you now?

14             THE DEFENDANT:  No.

15             THE COURT:  Have you taken any drugs recently?

16             THE DEFENDANT:  No.

17             THE COURT:  Have you ever been hospitalized or

18    treated for drug addiction?

19             THE DEFENDANT:  No.

20             THE COURT:  Have you ever been hospitalized or

21    treated for alcoholism?

22             THE DEFENDANT:  No.

23             THE COURT:  Have you ever been treated for a mental

24    or emotional issue?

25             THE DEFENDANT:  No.

1          THE COURT:  Is your mind clear now?

2          THE DEFENDANT:  I'm clear, clear-minded.

3          THE COURT:  Do you understand why you're here and

4    what we're doing here today?

5          THE DEFENDANT:  I do.

6          THE COURT:  I do note for the record that the

7    defendant appears alert and able to understand my questions,

8    as well as the proceedings today.

9          Mr. Sapone, have you had any problems communicating

10   with your client using an interpreter or directly?

11         THE DEFENDANT:  No, Your Honor.  I have used the

12   services of Lilly Lau from the beginning of the case.  I've

13   known Lilly for many, many years, and it has been very easy to

14   communicate with the help of Lilly.

15         THE COURT:  Okay.  Is your client capable of

16   understanding the nature of the charge to which he is pleading

17   guilty?

18         MR. SAPONE:  Yes, Your Honor.

19         THE COURT:  Have you discussed the charge with your

20   client and what it means to plead guilty?

21         MR. SAPONE:  Yes, extensively, Your Honor.

22         THE COURT:  Have you advised him of the maximum

23   sentence and fine that can be imposed as a result of his plea?

24         MR. SAPONE:  Yes, Your Honor.

25         THE COURT:  Have you discussed with him how the

```
                        Proceedings                    10
```

1    Sentencing Guidelines operate?

2                MR. SAPONE:  Yes, I have, Your Honor.

3                THE COURT:  Have you discussed with him any

4    potential immigration consequences, including deportation, of

5    his guilty plea?

6                MR. SAPONE:  Yes, Your Honor.

7                THE COURT:  Are you satisfied that he understood all

8    of your discussions?

9                MR. SAPONE:  Yes, Your Honor.

10               THE COURT:  Do you think he understands the rights

11   that he will be waiving or giving up by pleading guilty?

12               MR. SAPONE:  I do, Your Honor.

13               THE COURT:  Do you have any doubt about his

14   competence to plead guilty here today?

15               MR. SAPONE:  No, Your Honor.

16               THE COURT:  Mr. Huang, have you had enough time to

17   discuss your case with your attorney?

18               THE DEFENDANT:  Yes, I have.

19               THE COURT:  And are you satisfied with the

20   assistance your attorney has given you in this case?

21               THE DEFENDANT:  I'm satisfied.

22               THE COURT:  Now, I would like to review the charge

23   against you.  Have you received a copy of the indictment in

24   this case?

25               THE DEFENDANT:  Yes, I have.

Proceedings                                           11

1          THE COURT:  Have you discussed the indictment with

2    your attorney?

3          THE DEFENDANT:  Yes, I have.

4          THE COURT:  I understand that you are seeking today

5    to plead guilty to Count Eleven of the indictment charging you

6    with money laundering conspiracy.  Do you understand what you

7    have been charged with?

8          THE DEFENDANT:  Yes, I do.

9          THE COURT:  To convict you of this offense, the

10   Government would have to prove beyond a reasonable doubt that

11   first:  Two or more persons entered into an unlawful agreement

12   to commit a money laundering offense; and second, that you

13   knowingly and intentionally became a member of that

14   conspiracy.

15         Now, the money laundering offense that is the object

16   of the charged conspiracy is engaging in monetary transactions

17   in property derived from specified unlawful activity, which is

18   a form of money laundering.

19         The elements of this offense are:  First, engaging

20   in a monetary transaction in or affecting interstate; second,

21   the monetary transaction involved criminally derived property

22   of value greater than $10,000; third, the property was derived

23   from specified unlawful activity; fourth, acting with

24   knowledge that the transaction involved proceeds of a criminal

25   offense; fifth, the transaction took place in the United

Proceedings                                                    12

1   States, or the transaction took place outside the United

2   States and the person engaging in the transaction is a U.S.

3   citizen, national, or permanent resident.

4           Do you understand what the Government would have to

5   prove to convict you of this offense?

6           THE DEFENDANT:  I understand.

7           THE COURT:  Counsels, have I misstated or omitted

8   any of the essential elements of the offense?  Mr. Weintraub?

9           MR. WEINTRAUB:  No, Your Honor.

10          THE COURT:  Mr. Sapone?

11          MR. SAPONE:  No, Your Honor.

12          THE COURT:  Now, Mr. Weintraub, under the Crime

13  Victims Rights Act, crime victims have the right to be

14  reasonably heard at any public proceeding in the district

15  court, including plea hearings.

16          Does this case implicate the CVRA?

17          MR. WEINTRAUB:  Yes.

18          THE COURT:  And have all victims been identified and

19  notified of today's plea hearing and their rights?

20          MR. WEINTRAUB:  Yes.

21          THE COURT:  Are you aware of any victims who would

22  like to be heard in this proceeding?

23          MR. WEINTRAUB:  Not in this proceeding, no.

24          THE COURT:  Okay.  For the record, I would note that

25  there is no one in the audience of the court today.  There is

Proceedings                                        13

1    no one in the audience, so there are no victims present during

2    this proceeding.

3              Sir, by pleading guilty you are giving up very

4    valuable rights.  I want to make sure that you understand the

5    rights that you will be giving up by pleading guilty.

6              First, you have the right to plead not guilty and to

7    continue to plead not guilty.

8              Do you understand that?

9              THE DEFENDANT:  I understand.

10             THE COURT:  If you plead not guilty, under the

11   Constitution and laws of the United States, you have a right

12   to a speedy and public trial before a jury.

13             Do you understand that?

14             THE DEFENDANT:  I understand.

15             THE COURT:  You have the right to be represented by

16   an attorney at any trial and at every other stage of the

17   proceedings.  If you could not afford an attorney, one would

18   be appointed for you by the Court at no charge.  Do you

19   understand that?

20             THE DEFENDANT:  I understand.

21             THE COURT:  At trial, you would be presumed

22   innocent.  The Government would have to prove you guilty

23   beyond a reasonable doubt based on the elements of the offense

24   I described to you a moment ago.  You do not have to prove

25   that you are innocent.  If the Government failed to prove you

1    guilty beyond a reasonable doubt, the jury would have to find

2    you not guilty.

3              Do you understand that?

4              THE DEFENDANT:  I understand.

5              THE COURT:  At trial, witnesses for the Government

6    would have to come to court and testify in your presence.

7    Your lawyer would have the right to cross-examine these

8    witnesses and to raise legal objections to the Government's

9    evidence.

10             Do you understand that?

11             THE DEFENDANT:  I understand.

12             THE COURT:  At trial, you also have the right to

13   offer testimony or other evidence in your defense, and you

14   have the right to compel witnesses to testify on your behalf.

15             Do you understand that?

16             THE DEFENDANT:  I understand.

17             THE COURT:  At trial, you would have the right to

18   testify on your own behalf if you chose to.  But if you chose

19   not to testify, you could not be forced to or required to.

20   This is because under the Constitution and laws of the United

21   States, you cannot be compelled to be a witness against

22   yourself and to incriminate yourself.

23             Do you understand that?

24             THE DEFENDANT:  I understand.

25             THE COURT:  Also, if you chose not to testify or to

Proceedings                                                    15

1  present any evidence in your defense, the fact that you chose

2  not to testify or present evidence could not be used against

3  you.

4            Do you understand that?

5            THE DEFENDANT:  I understand.

6            THE COURT:  If you plead guilty to the crime charged

7  and if your guilty plea is accepted based on my

8  recommendation, you will be giving up your right to a trial

9  and all the other trial rights I have just discussed.  There

10 will be no trial in your case.  You will stand convicted of

11 the crime to which you are pleading guilty just as if a jury

12 found you guilty.

13           Do you understand that?

14           THE DEFENDANT:  I understand.

15           THE COURT:  If you plead guilty, I will have to ask

16 you certain questions about what you did in order to satisfy

17 myself and Judge DeArcy Hall that you are, in fact, guilty of

18 the charge to which you are pleading guilty.  You will have to

19 answer my questions truthfully and acknowledge your guilt.

20 This means that you will be giving up your right not to

21 incriminate yourself.

22           Do you understand that?

23           THE DEFENDANT:  I understand.

24           THE COURT:  Are you willing to give up your right to

25 a trial and all the other trial rights that I have just

Proceedings                                           16

1    described?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Now, as mentioned, there is a written

4    agreement in this case, which is marked now as Court's Exhibit

5    1, and I'm holding up the document here.  I know it is far

6    away, but have you had an opportunity to review this document?

7              THE DEFENDANT:  Yes, I have.

8              THE COURT:  And did you discuss this document with

9    your attorney?

10             THE DEFENDANT:  Yes.

11             THE COURT:  I'm going to turn to the last page of

12   the document and I'm going to read the acknowledgment block.

13             It says:  I have read the entire agreement and

14   discussed it with my attorney.  I understand all of its terms

15   and am entering into it knowingly and voluntarily.

16             Mr. Huang, is this your signature directly

17   underneath the acknowledgment block here?

18             THE DEFENDANT:  That's right.

19             THE COURT:  Mr. Sapone, is this your signature

20   underneath your client's?

21             MR. SAPONE:  Yes, it is, Your Honor.

22             THE COURT:  And underneath that, is that the

23   signature of the person who translated this agreement for your

24   client?

25             MR. SAPONE:  Yes.  That's Lilly Lau's signature.

Proceedings                                          17

1    She's the interpreter who has been helping me.

2              THE COURT:  Thank you.

3              Mr. Weintraub, is this your signature below the name

4    of the U.S. attorney?

5              MR. WEINTRAUB:  Yes.

6              THE COURT:  And below that, is that the electronic

7    signature of a supervisor assistant U.S. attorney?

8              MR. WEINTRAUB:  Yes.

9              THE COURT:  Mr. Huang, by signing the agreement, do

10   you agree to all of the terms of the agreement?

11             THE DEFENDANT:  Correct.

12             THE COURT:  Do this agreement accurately represent

13   your entire understanding of your agreement with the

14   Government concerning your plea of guilty?

15             THE DEFENDANT:  Correct.

16             THE COURT:  Mr. Sapone, have you discussed this

17   agreement with your client?

18             MR. SAPONE:  Yes, Your Honor.

19             THE COURT:  And do you believe he fully understands

20   the terms of this agreement?

21             MR. SAPONE:  Yes, I do, Your Honor.

22             THE COURT:  Okay.  Does this agreement contain all

23   the promises made between the Government and your client in

24   exchange for his plea of guilty?

25             MR. SAPONE:  It does, Your Honor.

Proceedings                                    18

1          THE COURT:  Mr. Weintraub, does the agreement

2    contain all the promises made between the Government and the

3    defendant in exchange for his plea of guilty?

4          MR. WEINTRAUB:  Yes.

5          THE COURT:  Now, Mr. Huang, I want to review the

6    consequences of pleading guilty with you.

7          The charge of money laundering conspiracy,

8    specifically the type of money laundering conspiracy that you

9    are charged with, carries the following potential penalties:

10   First, there is a 10-year maximum term of imprisonment and no

11   minimum term of imprisonment.  After any prison term, a

12   maximum term of three years of supervised release is provided.

13         What that means is if you were sentenced to a term

14   of imprisonment, after you are released from prison, you will

15   be supervised by the Probation Department and have to abide by

16   certain restrictions and requirements for up to three years.

17   If you violate any of the conditions of supervised release

18   during this period, you could be sentenced to up to two more

19   years in prison without credit for the time that you had been

20   on supervised release or in prison in this case.

21         Do you understand that?

22         THE DEFENDANT:  I understand.

23         THE COURT:  There is a maximum possible fine of

24   either $250,000 or twice the gross gain to you or twice the

25   gross loss to someone else, whichever is greater, or an amount

Proceedings                                                    19

1   not more than twice the amount of the criminally derived

2   property involved in the transaction.

3               Do you understand that?

4               THE DEFENDANT:  I understand.

5               THE COURT:  The Court has the authority to impose

6   restitution where applicable.

7               Mr. Weintraub, is restitution an issue in this case?

8               MR. WEINTRAUB:  Yes.

9               THE COURT:  And Mr. Huang, restitution in this case

10  is mandatory in the full amount of each victim's losses in an

11  amount to be determined by the Court.  Do you understand that?

12              THE DEFENDANT:  I understand.

13              THE COURT:  You will be required to pay the

14  mandatory special assessment of $100.

15              Do you understand that?

16              THE DEFENDANT:  I understand.

17              THE COURT:  In addition, forfeiture is mandatory as

18  set forth in paragraphs 7 through 14 of the plea agreement.

19  Primarily, you agree that the Court may enter a forfeiture

20  money judgment in the amount of $165,438.96.  You also agree

21  that you waive or give up any right to a jury trial or a

22  hearing on the issue of forfeiture.

23              Do you understand that?

24              THE DEFENDANT:  Yes.

25              THE COURT:  And for the record, there was a draft

Proceedings                                         20

1   preliminary order of forfeiture that was provided to the

2   Court.  Was that copy also provided to defense counsel, Mr.

3   Weintraub?

4           MR. WEINTRAUB:  Yes, I believe so.  They were on the

5   e-mail.

6           THE COURT:  Okay.  Mr. Huang, if you are not a

7   United States citizen, another result of pleading guilty is

8   that you may be removed from the United States, denied

9   citizenship and denied admission to the United States in the

10  future.  Removal and other immigration consequences would be

11  the subject of a separate proceeding.

12          Do you understand that there may be immigration

13  consequences to your guilty plea?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you know that no one, including your

16  attorney or the Court, can predict with certainty the effect

17  of your conviction in this case on your immigration status?

18          THE DEFENDANT:  I understand.

19          THE COURT:  Do you still wish to plead guilty

20  regardless of any immigration consequences that may result

21  from your plea even if those consequences include your removal

22  from the United States?

23          THE DEFENDANT:  Yes, I'm willing to.

24          THE COURT:  Now, you are pleading guilty to a felony

25  offense.  If the district judge accepts your plea, you will be

Proceedings                                        21

1   considered guilty of that felony offense.  A felony conviction

2   means that you may not possess a firearm, ammunition, or

3   destructive device.  This means that if you ever possess a

4   firearm, ammunition, or a destructive device after your

5   conviction, you can be prosecuted in the future for being a

6   felon in possession.

7               Do you understand that?

8               THE DEFENDANT:  I understand.

9               THE COURT:  In addition, having a felony conviction

10  means that you may not have other civil rights, such as the

11  right to vote, to hold public office or to serve on a jury.

12              Do you understand that?

13              THE DEFENDANT:  I understand.

14              THE COURT:  Mr. Weintraub, have I misstated or

15  omitted any of the consequences for pleading guilty?

16              MR. WEINTRAUB:  No, Your Honor.

17              THE COURT:  Mr. Huang.  Do you understand all of the

18  consequences of pleading guilty which I have just described?

19              THE DEFENDANT:  I understand.

20              THE COURT:  As I mentioned, if you plead guilty,

21  Judge DeArcy Hall will sentence you.  I want to briefly review

22  how she will determine your sentence.  She will undergo an

23  analysis to determine what a reasonable sentence is in your

24  case.  As a first step, she must consider the Advisory

25  Sentencing Guidelines that are issued by the United States

1   Sentencing Commission.  Those guidelines are just what they

2   say; in other words, they are a guide to help the Court to

3   decide how to sentence you.  The guidelines are not mandatory.

4   However, the Court is required to consider them.

5              Have you had a chance to discuss the Sentencing

6   Guidelines with your lawyer?

7              THE DEFENDANT:  Yes, I have.

8              THE COURT:  As a second step, the Court will also

9   consider guidelines factors that may allow her to sentence you

10  above or below the applicable Sentencing Guidelines range,

11  what's known as departing upward or departing downward from

12  that range.

13             Do you understand that?

14             THE DEFENDANT:  I understand.

15             THE COURT:  Finally, the Court must consider several

16  factors set forth in the sentencing statute against all of the

17  facts and circumstances of the case to determine whether to

18  impose a sentence within or outside of the guidelines range.

19  Some of the factors include the nature and circumstances of

20  the crimes committed, your characteristics and history, the

21  kinds of sentences available, and deterring you or others from

22  committing crimes, among other factors.

23             Do you understand that?

24             THE DEFENDANT:  I understand.

25             THE COURT:  What this generally means is that until

Proceedings                                    23

1    your sentencing hearing, you cannot know with any certainty

2    what the guidelines range will be, whether there will be

3    grounds to depart upwardly or downwardly, or whether the Court

4    will impose a sentence outside the guidelines.

5              Do you understand that?

6              THE DEFENDANT:  I understand.

7              THE COURT:  To help the judge decide your sentence,

8    the Probation Department will prepare a report about the case.

9    The report will include facts about the case and about your

10   background and the law that applies to your case.  Probation

11   will want to interview you.  You can have your lawyer present

12   for that interview.

13             Probation will also talk with the prosecutors or law

14   enforcement agents involved in the case and possibly others.

15             Do you understand that?

16             THE DEFENDANT:  I understand.

17             THE COURT:  The report also includes a recommended

18   guidelines calculation based on the circumstances of the

19   offense and the extent of your criminal history.  Your

20   attorney will be able to review and discuss that report with

21   you and to challenge information stated in the report.  The

22   Government may also challenge information stated in the

23   report.

24             Do you understand that?

25             THE DEFENDANT:  I understand.

1          THE COURT:  At the sentencing hearing, the Court

2    will hear arguments from your attorney and attorneys from the

3    Government about any objections to the report and then will

4    rule on them.  And then the judge will listen to you, if you

5    chose to speak, to your attorney, to the attorney for the

6    Government and maybe others about what the sentence should be.

7          Do you understand that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  The judge will calculate the applicable

10   Sentencing Guidelines and consider them and the statutory

11   factors, and she will impose a sentence based on all of that.

12         Do you understand this process I have just

13   described?

14         THE DEFENDANT:  I understand.

15         THE COURT:  I'm now going to ask counsel for both

16   sides what their estimates of the guidelines are in this case.

17   And if you could just focus solely on the total adjusted

18   offense level, the Criminal History Category as estimated, and

19   then the corresponding guidelines range.

20         Mr. Weintraub.

21         MR. WEINTRAUB:  Your Honor, the total offense level

22   with the reductions contemplated, okay.  Your Honor, the

23   Government estimates that the total adjusted offense level is

24   21.  The Government at this time believes that the defendant

25   is in Criminal History Category I.  An adjusted offense level

Proceedings                                                    25

1    of 21 in Criminal History Category I correlates to an advisory

2    guidelines range of imprisonment of 37 to 46 months.

3              THE COURT:  Thank you.

4              Mr. Sapone.

5              MR. SAPONE:  Yes, Your Honor.  According to the

6    agreement, this is a statutory range.

7              THE COURT:  Do you agree with the assessment that

8    Mr. Weintraub just stated?

9              MR. SAPONE:  Yes, I do.

10             THE COURT:  Now, Mr. Huang, in your agreement with

11   the Government, you also stipulate or agreed with the

12   guidelines calculation that was just described on the record.

13             Do you understand that?

14             THE DEFENDANT:  I understand.

15             THE COURT:  You also stipulate and agree that you

16   engaged in the following conduct:  First, between in or about

17   September 2020 and May 2022, that you knowingly and

18   intentionally executed a scheme and an artifice to defraud one

19   or more financial institutions, which is the bank fraud;

20   second, between, in or about January 2021 and July 2022, that

21   you knowingly and intentionally participated in the operation

22   of an unlicensed money transmitting business affecting

23   interstate and foreign commerce, known as the unlicensed money

24   transmitting business; third, that between in or about

25   December 2021 and July 2022, you knowingly and intentionally

1   used one or more false, forged, counterfeited, mutilated, or

2   altered passports and instruments purporting to be passports,

3   in other words, passport fraud.

4               Do you understand that?

5               THE DEFENDANT:  I understand.

6               THE COURT:  You also agree that the conduct I just

7   described shall be considered by the Court in calculating the

8   applicable guidelines just as if you had been convicted of

9   additional counts charging each of those offenses.

10              Do you understand that?

11              THE DEFENDANT:  I understand.

12              THE COURT:  You also agree to waive or give up any

13  right to a jury trial about these facts.  Do you understand?

14              THE DEFENDANT:  I understand.

15              THE COURT:  You further agree that you will not

16  challenge these facts at any sort of sentencing hearing or

17  otherwise.

18              Do you understand that?

19              THE DEFENDANT:  I understand.

20              THE COURT:  Now, while I did ask the attorneys to

21  estimate the applicable guidelines range and you agree with

22  the estimate and some of the other facts included in the

23  agreement, ultimately the estimate of the guidelines range

24  that you heard is not binding on the Court.

25              Judge DeArcy Hall will do her on Sentencing

1   Guidelines calculation and that is the calculation that will

2   be used at sentencing.

3           Do you understand that?

4           THE DEFENDANT:  I understand.

5           THE COURT:  Even if your actual guidelines range is

6   different from the estimate, you will not be allowed to

7   withdraw your plea of guilty.

8           Do you understand that?

9           THE DEFENDANT:  I understand.

10          THE COURT:  Similarly, if you are sentenced to

11  something different than what the estimated Sentencing

12  Guidelines range will be, you will not be allowed to withdraw

13  your plea of guilty.

14          Do you understand that?

15          THE DEFENDANT:  I understand.

16          THE COURT:  You should also understand that there is

17  no parole in the federal system.  If you are sentenced to

18  prison, you will not be released on parole.

19          Do you understand that?

20          THE DEFENDANT:  I understand.

21          THE COURT:  Under some circumstances, you or the

22  Government may have the right to appeal any sentence imposed

23  on you.  For example, if you thought the judge made a mistake

24  in sentencing you, you would have the right to appeal.

25  However, in your agreement with the Government, you agree that

1   you won't appeal or otherwise challenge your sentence if you

2   are sentenced to 51 months or fewer in prison.  You may still

3   assert claims of ineffective assistance of counsel.

4           Do you understand that?

5           THE DEFENDANT:  I understand.

6           THE COURT:  Counsel, is there anything else in the

7   written agreement that I need to review with the defendant?

8   Mr. Sapone?

9           MR. SAPONE:  No, Your Honor.

10          THE COURT:  Mr. Weintraub?

11          MR. WEINTRAUB:  No, Your Honor.

12          THE COURT:  Mr. Huang, do you have any questions

13  about anything that we have discussed today?

14          THE DEFENDANT:  No, I don't.

15          THE COURT:  Do you need any time to discuss anything

16  with your lawyer?

17          THE DEFENDANT:  No.

18          THE COURT:  Mr. Sapone, do you know of any reason

19  why your client should not plead guilty?

20          MR. SAPONE:  No, Your Honor.

21          THE COURT:  And are you aware of any viable legal

22  defense to the charge?

23          MR. SAPONE:  No, Your Honor.

24          THE COURT:  Mr. Huang, are you ready to plead at

25  this time?

```
                         Proceedings                    29
```

1         THE DEFENDANT:  Yes.

2         THE COURT:  Then tell me, what is your plea to Count

3    Eleven of the indictment charging you with money laundering

4    conspiracy:  Guilty or not guilty?

5         THE DEFENDANT:  I plead guilty.

6         THE COURT:  Are you pleading guilty voluntarily and

7    of your own freewill?

8         THE DEFENDANT:  Yes.

9         THE COURT:  Has anyone threatened or forced you to

10   plead guilty?

11        THE DEFENDANT:  No.

12        THE COURT:  Other than the promises in your written

13   agreement with the Government, has anyone promised you

14   anything to make you plead guilty?

15        THE DEFENDANT:  No.

16        THE COURT:  Has anyone made any promise to you as to

17   what your sentence will be?

18        THE DEFENDANT:  No.

19        THE COURT:  Then please tell me in your own words

20   what you did to make you guilty of the crime charged in Count

21   Eleven of the indictment?

22        MR. SAPONE:  Your Honor, we had gone over it

23   together, an allocution, which we have written out and

24   translated.  These are his words with my assistance.  Could he

25   read from the paper?

Proceedings                                              30

1              THE COURT:  Yes.

2              Mr. Huang, your attorney advises me that you have a

3      written statement that you would like to read to me.  Is that

4      correct?

5              THE DEFENDANT:  Correct.

6              THE COURT:  And while you may have had the

7      assistance of your attorney, is what you are about to read

8      your words?

9              THE DEFENDANT:  Correct.

10             THE COURT:  And do you agree with everything that

11     you are about to read to me from that statement?

12             THE DEFENDANT:  I agree to it.

13             THE COURT:  Then, yes, please read, and Ms. Wu will

14     translate for us.

15             THE DEFENDANT:  Good afternoon, Your Honor.

16             I am here today to accept full responsibility for

17     engaging in a conspiracy to commit money laundering.  From May

18     2021 to August 2022, I agreed with others to launder money

19     that I knew was derived from unlawful activity, especially

20     fraud upon a victim.

21             Between April 8th and 11, 2022, I knowingly and

22     intentionally made bank transfers that included more than

23     10,000 of money derived from criminal activity, especially

24     fraud.  I transferred the money using my computer from a bank

25     in Brooklyn.  I engaged in this conduct with the knowledge

Proceedings                                              31

1   that those transactions involved the proceeds of a fraud.  I

2   knew that engaging in this conduct was wrong and illegal.  I'm

3   sorry for my actions and I will pay back all of the money I

4   owe.

5              THE COURT:  Is that the totality of your statement,

6   Mr. Huang?

7              THE DEFENDANT:  That's right.

8              THE COURT:  Okay.  Did you know when you agreed with

9   others that you were agreeing to engage in an unlawful

10  activity?

11             THE DEFENDANT:  Correct.

12             THE COURT:  Okay.  Mr. Weintraub?

13             MR. WEINTRAUB:  The Government would just proffer a

14  few things:  First, the fraud that Mr. Huang referred to is

15  wire fraud, which is a specified unlawful activity under Title

16  18, United States Code, Section 1956(c)(7)(A).

17             The transfers that Mr.  Huang engaged in of the

18  criminally derived proceeds in excess of $10,000 affected

19  interstate commerce.  They were transfers between banks, some

20  of which I think were overseas.  Even if not, they were by

21  routing through the banking system; they affected interstate

22  commerce.

23             The defendant allocuted to the fact that the

24  transfers were made from a computer in Brooklyn, but the

25  Government would also proffer and I think he would admit that

Proceedings                                              32

1  he entered into the conspiracy also in the Eastern District of

2  New York.

3         THE COURT:  Well, yes.

4         Let me just ask you, Mr. Huang, when did you agree

5  to enter into this conspiracy, or this unlawful agreement?  Or

6  where were you when you agreed to enter into this unlawful

7  agreement?

8         THE DEFENDANT:  You're asking me where I was in

9  person, right?

10        THE COURT:  Yes.

11        THE DEFENDANT:  Personally, where I was, right?

12        THE COURT:  Yes.

13        THE DEFENDANT:  In Brooklyn.

14        THE COURT:  Thank you for clarifying.

15        Any other questions that Mr. Huang should be asked,

16 Mr. Weintraub?

17        MR. WEINTRAUB:  No, Your Honor.

18        THE COURT:  Mr. Sapone, is there anything else that

19 you believe I should be asking your client?

20        MR. SAPONE:  No, Your Honor.

21        THE COURT:  Or anything else that he would like to

22 proffer to the Court?

23        MR. SAPONE:  No, Your Honor.

24        THE COURT:  Okay.  And Mr. Weintraub, is it the

25 Government's position that this allocution satisfies all of

Proceedings                                                33

1   the essential elements of the charge to which Mr. Huang is

2   pleading guilty?

3              MR. WEINTRAUB:  Yes.

4              THE COURT:  Okay.  Anything else, Mr. Sapone?

5              MR. SAPONE:  No, I think we have covered it, Your

6   Honor.

7              THE COURT:  All right.  Then based on the

8   information given to me, I make the following findings:

9   First, I find that the defendant is competent to proceed;

10  second, I find that the defendant is acting voluntarily and

11  that his plea is not the result of any force, threats or

12  undisclosed promises; third, I find that he fully understands

13  his rights and the potential consequences of his plea;

14  finally, I find that there is a factual basis for the plea,

15  meaning, he did what is charged in the indictment.  Therefore,

16  I respectfully recommend that the Court accept the defendant's

17  plea of guilty to Count Eleven of the indictment.

18             Mr. Huang, the next step is that you will meet with

19  someone from the Probation Department to prepare the

20  presentence report that I described early.  I urge you to

21  cooperate with them, of course, with the advice of your

22  attorney.  You must be truthful and forthcoming with them if

23  you choose to meet with them.

24             Now, sentencing before Judge DeArcy Hall is set for

25  September 12, 2024 at 11:00 a.m. in Courtroom 4H North.  That

Proceedings                                              34

1   is September 12, 2024, 11:00 a.m., Courtroom 4H North.

2              Counsel are directed to review and comply with Judge

3   DeArcy Hall's individual rules for sentencing submissions.

4              Mr. Weintraub, is the Government requesting

5   detention at this time?

6              MR. WEINTRAUB:  No.

7              THE COURT:  Mr. Huang, the Government is not seeking

8   detention for you at this time.  You are currently on pretrial

9   release with conditions and I direct you to continue to comply

10  with all of the previously imposed release conditions that you

11  received at the time of your initial appearance.

12             Do you understand that?

13             THE DEFENDANT:  The same condition as before, right?

14             THE COURT:  Yes, sir.  Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  For the record, I am returning the plea

17  agreement, which is now Court Exhibit No. 1, returning that to

18  the Government for its file and to provide the fully executed

19  agreement to the defense.

20             Mr. Sapone, is there anything else on behalf of Mr.

21  Huang?

22             MR. SAPONE:  No, thank you, Your Honor.

23             THE COURT:  Mr. Weintraub, anything else for the

24  Government?

25             MR. WEINTRAUB:  No.

Proceedings                                    35

1            THE COURT:  Then we are adjourned.

2            Thank you, everyone.

3            MR. SAPONE:  Thank you.

4            MR. WEINTRAUB:  Thank you, Your Honor.

5            (Matter adjourned.)

6                    *    *    *    *    *

7    I certify that the foregoing is a correct transcript from the
     record of the proceedings in the above-entitled matter.

8

9    /s/ Michele Lucchese              February 8, 2024

10   _____         _____
     Michele Lucchese                  DATE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25