```
                    UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NEW YORK (BROOKLYN)
-------------------------:
UNITED STATES OF AMERICA, :Case No.: 22-cr-0458
                Plaintiff, :
        v.                :Brooklyn, New York
                          :March 20, 2024
                          :Time: 11:42 a.m.-12:45 p.m.
XIN JIN, also known as    :
HUI CHEN,                 :
                Defendants.:
-------------------------:
```

TRANSCRIPT AND STATUS CONFERENCE HEARING

BEFORE THE HONORABLE SANKET J. BULSARA

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Government:        UNITED STATES ATTORNEY'S OFFICE
                       BY:  Miranda Gonzalez, AUSA
                       271-A Cadman Plaza East
                       Brooklyn, New York 11201


For Defendant:        ZEMAN & WOMBLE, LLP
Xin Jin               BY:  Kenneth Womble, Jr., Esq.
                       20 Vesey Street - Room 400
                       New York, New York 10007


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service


AMM TRANSCRIPTION SERVICE - 631.334.1445

1              THE DEPUTY CLERK:  We're here in criminal

2    action 22-cr-458; United States versus Xin Jin.

3              Counsel, please state your appearance for the

4    record starting with the government.

5              MS. GONZALEZ:  Good morning, Your Honor.  For

6    the United States, Miranda Gonzalez.

7              MR. WOMBLE:  Good morning, Your Honor.  For

8    Xin Jin Chen, last name is spelled C-H-E-N, Ken Womble.

9              THE COURT:  Okay.  Good morning.  And you may

10   be seated.  And good morning, Mr. Chen.

11             And the interpreter has been previously sworn?

12             THE INTERPRETER:  Yes, Your Honor.

13             THE COURT:  Great.

14             THE INTERPRETER:  My colleague is also here.

15             MS. FENG:  Good morning, Your Honor.

16             THE COURT:  Can you just state your name for

17   the record.

18             MS. FENG:  Yes, my name is Shi Feng, S-H-I,

19   last name F-E-N-G.

20             THE INTERPRETER:  And you also need my name?

21   Nancy Wu.

22             THE COURT:  Great.

23             MS. FENG:  Good morning.

24             THE COURT:  Good morning.

25             Ms. Gonzalez, I have a couple of questions

          AMM TRANSCRIPTION SERVICE - 631.334.1445

1   about Mr. Chen's plea agreement.  In paragraph two for

2   the conduct that Mr. Chen has agreed that would be

3   deemed by him to have, as if he had been convicted of

4   those counts, charging those offenses, do they

5   correspond to particular counts in the indictment?

6          MS. GONZALEZ:  Yes, they do, Your Honor.

7          So the first conduct, the bank fraud,

8   corresponds with Count 4, for bank fraud.  The second

9   conduct, for operating an unlicensed money transmitting

10  business, corresponds with Count 9 of the indictment.

11  And then the third act for passport fraud corresponds

12  with Count 29 of the indictment.

13         THE COURT:  Okay.  So the second question I

14  have is about paragraph 17 in the plea agreement, and

15  it's about the global resolution and whether or not Mr.

16  Chen would get a different guidelines calculation if

17  there's a global or there are pleas accepted by other

18  defendants.  The date here is February 29, 2024.

19  Should that be a different date?

20         MS. GONZALEZ:  No, Your Honor.  That date is

21  set, and not all of these defendants have yet pleaded.

22  So that date has now come and gone.  We have indicated

23  to defense counsel for various defendants that we can

24  have further discussions depending how the case unfolds

25  and how other defendants plead.  But for now, that date

1    has come and gone.

2           THE COURT:  Okay.  Is that a different way of

3    saying that for now it would be appropriate to tell

4    Mr. Chen that that two point reduction, the date for

5    that possibility has come and gone?

6           MS. GONZALEZ:  Correct, Your Honor.

7           THE COURT:  Okay.  And as of now, the

8    government would not be making that motion?

9           MS. GONZALEZ:  That's correct, Your Honor.

10          THE COURT:  And, Mr. Womble, have you

11   discussed that with your client?

12          MR. WOMBLE:  Yes, Your Honor.  We recognized a

13   particular defendant on there which we were not

14   particularly hopeful was going to reach a disposition

15   in this case.  So while we did review -- while I did

16   review that with my client, he was made well aware that

17   it was very unlikely that the terms of the plea in

18   regards to paragraph 17 would be met.

19          THE COURT:  Okay.  And given the fact that as

20   of now, the government would not be moving for an

21   additional reduction in Mr. Chen's guidelines

22   calculation based upon the resolution contemplated in

23   17.

24          Does Mr. Chen still wish to go forward with

25   his plea in this case?

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              MR. WOMBLE:  Yes, Your Honor.

 2              THE COURT:  Okay.

 3              Mr. Chen, I'm advised by your lawyer that

 4    you -- I'm sorry.  I just want to ask one other

 5    question.

 6              Ms. Gonzalez, is the indictment the current

 7    operative charging instrument?

 8              MS. GONZALEZ:  It is, Your Honor.

 9              THE COURT:  Okay.  And Mr. Chen was arraigned

10    on that instrument?

11              MS. GONZALEZ:  Yes, he was.

12              THE COURT:  Okay.  Mr. Chen, just so you

13    understand what was going on, I just was asking some

14    questions of the government and your lawyer to make

15    sure that when I explain to you what it means to plead

16    guilty, I'm giving you the most up-to-date information,

17    and I'm describing everything correctly and accurately,

18    as both the government understands it and as well as

19    your lawyer understands it, okay.

20              But each of the items I've discussed with you,

21    with them just now, I'll be going over with you, so you

22    need not worry if you haven't followed it thus far,

23    okay.

24              Mr. Chin, I understand from your lawyer that

25    you wish to plead guilty to one of the charges in the
```

1  indictment that's been filed against you; is that

2  correct?

3          THE DEFENDANT:  Correct.

4          THE COURT:  Okay.  This is a serious decision.

5  I have to make sure you understand what it means to

6  enter a guilty plea, what rights you'd be giving up if

7  you entered a guilty plea, and the consequences of

8  entering the guilty plea in your case.

9          I'm going to be asking you some questions, and

10 it's important that your answers to my questions be

11 made under oath.  And so what I'm going to do is have

12 you now be sworn in by my deputy, Mr. Manson, and if

13 you could just follow his instructions, please.

14         THE DEPUTY CLERK:  Sorry.

15         Can you please stand.  Raise your right hand.

16         Do you solemnly affirm that the answer you're

17 about to give the Court will be the truth, the whole

18 truth, and nothing but the truth?

19         THE DEFENDANT:  Yes.

20         THE DEPUTY CLERK:  You may have a seat.

21         THE COURT:  Okay.  And, Mr. Chen, do you

22 understand that now that you've been sworn, your

23 answers to my questions are subject to what's known as

24 the penalty of perjury or making a false statement if

25 you don't answer truthfully?

1        THE DEFENDANT:  Understood.

2        THE COURT:  Okay.  To be clear, what that

3    means is if I ask you a question and you tell me a lie,

4    the government can prosecute you for making a false

5    statement and use the statements you make today in such

6    a prosecution against you.

7        Do you understand that?

8        THE DEFENDANT:  I understand.

9        THE COURT:  Okay.  And, sir, you are

10   understanding today's proceedings with the assistance

11   of an interpreter; is that correct?

12       THE DEFENDANT:  Yes.

13       THE COURT:  Okay.  The first thing, Mr. Chen,

14   I need you to understand is that this is Judge DeArcy

15   Hall's case.  She is the judge who will sentence you

16   and make the ultimate decision on whether or not to

17   accept your guilty plea.

18       Now, you have the absolute right to have her

19   hear your plea, and there will be no prejudice to you.

20   Now, as an alternative, I will listen to your plea.

21   This proceeding is being recorded.  A transcript will

22   be made from the recording, and Judge DeArcy Hall will

23   review that transcript in connection with your

24   sentencing and make a decision, a final decision on

25   whether to accept your plea.

AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              Do you understand what I have explained?

 2         THE DEFENDANT:  I understand.

 3         THE COURT:  Okay.  And do you wish to give up

 4    your right to have Judge DeArcy Hall hear your plea,

 5    and do you wish instead to proceed before me?

 6         THE DEFENDANT:  Yes.

 7         THE COURT:  Okay.  Has anyone threatened you

 8    or forced you or pressured you to proceed before me?

 9         THE DEFENDANT:  No.

10         THE COURT:  Is your decision to proceed before

11    me voluntary and of your own free will?

12         THE DEFENDANT:  That's correct.  I'm

13    voluntarily making that decision.

14         THE COURT:  Okay.  I'm going to mark as Court

15    Exhibit 1, which is a consent form to have a plea taken

16    by a United States Magistrate Judge.  I'm going to read

17    you what the form says, okay.

18              It says that I, a United States Magistrate

19    Judge, has informed you of your right to have your plea

20    taken before a United States District Judge.  It says

21    that, "I have been further advised that I may consent

22    to have my plea taken before Magistrate Judge Bulsara."

23              You understand -- it says -- that you will

24    suffer no prejudice if you refuse to consent.  You also

25    understand that if you don't consent, the district
```

1    judge, rather than the magistrate judge, me, will

2    conduct the plea allocution.  It also says that you

3    have discussed this matter fully with your lawyer and

4    that you consent to enter your plea before me.  That's

5    what this form says.

6            Do you understand what I've explained, sir.

7            THE DEFENDANT:  I do.

8            THE COURT:  Okay.  And is this your signature

9    on the document?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Okay.  I note that Court Exhibit 1

12   has been signed by the government, by Mr. Chen, by his

13   lawyer.  And, therefore, based on the answers to my

14   questions, as well as this written consent form, I'm

15   going to proceed to take his plea.

16           I'm just going to note for the record, I've

17   made three changes to the consent form and put my

18   initials next to them, which is that in two places, Mr.

19   Chen's name was not there, it was just his first name.

20   And in another place, the word "Judge" had been

21   omitted.  So I've corrected the form and put my

22   initials on it.

23           Any objection to me doing that?

24           MS. GONZALEZ:  No objection.

25           MR. WOMBLE:  No objection.

1            THE COURT:  Mr. Chen, before I can accept a
2    plea, I need to ask the person who's making the plea
3    some questions to make sure that any plea is valid.
4            If you don't understand my questions, please
5    let me know and I'll rephrase them, okay.
6            Can you tell me your full name?
7            THE DEFENDANT:  Xin Jin Chen.
8            THE COURT:  Okay.  And, Mr. Chen, how old are
9    you?
10           THE DEFENDANT:  37.
11           THE COURT:  Okay.  And how far did you get in
12   school, sir?
13           THE DEFENDANT:  Elementary school.
14           THE COURT:  Okay.  And just to ask again,
15   you're understanding today's proceedings with the
16   assistance of an interpreter, correct?
17           THE DEFENDANT:  Correct.
18           THE COURT:  And, sir, are you currently under
19   the care of a doctor or psychiatrist for any reason?
20           THE DEFENDANT:  No.
21           THE COURT:  And in the last 24 hours, have you
22   had any drugs or medicine or pills?
23           THE DEFENDANT:  No.
24           THE COURT:  Have you had any alcoholic
25   beverages in the last 24 hours?

```
 1                    THE DEFENDANT:  No.
 2                    THE COURT:  Have you ever been hospitalized or
 3      treated for drug addiction or alcoholism?
 4                    THE DEFENDANT:  No.
 5                    THE COURT:  Have you ever been treated or
 6      hospitalized for any mental or emotional health
 7      condition?
 8                    THE DEFENDANT:  No.
 9                    THE COURT:  Okay.  And, sir, is your mind
10      clear?
11                    THE DEFENDANT:  Yes.
12                    THE COURT:  You understand what's going on
13      here today?
14                    THE DEFENDANT:  I do.
15                    THE COURT:  Now, Mr. Chen, as someone who has
16      been charged in a federal criminal case, you have
17      certain rights.  One of your rights is to have a
18      lawyer, a right to counsel.  And you have a right to
19      have a lawyer represent you at all stages of your case
20      from the time you're arrested or charged, to however
21      your case may end, including through any trial or any
22      appeal.  And if you couldn't afford a lawyer, the Court
23      would appoint one for you.
24                    Do you understand what I've explained?
25                    THE DEFENDANT:  I do understand.
```

1          THE COURT:  Okay.  And is Mr. Womble your

2     lawyer?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Okay.  And if at any time you wish

5     to speak with him for any reason at all, because you

6     have a question, maybe you want reassurance, any reason

7     at all, I will permit you to do so.  You just have to

8     let me know, okay?

9          THE DEFENDANT:  Okay.  All right.

10          THE COURT:  Have you had any difficulty

11     meeting or communicating with him?

12          THE DEFENDANT:  No.

13          THE COURT:  Have you had enough time to

14     discuss with him your decision to enter a guilty plea

15     in your case?

16          THE DEFENDANT:  Yes, I have.

17          THE COURT:  Are you fully satisfied with the

18     representation and advice that he's given to you?

19          THE DEFENDANT:  That's right.  I'm entirely

20     satisfied.

21          THE COURT:  Okay.

22          And, counsel, have you discussed with your

23     client what it means to enter a guilty plea?

24          MR. WOMBLE:  Yes.

25          THE COURT:  And have you had any difficulty

1    meeting with him or discussing his case or this

2    decision today with him?

3              MR. WOMBLE:  None whatsoever.

4              THE COURT:  Are you fully satisfied that he

5    understands the rights he'd be waiving if you were to

6    enter a guilty plea today?

7              MR. WOMBLE:  Yes, Your Honor.

8              THE COURT:  And you believe he's capable of

9    understanding today's proceedings?

10             MR. WOMBLE:  Yes, I am.

11             THE COURT:  Do you have any doubt at all about

12   his competence to enter a guilty plea today?

13             MR. WOMBLE:  Not at all.

14             THE COURT:  Have you discussed with him the

15   maximum and minimum sentence and fine that could be

16   imposed upon him on the charges if he were to enter a

17   guilty plea?

18             MR. WOMBLE:  Yes, I have.

19             THE COURT:  And have you discussed with him

20   the sentencing guidelines and how the guidelines might

21   affect his case?

22             MR. WOMBLE:  Yes, I have.

23             THE COURT:  And when you had these

24   discussions, did you have the assistance of an

25   interpreter?

         AMM TRANSCRIPTION SERVICE - 631.334.1445

1           MR. WOMBLE:  Yes, we did.

2           THE COURT:  Mr. Chen, did you have an

3    opportunity to discuss the indictment that was filed

4    against you?

5           In other words, the document that contains the

6    charges, did you have an opportunity to discuss that

7    with your lawyer?

8           THE DEFENDANT:  Yes, I have.

9           THE COURT:  Okay.  And you believe you

10   understand what you've been charged with, sir?

11          THE DEFENDANT:  I do.

12          THE COURT:  Okay.  And, Counsel, did you have

13   either orally or in written form, the indictment

14   translated for Mr. Chen?

15          MR. WOMBLE:  Yes, Your Honor.  I had all of

16   the particular documents at issue with this plea

17   hearing translated for my client.  And as CJA counsel,

18   those that were germane to share with other counsel, I

19   did that as well as a cost saving measure.

20          THE COURT:  Okay.

21          Now, Mr. Chen, I'm going to explain to you

22   what the government has charged in this indictment,

23   okay.  And in what's known as Count 11, okay, the

24   government has charged you with a felony that's called

25   a money laundering conspiracy, okay.

1              And in Count 11, the government alleges that

2    you were a member of a conspiracy, that you joined

3    what's known as an illegal agreement, and the objective

4    of that, or purpose of that agreement was money

5    laundering.

6              And specifically, the government alleges that

7    the objective or purpose of that conspiracy was to use

8    financial institutions and engage in financial

9    transactions using proceeds that were derived from or

10   came from certain unlawful activity.  And the

11   government alleges that the amounts involved were

12   greater than $10,000.  And the proceeds at issue were

13   derived from or came from certain illegal activity and

14   specifically wire fraud.

15             Do you understand what I've explained, sir?

16             THE DEFENDANT:  I do.

17             THE COURT:  Now, Mr. Chen, when someone pleads

18   guilty to a felony offense in federal court, they're

19   giving up their right to trial.  And when they're doing

20   that, they're giving up their right to have a jury

21   determine their guilt.  In order for you to fully

22   understand what it means to give up that right, I'm

23   going to explain to you what happens during a jury

24   trial.

25             In a jury trial in a federal criminal case,

1    it's the government that has the burden of proof, and

2    it's their burden to prove your guilt.  And they've got

3    to prove your guilt, what's known as beyond a

4    reasonable doubt, and you don't have to prove your

5    innocence.

6              Do you understand?

7              THE DEFENDANT:  Understood.

8              THE COURT:  Now, in order for the government

9    to get a jury to return a guilty verdict against you on

10   this Count 11, money laundering conspiracy, they have

11   to prove certain things.  Those things are called

12   elements, okay.  And what I'm going to do is explain to

13   you what the government would have to prove for a jury

14   to return a guilty verdict against you on this charge

15   in Count 11.

16             Do you understand what I'm about to explain to

17   you?

18             THE DEFENDANT:  I understand that.

19             THE COURT:  Okay.  Now, as I mentioned, the

20   government alleges or charges in count eleven that

21   there was a conspiracy to commit money laundering.  For

22   the government to have a jury return a guilty verdict

23   on that charge, they've got to show that two or more

24   people joined an unlawful agreement and that you became

25   a member of that unlawful agreement with a knowledge

          AMM TRANSCRIPTION SERVICE - 631.334.1445

1    and intention to join that conspiracy.  And they've got

2    to show that the objective of that agreement was

3    illegal, and here specifically, the objective was money

4    laundering.

5            In other words, they've got to show that the

6    purpose of that agreement was to commit money

7    laundering.  Well, what is money laundering?  That's

8    when someone engages in a transaction that affects

9    interstate commerce, which means that it could be money

10   that crosses state or international lines, or the money

11   was sent using wires or means that cross international

12   lines.

13           It also means that the money or transactions

14   involve proceeds that are greater than $10,000, and the

15   proceeds are derived from illegal activity, and the

16   people engaged in that transaction are doing so with

17   the knowledge that the proceeds are derived from

18   illegal activity.  And in order for someone to be money

19   laundering, the transaction has to either take place in

20   the United States or the person being charged with it

21   has to be a US citizen or national or permanent

22   resident.

23           So to recap, the government has alleged that

24   you're a member of an illegal agreement or conspiracy

25   to engage in money laundering.  To prove that, they've

1    got to show that there is an agreement by two or more

2    people, and the purpose of that agreement was money

3    laundering.  They've got to prove that you became a

4    member of that agreement.  And I've explained to you,

5    in order for you to understand what money laundering

6    is, I've defined that for you in greater detail.  The

7    government has to show that that was the purpose of the

8    agreement that you intentionally and with knowledge

9    became a member of.

10            Do you understand what I've explained, sir?

11            THE DEFENDANT:  Understood.

12            THE COURT:  Okay.  Does the government believe

13   I correctly summarized the charge and the elements?

14            MS. GONZALEZ:  Yes, Your Honor.

15            THE COURT:  Counsel, do you agree?

16            MR. WOMBLE:  Yes.

17            THE COURT:  Now, Mr. Chen, what I'd like to go

18   over now with you is the rights you have and the rights

19   you'd be giving up if you enter a guilty plea.

20            First of all, you previously entered a plea of

21   not guilty.  You have the right to plead not guilty,

22   and you have the right to continue forward with your

23   not guilty plea.  Do you understand that?

24            THE DEFENDANT:  Understood.

25            THE COURT:  Now, what that means is that even

1    if you're guilty, you have a choice.  It's up to you to

2    decide what to do, not your lawyer, not the government,

3    not me, not anyone else.

4         If you wish, you can keep your not guilty plea

5    and proceed to trial on the charges in the indictment,

6    or you can withdraw your not guilty plea and enter plea

7    of guilty today, which is what I understand you wish to

8    do.

9         THE DEFENDANT:  Yes.

10        THE COURT:  Do you understand what I've

11   explained to you?

12        THE DEFENDANT:  Understood all of it.

13        THE COURT:  Okay.  If you were to continue

14   with your not guilty plea, you're entitled to, under

15   the Constitution and laws of the United States, to

16   what's known as a speedy and public trial, and as I

17   mentioned, before a jury.  And you would have the

18   assistance of your lawyer at the jury trial, and the

19   trial would be about the charges that are contained in

20   this indictment.

21        Do you understand that?

22        THE DEFENDANT:  Understood.

23        THE COURT:  Okay.  And as I mentioned before,

24   if you did have a trial, at a trial, you'd be presumed

25   innocent.  You wouldn't have to prove your innocence.

1    And as I mentioned before, under the Constitution and

2    laws of the United States, it's the government that

3    bears the burden of proof, and it's got to prove those

4    things that I went over with you in order for the jury

5    to return a guilty verdict, and they've got to do that

6    beyond a reasonable doubt.

7            If the government failed to prove its case

8    against you beyond a reasonable doubt, the jury would

9    be required to return a not guilty verdict in your

10   favor.

11           Do you understand that?

12           THE DEFENDANT:  I understand.

13           THE COURT:  Okay.  Now, during a trial,

14   witnesses for the government would come forward and

15   they'd have to testify in your presence in court.  Your

16   lawyer would have an opportunity to cross examine those

17   witnesses, also to offer argument on your behalf, also

18   to object to evidence offered by the government and to

19   offer evidence on your behalf if that's what you wish

20   to do.

21           Do you understand that?

22           THE DEFENDANT:  Understood.

23           THE COURT:  Okay.  Your lawyer would also have

24   the right and ability to subpoena or compel, which

25   means to force witnesses to come to court to testify in

1    your case.

2              Do you understand that?

3              THE DEFENDANT:  Understood.

4              THE COURT:  Now, if you had a trial and if you

5    wanted to testify in your own case, you could do that.

6              On the other hand, you could not be forced to

7    testify.  And that's because under the Constitution and

8    laws of the United States, no person can be forced to

9    be a witness against himself or herself.  So if you had

10   a criminal trial, and you chose not to testify, Judge

11   DeArcy Hall would be required to inform the jury that

12   they could not hold that fact -- meaning they could not

13   hold your decision not to testify in your own case --

14   the jury could not hold that against you in deciding

15   whether the government met its burden of proof.

16             Do you understand that?

17             THE DEFENDANT:  Understood.

18             THE COURT:  Now, if instead of going to trial,

19   you plead guilty to a charge today and Judge DeArcy

20   Hall accepts your plea, you're giving up your right to

21   trial and each of the other rights I have just

22   mentioned.  There will not be a trial in this case.

23   The Court will simply enter a judgment of guilty based

24   upon the proceedings today.

25             Do you understand that?

```
 1                THE DEFENDANT:  Understood.

 2                THE COURT:  Okay.  Now, if you do decide to

 3     plead guilty, and you do, in fact, plead guilty today,

 4     I have to actually ask you questions about what you did

 5     in order to satisfy myself and Judge DeArcy Hall that

 6     you are, in fact, guilty of the crime that you are

 7     pleading guilty to.

 8                And what that means is you have to answer my

 9     questions, you have to acknowledge your guilt.  But

10     most importantly, it means you are giving up your right

11     not to be a witness against yourself.

12                Do you understand that?

13                THE DEFENDANT:  Understood.

14                THE COURT:  Okay.  Also, if you enter a guilty

15     plea today, and if you admit to criminal conduct and

16     Judge DeArcy Hall accepts your guilty plea, you cannot

17     appeal to a higher court about whether or not you

18     committed that crime.

19                Do you understand that that would be over by

20     your guilty plea?

21                THE DEFENDANT:  Understood.

22                THE COURT:  And are you willing to give up

23     your right to trial and each of the other rights I've

24     mentioned?

25                THE DEFENDANT:  Yes.
```

```
 1              THE COURT:  Okay.  I'm going to mark a Court
 2    Exhibit 2, an agreement, a plea agreement that I know
 3    is signed by the government, it's signed by Mr. Chen,
 4    it's signed by his lawyer, and it notes that it's been
 5    translated, and it has the translator's signature on
 6    the document.
 7              Mr. Chen, did you review this agreement
 8    carefully?
 9              THE DEFENDANT:  Yes, I did.
10              THE COURT:  And you discussed it with your
11    lawyer?
12              THE DEFENDANT:  Yes, I did.
13              THE COURT:  You believe you understand it?
14              THE DEFENDANT:  I understand.
15              THE COURT:  Okay.  Do you have any questions
16    about it?
17              THE DEFENDANT:  No.
18              THE COURT:  And Ms. Gonzalez, is there
19    anything that falls within paragraph 18 of the
20    agreement?
21              MS. GONZALEZ:  No.  There have been no
22    promises, agreements or conditions other than the plea
23    agreement.
24              I would just also note in the plea agreement
25    in paragraph three, the parties crossed out the
```

AMM TRANSCRIPTION SERVICE - 631.334.1445

1   February 29th date and replaced it with today's date
2   and re-initialed it.
3            THE COURT:  Okay.  And with that, does the
4   government represent that Court Exhibit 2 is the
5   entirety of the understanding they've reached with Mr.
6   Chen?
7            MS. GONZALEZ:  It is, Your Honor.
8            THE COURT:  Okay.  And, Counsel, have you
9   reviewed Court Exhibit 2 with your client?
10           MR. WOMBLE:  Yes, Your Honor.
11           THE COURT:  And is it, in fact, correct that
12  it was translated for him, either orally, word for word
13  or in writing?
14           MR. WOMBLE:  It was translated in writing and
15  a copy was provided to my client.
16           THE COURT:  Okay.  And you discussed the
17  document with him?
18           MR. WOMBLE:  Yes.
19           THE COURT:  Okay.  And is it correct that this
20  document is the entirety of the understanding that your
21  client has reached with the government?
22           MR. WOMBLE:  That is correct.
23           THE COURT:  Okay.  Mr. Chen, is there any
24  particular provision of this document that you need
25  explained in further detail?

```
 1              THE DEFENDANT:  No need.

 2              THE COURT:  Okay.  Outside of this agreement,

 3   is there any other promise that the government or

 4   anyone else has made to you that's causing you to plead

 5   guilty today?

 6              THE DEFENDANT:  Yes.

 7              THE COURT:  Outside of this agreement, there

 8   are other promises that have been made to you?

 9              THE DEFENDANT:  No.

10              THE COURT:  Okay.  Do you need a moment to

11   talk to your lawyer?

12              MR. WOMBLE:  Do you have a question?

13              THE DEFENDANT:  No, I don't know have a

14   question.

15              I need to understand the question about the

16   promise.

17              THE COURT:  Okay, I understand.

18              So now you understand what I've asked,

19   correct?

20              THE DEFENDANT:  Now I understand you now.

21   Earlier, I apologize for my misunderstanding.

22              THE COURT:  No need to apologize.

23              So, sir, I'm required to explain certain

24   things in this agreement to you, even if you say you

25   understand it.  And that's what I'm going to do now,
```

1   okay.

2           Now, the first thing I'm going to explain to

3   you are what the terms of imprisonment and fine that

4   can be imposed upon you for this charge, okay.

5           For money laundering conspiracy, the minimum

6   time in prison is zero years, and the maximum time is

7   ten years.  After someone is released from federal

8   prison, they are subject to the supervision of the

9   probation department, which enforces certain conditions

10  under which they are released.

11          Now, those things include conditions like

12  don't commit another crime.  How long can you be under

13  the supervision of the probation department?  How long

14  can you be under supervised release?  The maximum

15  amount of time is three years.  Now, you're subject to

16  an additional two years in prison if you were to

17  violate a condition of your release, okay.

18          You're also subject to a fine.  The fine is

19  the greater of $250,000 or twice the gross gain or

20  loss, or twice the amount of the value of the property

21  derived from the illegal transactions.

22          You're also subject to what's known as a

23  restitution obligation.  Those are payments to victims

24  to compensate them for their losses, and that's in an

25  amount the Court will determine.

1          You're also subject to what is known as

2     forfeiture, which I will describe in detail in a

3     moment.  Forfeiture is when you have to give up your

4     rights to certain property, money or things that are

5     considered to be derived from or related to your

6     criminal activity.  And you're also subject to a

7     mandatory $100 special assessment fee.  And you're also

8     subject to potential removal from the United States,

9     which I will also discuss with you in detail.

10          Do you understand what I've explained thus

11     far?

12          THE DEFENDANT:  Understood.

13          THE COURT:  Okay.  Now, there is on page two,

14     paragraph two of this agreement, in this paragraph for

15     three offenses, it says that you are agreeing that you

16     engaged in certain conduct as if you had been convicted

17     of the charges -- of the counts charging those

18     offenses.

19          What does that mean?  The indictment, which is

20     the charging document has a number of other felonies

21     that you're charged with besides Count 11, okay.  And

22     those are in Count 4, 9 and 29, okay.  Basically, those

23     are charges of bank fraud, unlicensed money

24     transmitting business and passport fraud.

25          In this paragraph, it says that you are

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    agreeing that the Court can consider that you have

2    engaged in the conduct that is alleged in those counts.

3    And, in fact, the Court can treat it like you've been

4    convicted of those offenses, and you're agreeing to

5    that.

6              Do you understand that?

7              THE DEFENDANT:  I agree.

8              THE COURT:  Okay.  It also says that because

9    you are agreeing that the Court can act as if you had

10   been convicted of those offenses, you're waiving your

11   right to a jury trial on those offenses, and you're

12   waiving your right to what's known as a *Fatico* hearing

13   or an evidentiary hearing about what facts -- about

14   what actually happened.  Do you understand that?  That

15   you're waiving your rights to an evidentiary hearing in

16   a jury trial on these offenses that the Court is going

17   to consider as if you'd been convicted of them?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Okay.  And do you understand that

20   what it ultimately means, that the Court is going to

21   proceed as if you have been convicted of these three

22   other offenses and that the Court can consider that in

23   determining what your sentence may be, and it could

24   lead to a higher sentence.

25             Do you understand that?

1              THE DEFENDANT:  Understood.

2              THE COURT:  Okay.  Now, I'm going to explain

3     to you the sentencing guidelines in a few minutes.  But

4     before I do that, I want to explain a couple other

5     provisions of this agreement.

6              In paragraph five, okay, I'm going to read you

7     the sentence so it is translated.  Paragraph five says,

8     and I quote, "The defendant agrees not to file an

9     appeal or otherwise challenge the conviction or

10    sentence in the event the Court imposes a term of

11    imprisonment of 41 months or below."

12             This means that should Judge DeArcy Hall give

13    you a sentence of 41 months or less, you're agreeing

14    you will not appeal either your conviction or your

15    sentence.

16             Do you understand that?

17             THE DEFENDANT:  I understand.

18             THE COURT:  Okay.  In paragraph seven, this

19    contains the -- and that's on page seven, that contains

20    the forfeiture obligation.

21             Pursuant to this paragraph, it says you're

22    giving up your right to $77,450.07 the government

23    believes was related to your criminal property --

24    criminal activity, excuse me.

25             THE DEFENDANT:  I understand.

          AMM TRANSCRIPTION SERVICE - 631.334.1445

```
 1              THE COURT:  And other paragraphs say that you
 2    will assist the government in trying to recover those
 3    proceeds.
 4              Do you understand that?
 5              THE DEFENDANT:  I understand.
 6              THE COURT:  And it also provides that you're
 7    obligated to pay those monies to the government as part
 8    of this agreement you're reaching with them.
 9              Do you understand that?
10              THE DEFENDANT:  Understand.
11              THE COURT:  Okay.  And it also provides that
12    you have to disclose your financial assets and your
13    financial condition to the government.
14              Do you understand that?
15              THE DEFENDANT:  I understand.
16              THE COURT:  Okay.  If you plead guilty to a
17    felony and the felony charged in Count 11, do you
18    understand it could lead to your removal from the
19    United States, if you're not a US citizen?
20              THE DEFENDANT:  I understand.
21              THE COURT:  Okay.  And do you understand that
22    your removal from the United States, that's a separate
23    proceeding.  That's an immigration proceeding, and it's
24    not decided in this courthouse, and it's not decided by
25    Judge DeArcy Hall.
```

```
1                    Do you understand that?

2                    THE DEFENDANT:  I understand.

3                    THE COURT:  And do you understand that if you

4     plead guilty to this felony, your removal from the

5     United States may, in fact, be automatic?

6                    THE DEFENDANT:  I understand.

7                    THE COURT:  Okay.  Paragraph 17, okay, it

8     discusses circumstances in which the government would

9     move for a reduction in your guidelines calculation if

10    certain things happened, and specifically certain other

11    people pled guilty, okay.  And do you understand,

12    because the date for those defendants to plead guilty

13    has come and gone, as of now, the government is not

14    going to seek to have the sentence reduced based upon a

15    global agreement, meaning based upon other defendants

16    also pleading guilty.

17                   Do you understand that's not going to happen

18    as of now?

19                   THE DEFENDANT:  I understand.

20                   THE COURT:  Are you still willing to proceed

21    forward in pleading guilty today even though the

22    government is not going to seek to have a reduction in

23    the calculation based upon this?

24                   THE DEFENDANT:  Yes, I will plead guilty.

25                   THE COURT:  Okay.  Is there any other
```

1     provision the government -- I will discuss the

2     guidelines in a moment, besides the guidelines that the

3     government wishes me to go over with Mr. Chen?

4              MS. GONZALEZ:  I don't believe so.

5              THE COURT:  Okay.  Counsel?

6              MR. WOMBLE:  No, Your Honor.

7              THE COURT:  Okay.  Mr. Chen, I'm going to

8     explain to you how Judge DeArcy Hall will determine

9     what sentence to impose upon you, okay.

10              As a first step, she will consider what are

11     known as the advisory federal sentencing guidelines to

12     determine what a reasonable sentence in your case would

13     be.  The sentencing guidelines are issued by a federal

14     agency known as the United States Sentencing

15     Commission.

16              What does it mean that they're advisory

17     guidelines?  The guidelines lead to a calculation of

18     what's known as a guidelines range, which is a term or

19     amount of time imprisonment.  It's a range of time in

20     prison.  They're advisory, which means that they're not

21     mandatory, meaning Judge DeArcy Hall is not required to

22     give you a sentence in that range, okay.  But she is

23     required to conduct or calculate what that range is,

24     even if she's not required to give you a sentence in

25     that range.  And that's because the guidelines range,

AMM TRANSCRIPTION SERVICE - 631.334.1445

1    that calculation, it's an important part of sentencing.

2           Do you understand that?

3           THE DEFENDANT:  I do.

4           THE COURT:  And you've discussed the

5    sentencing guidelines with your lawyer?

6           THE DEFENDANT:  Yes, I have.

7           THE COURT:  Now, as a second step, Judge

8    DeArcy Hall will determine whether there are any

9    factors that will allow her to depart either upwardly

10   or downwardly from the guidelines calculation.

11          In other words, impose a sentence that is

12   either more severe or less severe than the guidelines

13   range.  In addition, there's a federal sentencing law,

14   and it requires Judge DeArcy Hall to consider certain

15   factors in determining what your sentence should be.

16          What are those factors?  Those are things like

17   what you did, your background, your facts and

18   circumstances, in other words.  And it may be what's

19   known as a non-guideline sentence, would be

20   appropriate.

21          The bottom line of all of this is that until

22   your actual data sentencing, you can't know with

23   certainty what the guidelines calculation will be,

24   whether there are grounds to depart upwardly or

25   downwardly, or whether a non-guideline sentence is

1     appropriate in your case.

2              Do you understand what I've explained, sir?

3              THE DEFENDANT:  I do.

4              THE COURT:  We currently don't have a

5     sentencing date yet.  Judge DeArcy Hall will set one,

6     and if that date needs to be changed, you can contact

7     her chambers.

8              Mr. Chen, prior to your sentencing date,

9     you're going to be interviewed by the probation

10    department.  The probation department will issue what's

11    known as a pre-sentence investigation report.  That

12    will report certain facts and circumstances, like what

13    you did, your background, things like that.  You will

14    have an opportunity to review that report with your

15    lawyer, and to challenge any of the facts that are

16    reported by the probation department.

17             The report will also recommend a guideline

18    range to Judge DeArcy Hall.

19             Do you understand what I've explained?

20             THE DEFENDANT:  I do.

21             THE COURT:  Now, despite what I've said, it's

22    important for you to know what the potential guideline

23    sentence may be, based upon facts that are known now.

24             You have to understand that this is a guess

25    that could be wrong.  Do you understand we're about to

1    discuss an estimate, a guess, really, about what your

2    guidelines range would be?

3         THE DEFENDANT:  I understand.

4         THE COURT:  Okay.  And what is the

5    government's guidelines estimate?

6         MS. GONZALEZ:  The government has calculated

7    the defendant to be a criminal history category of one,

8    and based on Count 11 and the stipulated conduct of

9    bank fraud, unlicensed money transmitting business, and

10   passport fraud, and applying a three point reduction in

11   the offense level for acceptance of responsibility and

12   proceeding on or before today, the government has

13   calculated a sentencing guidelines of 30 to 37 months

14   imprisonment.

15        THE COURT:  Okay.  And that does not -- I'm

16   just confirming -- include any reduction for a global

17   resolution, correct?

18        MS. GONZALEZ:  That is correct, Your Honor, it

19   does not.

20        THE COURT:  Okay.  Mr. Chen, the government's

21   estimate of the guidelines range for you is a range of

22   imprisonment of 30 to 37 months, okay.  And in the plea

23   agreement, it says that, "The Defendant stipulates to

24   the above guidelines calculation," which means that

25   you're agreeing that this is the calculation that leads

```
 1    to this range.
 2              Do you understand that?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  Now, do you understand that this
 5    estimate or guess, it's not binding on Judge DeArcy
 6    Hall, it's not binding on the probation department,
 7    it's not even binding on the government.
 8              Do you understand that?
 9              THE DEFENDANT:  That's right.
10              THE COURT:  Okay.  And do you understand that
11    if that estimate that we just discussed is wrong, you
12    will not be able to withdraw your guilty plea?
13              THE DEFENDANT:  I understand that.
14              THE COURT:  Okay.  Counsel, have you provided
15    your client with an estimate?  I don't need to know
16    what it is, but you've provided with him an estimate of
17    the guidelines range?
18              MR. WOMBLE:  Yes.
19              THE COURT:  Mr. Chen, do you understand that
20    if your lawyer's estimate of the guideline range is
21    wrong, you can't withdraw your guilty plea?
22              THE DEFENDANT:  I understand.
23              THE COURT:  Okay.  The point here is Judge
24    DeArcy Hall is not bound by anything in this agreement,
25    okay.  She's not bound by what the government says,
```

1    what your lawyer says.  She can sentence you based upon

2    her interpretation and her understanding of the

3    guidelines range and the sentencing laws.  And although

4    the guidelines range will be an important part of her

5    sentencing, she can decide on a sentence that's either

6    more severe or less severe than that range, or, as I

7    mentioned, impose a non-guideline sentence entirely.

8              Do you understand?

9              THE DEFENDANT:  I do.

10             THE COURT:  Okay.  Now, also, under the

11   federal sentencing guideline system, for individuals

12   who are sentenced now under the federal system, there

13   is no right to a parole board or parole commission to

14   get out early.

15             What that means is, practically speaking,

16   whatever sentence you do receive from Judge DeArcy

17   Hall, that's going to come pretty close to the amount

18   of time you actually spend in prison, because for

19   individuals sentenced now in the federal system, there

20   is no parole board or parole commission to appeal to,

21   to say, hey, I'd like to get out earlier.

22             Do you understand that?

23             THE DEFENDANT:  I do.

24             THE COURT:  Okay.  And is there anything that

25   you want to ask me about, anything at all, what you're

1     charged with, what your rights are, or anything else

2     that may not be clear to you?

3             THE DEFENDANT:  No, I don't.

4             THE COURT:  Okay.  And so are you ready to

5     plead?

6             THE DEFENDANT:  Yes, I'm ready.

7             THE COURT:  Okay.  Mr. Womble, are you aware

8     of any reason your client should not enter a guilty

9     plea to Count 11 in the indictment?

10             MR. WOMBLE:  No, Your Honor.

11             THE COURT:  Are you aware of any complete

12     legal defense to that charge that would prevail at a

13     trial?

14             MR. WOMBLE:  No, I'm not.

15             THE COURT:  Okay.  Mr. Chen, how do you plead

16     to Count 11, money laundering conspiracy; guilty or not

17     guilty?

18             THE DEFENDANT:  Guilty.

19             THE COURT:  Okay.  And are you making this

20     guilty plea voluntarily and of your own free will?

21             THE DEFENDANT:  That's correct.

22             THE COURT:  Has anyone threatened you or

23     forced you or pressured you in any way to plead guilty?

24             THE DEFENDANT:  No.

25             THE COURT:  And outside of the agreement we

1    talked about today, has anyone made you any other

2    promises that are causing you to plead guilty today?

3            THE DEFENDANT:  No.

4            THE COURT:  Has anyone promised you what

5    sentence you would receive from Judge DeArcy Hall if

6    you entered a guilty plea today?

7            THE DEFENDANT:  No.

8            THE COURT:  Okay.  Can you tell me in your own

9    words what you did that's leading you to enter a plea

10    and leading you to believe that you're guilty of a

11    crime?

12            Okay.  Hold on one second.  Just to make sure

13    the record is clear, I understand that Mr. Chen is

14    going to read a statement.  I'll ask that he read the

15    statement from beginning to end without interruption,

16    and then I'll have it translated, okay?

17            THE DEFENDANT:  Yes, I will do that, Your

18    Honor.

19            THE COURT:  Great.  Thank you so much.

20            So, Mr. Chen, whenever you're ready to

21    proceed, go ahead.

22            THE DEFENDANT:  Between May 2021 and August

23    2022 in the Eastern District of New York, I knowingly

24    and intentionally agreed with others to conduct

25    electronic money transfers through local banks

1    involving funds obtained unlawfully from the T5 fraud

2    scheme.

3              I deposited over $10,000 of unlawfully

4    obtained money into a bank account that I control, and

5    then transferred that same money from the account to

6    other accounts that I was told to by my coconspirator.

7              I knew at the time that what I was doing was

8    illegal, and I know that what I did was wrong.

9              THE COURT:  Okay.  And Mr. Chen, you just read

10   a statement out loud.  Did you actually take the

11   actions and do the things you described in your

12   statement?

13             THE DEFENDANT:  That's right.  Yes, I did.

14             THE COURT:  Okay.  And one other question.

15   You said that you took certain actions in depositing

16   money in one bank.

17             Did you know the money that you were dealing

18   with was proceeds from illegal activity?

19             THE DEFENDANT:  Yes, I was aware of that.

20             THE COURT:  Okay.  I don't believe any other

21   follow up is needed.

22             MS. GONZALEZ:  Just to be absolutely clear,

23   that the electronic money transfers affected interstate

24   commerce.

25             THE COURT:  Okay.  Would the defendant

```
 1   stipulate that the money transfers affected interstate
 2   commerce?
 3             MR. WOMBLE:  We will stipulate.
 4             THE COURT:  Does the defendant also stipulate
 5   that those transactions involved -- took place in the
 6   United States?
 7             MR. WOMBLE:  Yes.
 8             THE COURT:  Okay.  Anything else from the
 9   government on the factual basis?
10             MS. GONZALEZ:  No, Your Honor.
11             THE COURT:  Okay.  Based on the information
12   that's been given to me, I find that Mr. Chen is acting
13   voluntarily, that he fully understands the charges
14   against him, he understands his rights, he understands
15   the consequences of his plea, and there's a factual
16   basis for his guilty plea to this Count 11 in the
17   indictment.
18             It is, therefore, my recommendation to Judge
19   DeArcy Hall to accept his guilty plea to Count 11 of
20   the indictment.
21             Okay.  What's the government's position on
22   bail?
23             MS. GONZALEZ:  The government is not seeking
24   detention at this time.
25             THE COURT:  Okay.  Any change in any bail
```

1     conditions?

2              MS. GONZALEZ:  The government is not seeking

3     any change.

4              THE COURT:  Okay.  Mr. Chen, you're going to

5     be released today on the same conditions that you have

6     been subject to from before.

7              Do you understand that?

8              THE DEFENDANT:  I understand.

9              THE COURT:  Okay.  And do you understand that,

10    as you were informed before, there are consequences to

11    violating those conditions?

12             THE DEFENDANT:  I understand.

13             THE COURT:  Okay.  And do you understand that

14    there could be another consequence, which is that now

15    that you've pledged guilty and you are going to be

16    sentenced by Judge DeArcy Hall, she could consider your

17    conduct moving forward in deciding what sentence to

18    impose upon you.

19             Do you understand that?

20             THE DEFENDANT:  I understand.

21             THE COURT:  Okay.  Do you have any questions

22    about your conditions or the consequences of your bail?

23             THE DEFENDANT:  No.

24             THE COURT:  Anything else from the government?

25             MS. GONZALEZ:  No, Your Honor.

        AMM TRANSCRIPTION SERVICE - 631.334.1445

1          THE COURT:  Anything else from defense

2    counsel?

3          MR. WOMBLE:  No, Your Honor.

4          THE COURT:  Okay.  I wish you all good health.

5    Have a nice day.  Thank you.

6

7                            0o0

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    C E R T I F I C A T E

3

4        I, Adrienne M. Mignano, certify that the

5    foregoing transcript of proceedings in the case of

6    United States of America v. Xin Jin Chen;

7    Docket #22CR458 was prepared using digital

8    transcription software and is a true and accurate

9    record of the proceedings.

10

11

12   Signature   *Adrienne M. Mignano*
                 _____

13               ADRIENNE M. MIGNANO, RPR

14

15   Date:      March 22, 2024

16

17

18

19

20

21

22

23

24

25


            AMM TRANSCRIPTION SERVICE - 631.334.1445