UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

                              22-CR-458(SJB)

UNITED STATES OF AMERICA,

                              United States Courthouse
                              Brooklyn, New York

        -against-

                              March 22, 2024
                              10:30 a.m.

CUNZHONG LIU,

        Defendant.

------------------------------x

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE


A P P E A R A N C E S

For the Government:      BREON S. PEACE
                         United States Attorney
                         UNITED STATES ATTORNEY'S OFFICE
                         Eastern District of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201
                         BY:  MIRANDA GONZALEZ, ESQ.
                             RAFFAELA BELIZAIRE, ESQ.
                         Assistant United States Attorneys


For the Defendant:       ABRAMSON & MORAK
                         75 Maiden Lane, Suite 607
                         New York, New York 10038
                         BY:  GLENN H. MORAK, ESQ.
                             ALAN M. ABRAMSON, ESQ.


Court Reporter:          LEEANN N. MUSOLF, RPR, CCR
                         Phone:  718-613-2489
                         Email:  lmusolf.edny@gmail.com


Proceedings recorded by mechanical stenography.  Transcript produced by computer-aided transcription.

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

(In open court.)

THE COURTROOM DEPUTY:  Plea hearing in criminal case Docket Number 22-CR-458, United States of America versus Cunzhong Liu.

Counsel, please state your appearances for the record, starting with the Government counsel.

MS. GONZALEZ:  Good morning, Your Honor.

For the United States, Miranda Gonzalez and Raffaela Belizaire.

THE COURT:  Good morning.

MR. MORAK:  Good morning, Your Honor.  Good morning, Government.

Glenn Morak, M-O-R-A-K, on behalf of Mr. Liu.  Also present is my partner --

MR. ABRAMSON:  Alan Abramson, Your Honor.

Good morning.

THE COURT:  Good morning.

And good morning, Mr. Liu.

THE DEFENDANT:  Good morning.

THE COURT:  Okay.

And has the interpreter been previously sworn?

THE INTERPRETER:  Yes, Your Honor.

THE COURT:  Okay.  Can you just state your name -- names for the record, please.

THE INTERPRETER:  Yes.  I'm the Fujo interpreter,

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

Lily Lau.  Last name is spelled L-A-U.

Good morning.

THE COURT:  Good morning.

THE INTERPRETER:  I am the second Fujo interpreter for this Court appearance, Junjie Chen, J-U-N-J-I-E, last name is C-H-E-N.

Good morning, Your Honor.

THE COURT:  Good morning.

Okay.  Let me ask the Government a couple of questions, which is that the plea agreement in paragraph two refers to a stipulation that Mr. Liu is making about conduct the Court should consider having been committed by him.  What count in the Indictment, if any, does it correspond to?

MS. GONZALEZ:  The language, the conduct in paragraph two corresponds to Count 9 of the Indictment.

THE COURT:  Okay.  Thank you.

And paragraph 17 refers to the possibility of the Government making a motion for a two-point reduction if there are pleas by other defendants and has a date for February 29, 2024, for that to occur, and that date has passed.  Is that possibility as of now available to Mr. Liu?  In other words, is there -- given the passage of time, is it the Government's position that at this point it would not be moving for the additional two-point reduction?

MS. GONZALEZ:  That's correct, Your Honor.  As of

Proceedings

today, the Government will not be making that motion.

THE COURT:  Mr. Morak, have you discussed this with your client?

MR. MORAK:  Yes, Your Honor.  And just so that the record is clear, we notified the Government on February the 5th my client intended to accept his plea agreement. Judge DeArcy Hall referred it to Your Honor, and this was the earliest date we could get the plea scheduled.

In fact, we had contacted your deputy trying to get a date in advance of that February 29th, but we understand that the codefendant -- not everyone has pled guilty.  We are -- we've had -- and we know we're bound by the plea agreement, but we've had certain discussions towards should things change, maybe it could be revisited.  But we understand we are bound by the plea agreement.

THE COURT:  Well, putting aside whether you were bound by the plea agreement --

MR. MORAK:  At this time.

THE COURT:  -- and the scheduling, it certainly wasn't made aware to us that your client's acceptance of the plea was based upon the scheduling with this Court, in which case the Court would have made appropriate arrangements.  So I think it's somewhat odd for you to point that out to me.

The question is slightly different, which is:  In light of what the Government just said today -- which was the

Proceedings

reason for me asking the question -- that at this point the Government is not moving for a global two-point reduction because of the passage of the date, which is an agreement not with the Court but with the Government and your client, which you're free to negotiate and doesn't -- the Court is not involved with that.  The Government has indicated it will not be moving for a two-point reduction.

Is your client still willing to plead guilty putting aside whether you're bound by the plea agreement or not, which the Court has no involvement?

MR. MORAK:  The answer to your question, Your Honor, is yes.  And we discussed it with our client in our office I believe last week or within the last ten days with an interpreter --

THE COURT:  Okay.

MR. MORAK:  -- and explained that the other people have not pled guilty.

THE COURT:  Okay, great.  The other question I have, and I will ask the Government first, is the version of the plea agreement that I originally received that had been signed reflects a date in paragraph three of February 29.  Obviously, we are beyond February 29.  Have the parties changed that date?

MS. GONZALEZ:  Yes, Your Honor.  In the plea agreement provided to the Court today, the parties changed

Proceedings

that to today's date of March 22nd and we initialed that, and I understand the interpreter also was with the defendant when he initialed that.

THE COURT:  Okay, great.

And, Mr. Morak, is that correct, your client has initialed that portion, it's been explained to him?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  I have one other question I believe.

Okay, Mr. Liu, just so you understand what I have been going over with the Government and your lawyer, is there's some preliminary matters that I wanted to make sure that everybody agreed upon or had the same understanding about before I proceeded to take your plea.  Don't worry, the same things I just went over with the Government and your lawyer, I will be going over with you as well.  So if you have any questions about what just happened, you can raise them when I go over those same matters with you in a few moments.

Mr. Liu, I understand, from your lawyer, that you wish to plead guilty to one of the counts in the Indictment that's been filed against you, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  This is an important decision, and it's my job during these proceedings to explain to you what it means to plead guilty, what rights you have, what

Proceedings

rights you would be giving up if you indeed pled guilty.  And I am going to be also asking you some questions, and it's important that your answers to my questions be made under oath.  And so as a result, I am going to have you sworn and placed under oath.  And so if you could kindly follow the instructions of my deputy, Mr. Manson.

THE COURTROOM DEPUTY:  Sir, can you please stand and raise your right hand.

Do you solemnly affirm that the answers you are about to give the Court will be the truth, the whole truth, and nothing but the truth?

THE DEFENDANT:  Yes.

THE COURTROOM DEPUTY:  Okay.  You may have a seat.

THE COURT:  Okay.  Mr. Liu, do you understand that now that you've been sworn, your answers to my questions are subject to what's known as the penalty of perjury or making a false statement if you don't answer truthfully?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  To be clear, what that means is if I ask you a question and you tell me a lie today, the Government can prosecute you for making a false statement and use the statements you make today in such a prosecution against you.

Do you understand that?

THE DEFENDANT:  Yes.

Proceedings

THE COURT:  And, sir, do you understand that today's -- I understand that you are understanding today's proceedings through the assistance of an interpreter, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  The first thing, Mr. Liu, I need you to understand is that this is Judge DeArcy Hall's case. She is the judge who will sentence you and make the ultimate decision on whether or not to accept your guilty plea.  Now, you have the absolute right to have her hear your plea, and there would be no prejudice to you.  As an alternative, I will listen to your plea.  We have a court reporter here present today, and as a result, a transcript is being made by her, and Judge DeArcy Hall will be reviewing that transcript in connection with your sentencing and make a decision, a final decision, on whether to accept your plea.

Do you understand what I have explained, sir?

THE DEFENDANT:  Yes.

THE COURT:  And do you wish to give up your right to have Judge DeArcy Hall hear your plea and you do wish, instead, to proceed before me?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Has anyone threatened you or forced you or pressured you to proceed before me?

THE DEFENDANT:  No.

Proceedings

THE COURT:  Is your decision to proceed before me voluntary and of your own free will?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I am going to mark as Court Exhibit 1 a document that's a consent form to have a plea taken by a United States magistrate judge, okay?

(Court Exhibit 1, was received in evidence.)

THE COURT:  And I am going to read you the document so it's clear that you understand what it says.  It says: United States Magistrate Judge Sanket Bulsara has informed me of my right to have my plea taken by a United States district judge.  I have further been advised, however, that I may consent to have my plea taken before Magistrate Judge Bulsara. I understand that I will suffer no prejudice if I refuse to so consent.  I further understand that if I do not consent, the district court judge assigned, rather than the magistrate judge, will conduct my plea allocution, and after having discussed this matter fully with my counsel, I hereby consent to enter my plea before United States Magistrate Judge Bulsara.

That's what this consent form says.  Can you just confirm for me that this is, in fact, your signature on the document?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I note that Mr. Liu has confirmed

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

that that's his signature on the document, that it's signed by him, it's signed by his lawyer, and it's signed by the Government.  And therefore, based upon his answers to my questions as well as this written consent form, I am going to proceed to take his plea.

Now, Mr. Liu, before I can -- Mr. Morak, I just want to confirm something because it affects what I discuss with your client, which is you and Mr. Abramson are retained counsel, correct?

MR. MORAK:  That's correct, Your Honor.

THE COURT:  Okay, great.

Mr. Liu, before I can accept your plea, there's some questions I need to ask you to make sure the plea is valid and it's appropriate to go forward today.  If you don't understand my questions, please let me know and I will rephrase them.

Can you tell me your full name, sir?

THE DEFENDANT:  Cunzhong Liu.

THE COURT:  Okay.  Mr. Liu, how old are you?

THE DEFENDANT:  Thirty-one years old.

THE COURT:  Okay.  And how far did you get in school, sir?

THE DEFENDANT:  Middle school.

THE COURT:  Okay.  And just to confirm again, you're understanding today's proceedings with the assistance of an interpreter, correct?

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

11

Proceedings

THE DEFENDANT:  Yes.

THE COURT:  And are you currently under the care of a doctor or psychiatrist for any reason?

THE DEFENDANT:  No.

THE COURT:  And in the last 24 hours, have you had any drugs or medicine or pills?

THE DEFENDANT:  No.

THE COURT:  Have you had any alcoholic beverages in the last 24 hours?

THE DEFENDANT:  No.

THE COURT:  And have you ever been hospitalized or treated for drug addiction or alcoholism?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for any mental or emotional health condition?

THE DEFENDANT:  No.

THE COURT:  Okay.  And, sir, is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  And you understand what's going on?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Liu, as someone who has been charged in a federal criminal case, you have certain rights. One of your rights is to have a lawyer, a right to counsel, and you have a right to a lawyer of your own choosing, and I

LEEANN N. MUSOLF, RPR, Official Court Reporter

Proceedings

understand that you have retained lawyers who are seated at the table today.

Now, you have a right to have a lawyer present at all stages of your case from the time you're arrested or charged to however your case may end.  That includes any appeal or any trial on any charges.  And if you couldn't afford a lawyer, the Court would appoint one for you.

Do you understand what I have explained?

THE DEFENDANT:  Yes.

THE COURT:  And are Mr. Morak and Mr. Abramson your lawyers?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  If, at any time, you need to speak with them for any reason, because you need reassurance, you have a question, for any reason at all, just let me know and I will permit you to do so, okay?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Have you had any difficulty meeting or communicating with your lawyers?

THE DEFENDANT:  No.

THE COURT:  Have you had enough time to discuss your decision to enter a guilty plea today with them?

THE DEFENDANT:  Yes.

THE COURT:  And are you fully satisfied with the representation and advice that they've provided you?

Proceedings

THE DEFENDANT:  Very satisfied.

THE COURT:  Okay.  And, Mr. Morak, have you discussed with your client what it means to enter a guilty plea?

MR. MORAK:  Yes, Your Honor, and that has happened multiple meetings.

THE COURT:  Okay, great.  And have you had any difficulty meeting with him or discussing his case with him or the decision he's making today?

MR. MORAK:  No, Your Honor.

THE COURT:  Okay.  And are you fully satisfied that he understands the rights he would be waiving and giving up if he were to enter a guilty plea today?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Do you believe he's capable of understanding today's proceedings?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  And do you have any doubt at all about his competency to enter a guilty plea today?

MR. MORAK:  No doubt whatsoever.

THE COURT:  Okay.  And have you discussed with him the maximum and minimum sentence and fine that could be imposed upon him if -- on the charges that he enters a guilty plea to?

MR. MORAK:  Yes, Your Honor.

Proceedings

THE COURT:  Okay.  And you've discussed with him the sentencing guidelines and how the guidelines might affect his case?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  And I presume that you've had the assistance of -- but I would like you to confirm -- an interpreter during your discussions with him?

MR. MORAK:  Through every discussion.  There have been no discussions without an interpreter.

THE COURT:  Okay.

And, Mr. Liu, did you have an opportunity to discuss the Indictment which is the document that contains the charges against you?  Did you have an opportunity to discuss those with your lawyers?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And you believe you understand what the Government has charged you with, sir?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Mr. Morak, did you have the portions of the Indictment relating to your client translated orally or in written or both?

MR. MORAK:  Orally, Your Honor.

THE COURT:  Okay.  And was that a word-for-word translation?

Proceedings

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  And was that true for the plea agreement as well?

MR. MORAK:  Absolutely, Your Honor.

THE COURT:  Okay.

Now, Mr. Liu, I am actually going to explain, because I am required to, what the Government has charged you with, with respect to the count -- but I understand you wish to plead guilty to -- okay, and what the Government has charged in the Indictment.

Now, in Count 11, the Government has charged you with a felony that's called a money laundering conspiracy. And in Count 11, the Government alleges that you were a member of a conspiracy, that you joined what's known as an illegal agreement, and the objective of that agreement, or purpose of that agreement, was money laundering.  And, specifically, the Government alleges that the objective or purpose of that conspiracy was to use financial institutions and engage in financial transactions using proceeds that were derived from or came from certain unlawful activity.

And the Government alleges that the amounts involved were greater than $10,000 and that the proceeds at issue were derived from, or came from, certain specific illegal activity, and they specifically says it comes from fraud and wire fraud.

Do you understand what I've explained, sir?

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

THE DEFENDANT:  Yes.

THE COURT:  And, Mr. Liu, when someone pleads guilty to a felony offense in federal court, they are giving up their right to trial.  And when they're doing that, they're giving up their right to have the jury determine their guilt.

Now, if -- in order for you to fully understand what it means to give up that right, I am going to explain to you what happens during a jury trial.

In a jury trial in a federal criminal case, it's the Government that has the burden of proof and it's their burden to prove your guilt and they have got to prove your guilt what's known as beyond a reasonable doubt.  And you don't have to prove your innocence.

Do you understand what I have explained?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, in order for the Government to get a jury to return a guilty verdict against you on this Count 11, money laundering conspiracy, they have to prove certain things, okay?  And those things are called elements of an offense.  And what I am going to do is actually explain to you what the Government would have to prove for the jury to return a guilty verdict against you on this charge in Count 11.

Do you understand what I am about to explain to you, sir?

Proceedings

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, as I mentioned, the Government alleges or charges, in Count 11, that there was a conspiracy to commit money laundering.  For the jury to return a guilty verdict on that charge, they've got to show that two or more people joined an unlawful agreement and that you became a member of that unlawful agreement with a knowledge and intention to join it, to join that conspiracy or agreement.  And they've got to show that the objective of that agreement was illegal.  And, here, specifically, the objective was money laundering.  In other words, they have got to show that the purpose of the agreement that you entered into was to commit money laundering.

But what is money laundering?  That's when someone engages in a transaction that affects interstate commerce, which just simply means that it could be money that crosses state or international lines or money was sent using wires or means or methods that crossed state or international lines.  It also means that the money or transactions involved proceeds that are greater than $10,000 and the proceeds are derived from illegal activity and the people engaged in that transaction are doing so with the knowledge that the proceeds are derived from illegal activity.

And in order for someone to engage in money laundering, the transaction has to either take place in the

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

18
Proceedings

United States or the person being charged with it has to be a U.S. citizen or national or permanent resident.

So to recap, the Government has alleged that you're a member of an illegal agreement or conspiracy to enter into money laundering or engage in money laundering. To prove that, they are going to have to show at a trial that there was an agreement by two or more people and the purpose of that agreement was money laundering. And they've got to show that you became a member of that agreement.

And I have explained to you, for you to understand what money laundering is, I have defined that for you in greater detail. The Government has to show that the purpose of the agreement that you intentionally and with knowledge of, became a member of, the purpose was to engage in money laundering.

Do you understand what I have explained, sir?

THE DEFENDANT: Yes.

THE COURT: Okay. The Government believe I've correctly summarized the charge and it's elements?

MS. GONZALEZ: Yes, Your Honor.

THE COURT: Counsel, do you agree?

MR. MORAK: Yes.

THE COURT: Okay. Mr. Liu, I would like to go over with you now the rights you have and the rights you would be giving up if you enter a guilty plea.

Proceedings

First of all, you have previously entered a plea of not guilty.  That means you have a right to plead not guilty and you have the right to plead not guilty and continue forward with your not guilty plea.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  What that means is that even if you are guilty, you have a choice.  It's up to you to decide what to do, not the Government, not the lawyer, not me, not anyone else.  So if you wish, you can keep your not guilty plea and proceed to trial on the charges in the Indictment, or you can withdraw your not guilty plea and enter a plea of guilty today, which is what I understand you wish to do.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  If you were to continue with your current not guilty plea, you are entitled to, under the Constitution and laws of the United States, to what's known as a speedy and public trial.  And as I mentioned, that would be before a jury.  And you would have the assistance of your lawyers at that jury trial and that the trial would be about the charges in the Indictment, and you would be -- have the assistance of your lawyers in that trial about those charges in the Indictment.

Do you understand what I have explained?

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And as I mentioned before, if you did have that trial, the -- at the trial, you would be presumed innocent.  You would not have to prove your innocence.  As I mentioned before, under the Constitution and laws of the United States, it's the Government that bears the burden of proof, and it's got to prove those things that I went over with you in order for the jury to return a guilty verdict, and they've got to prove all of that beyond a reasonable doubt.

If the Government failed to prove its case against you beyond a reasonable doubt, the jury would be required to return a not guilty verdict in your favor.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, during a trial, witnesses for the Government would come forward and they would be required to testify in your presence in court.  Your lawyer would have an opportunity to cross-examine those witnesses, to offer argument on your behalf, also to object to evidence offered by the Government, and offer evidence on your behalf if that's what you wish to do.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Your lawyer would also have the

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

right and ability to compel or force witnesses to come to court to testify in your case.  They could do so by issuing subpoenas to those witnesses.

Do you understand that?

MR. ABRAMSON:  Sorry, Your Honor.

THE COURT:  It's okay.

THE DEFENDANT:  Yes.

THE COURT:  You can take your jacket off.  It's okay.

THE DEFENDANT:  Okay.

THE COURT:  Now, Mr. Liu, if you had a trial and if you wanted to testify in your own case, you could do that.  On the other hand, you could not be forced to testify.  And that's because, under the Constitution and laws of the United States, no person can be forced to be a witness against himself or herself.

And, so, if you went to trial and you chose not to testify, Judge DeArcy Hall would be required to inform the jury that they could not hold that fact, meaning they could not hold your decision not to testify in your own case.  The jury could not hold that against you in deciding whether -- whether the Government had met its burden of proof.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, if instead of going to

LEEANN N. MUSOLF, RPR, Official Court Reporter

Proceedings

trial, you plead guilty to a charge today and Judge DeArcy Hall accepts your guilty plea, there is not going to be a trial. You would be giving up your right to trial and each of the other rights I just mentioned to you. There will not be a trial in the case, and the Court would simply enter a judgment of guilty based upon the proceedings going on today.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. Now, if you do decide to plead guilty and you do, in fact, plead guilty today, I have to ask you questions about what you did in order to satisfy myself and Judge DeArcy Hall that you are, in fact, guilty of some crime and you're guilty of the crime that you're pleading guilty to. What that means is you have to answer my questions and acknowledge your guilt. But most importantly, it means you're giving up your right not to be a witness against yourself.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. And if you -- sir, if you enter a guilty plea today and you admit to criminal conduct and Judge DeArcy Hall accepts your guilty plea, you cannot appeal to a higher court about whether or not you committed that crime.

Do you understand that that would be over by your

Proceedings

guilty plea?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And are you willing to give up each of the other rights, your right to trial and all of the other rights that I have just mentioned?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  We have marked as Court Exhibit 2 an agreement, a plea agreement, that I note is signed by the Government; it's signed by Mr. Liu; it's signed by his lawyers; and it indicates that it has been translated as well.

Mr. Liu, did you review this agreement carefully?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And you discussed it with your lawyers?

THE DEFENDANT:  Yes.

THE COURT:  You believe you understand it?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Do you have any questions about it?

THE DEFENDANT:  No.

THE COURT:  Okay.

And, Ms. Gonzalez, is there anything that falls within paragraph 18 of this agreement?

MS. GONZALEZ:  No, Your Honor.

THE COURT:  Okay.  I just note, as was discussed

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

24

Proceedings

earlier, the parties crossed out the date on page four, paragraph three to reflect today's date, and I note that that change in date has been initialed by the Government and Mr. Liu and counsel.

Does the Government represent that Court Exhibit 2 is the entirety of the understanding that it has reached with Mr. Liu?

MS. GONZALEZ:  Yes, Your Honor.

THE COURT:  Okay.

And, Counsel, Mr. Morak, you have reviewed Court Exhibit 2 with your client?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  And it was, in fact, translated word for word either orally or in writing?

MR. MORAK:  Word for word orally, Your Honor.

THE COURT:  Okay.  And you discussed the document with him?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.  And is it correct that this agreement is the entirety of the understanding your client's reached with the Government?

MR. MORAK:  Yes, Your Honor.

THE COURT:  Okay.

Mr. Liu, is there any particular provision of this agreement that you need explained in further detail?

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

THE DEFENDANT:  No.

THE COURT:  Okay.  And outside of this agreement, have there been any other promises that have been made to you by the Government or anyone else that's causing you to plead guilty today?

THE DEFENDANT:  No.

THE COURT:  Okay.  Now, I am required to explain to you certain things in this agreement even if you indicate to me, as you have, that you understand it and you have discussed it with your lawyer, and that's what I am going to do right now.

The first thing I am going to explain to you are what the terms of imprisonment and the fine that can be imposed upon you for this charge, okay?

For money laundering conspiracy, the minimum time in prison is zero years and the maximum time is ten years.  After someone is released from federal prison, they are subject to the supervision of the Probation Department, which enforces certain conditions pursuant to which the person is released.

Now, those conditions, those things are like conditions that say don't commit another crime.

How long can you be under the supervision of the Probation Department?  The maximum amount of time is three years.  In other words, the maximum amount of time for supervised release is three years.  Now, you're subject to an

26

Proceedings

additional potential two years in prison if you were to violate a condition of your release, if you were to violate your supervised release.

You're also subject to a fine. The fine is the greater of $250,000 or twice the gross gain or loss or twice the amount of the value of the property derived from the illegal transactions.

Do you have a question, Mr. Liu? Do you --

MR. MORAK: No, he was just clarifying that you said that was the maximum.

MR. ABRAMSON: Yes, I just wanted to clarify that that was the maximum fine.

THE COURT: Yes. I am informing you, Mr. Liu, of the maximum penalties here, not necessarily the actual fine. It could be, but the Court will determine what fine to impose upon you and what sentence to impose on you. What I am describing for you now is the maximum, the most that could ever be imposed upon you by the Court. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Okay. Now, you're also subject to what's known as a restitution obligation. Those are payments to victims to compensate them for their losses, and that's an amount the Court will determine. You're also subject to forfeiture, which I will describe in detail in a moment.

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

Forfeiture is when you have to give up your rights to certain property, money, or things that are considered to be derived from or related to your criminal activity.  You're also subject, separately, to a mandatory $100 special assessment fee, and you're also subject to potential removal from the United States, which I will also discuss with you in detail.

But do you understand what I have explained to you thus far, sir?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Now, on page two, paragraph two of this agreement, it says that you're agreeing that you engaged in certain conduct as if you had been convicted of a criminal charge, charging that offense.

What does that mean?  The Indictment, which is the charging document, has a number of other felonies that you are charged be besides Count 11, okay?  One of those is Count 9, which charges you with a crime of unlicensed money transmitting business, okay?

Now, in this paragraph in the plea agreement, it says that you are agreeing that the Court can consider that you have engaged in the conduct that is alleged in Count 9 of the Indictment.  In fact, the Court can treat it like you've been convicted, found guilty of the Count 9, and you're agreeing to that.

Proceedings

Do you understand what I have explained, sir?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Do you need to switch?

THE INTERPRETER:  Yes.

THE COURT:  Okay.

THE INTERPRETER:  Thank you, judge.

THE COURT:  This paragraph also says that because you are agreeing that the Court can act as if you have been convicted of this offense, you're waiving your right to a jury trial on that offense.

This Spanish interpreter now the one is the white shirt.  And you're waiving your right to what's known as a Fatico hearing, which is an evidentiary hearing, about what actually happened.  You're waiving your right to a hearing.

So do you understand that, that you are waiving your rights to have an evidentiary hearing or a jury trial on the offense that the Court is going to treat as if you've been convicted of?

THE DEFENDANT:  Yes -- yes, Your Honor.

THE COURT:  And do you understand that what it ultimately means, that the Court is going to proceed as if you have been convicted of this additional offense and the Court can consider that in determining what your sentence is, and that could potentially lead to a higher sentence.

LEEANN N. MUSOLF, RPR, Official Court Reporter

Proceedings

Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay.

THE DEFENDANT: Yes.

THE COURT: Okay. Now I am going to explain to you the sentencing guidelines in a moment in detail, but before I do that, I want to explain a couple of other provisions of the agreement, okay?

Paragraph five of the agreement -- and I am going to read this to you so it's translated word for word, paragraph five says: The defendant agrees not to file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a term of imprisonment of 41 months or below.

What that means is -- what that means is that should Judge DeArcy Hall give you a sentence of 41 months or less, you are agreeing that you will not appeal either the sentence or your conviction.

Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. And I mentioned to you before your forfeiture obligations, okay? Paragraph seven of this agreement says that you're giving up your right to $118,436.62, which is an amount the Government believes was related to your criminal activity.

Proceedings

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, other paragraphs of this agreement say that you will assist the Government in trying to recover those monies.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And it also provides that you are obligated to pay those monies to the Government as part of this agreement you're reaching with them.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And it also provides that you have to disclose your financial assets and your financial condition to the Government.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Also, if you plead guilty to a felony and the felony charged in Count 11, do you understand that it could lead to your removal from the United States if you're not a United States citizen?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  And do you understand that your removal from the United States, that's a separate proceeding?

THE DEFENDANT:  Yes.

Proceedings

THE COURT:  That's an immigration proceeding, and it's not decided in this courthouse and it's not decided by Judge DeArcy Hall.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  And do you understand that if you plead guilty to this felony in Count 11, your removal from the United States may, in fact, be automatic.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  Mr. Liu, paragraph 17 of this agreement, okay, it discusses circumstances in which the Government would move for a reduction in your guidelines calculation if certain things happen, and specifically, if certain other people pled guilty.  And do you understand that because the date for those defendants to plead guilty has come and gone, and, as of now, the Government has said today that they are not going to seek to have your sentence reduced based upon a global agreement, meaning based upon other defendants also not -- also pleading guilty.

Do you understand that that's not going to happen as of now?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  And are you still willing to proceed forward in pleading guilty today even though the

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

Government is not going to seek to have a reduction in your sentence calculation based upon a global agreement?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Liu, outside of anything I have just explained, do you need anything else explained to you in this agreement that you have questions about?

THE DEFENDANT:  No.

THE COURT:  Okay.  And outside of the guidelines calculation, which I will go over in a moment, does the Government believe there's anything else I should go over with Mr. Liu?

MS. GONZALEZ:  No, Your Honor.

THE COURT:  Okay.

Counsel, anything else you would like me to go over with your client?

MR. MORAK:  No, thank you, Your Honor.

THE COURT:  Okay.

Mr. Liu, I am going to explain to you how Judge DeArcy Hall is going to decide what sentence to impose upon you, okay?

As a first step, she will consider what are known as the advisory sentencing guidelines to determine what a reasonable sentence in your case would be.

The sentencing guidelines are issued by a federal agency known as the United States Sentencing Commission, and

Proceedings

those guidelines are advisory.

What does that mean? Okay. The guidelines lead to a calculation, which is known as a guidelines range, which is an amount of time or term in prison. It's a range of time in prison. They are advisory, which means that they are not mandatory.

What does that mean? That means Judge DeArcy Hall is not required to give you a sentence in that range, okay? But she is required to conduct or calculate what that range is even if she's not required to give you a sentence in that range. And that's because that guidelines calculation and that guideline range, it's an important part of sentencing.

Do you understand what I have explained?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. And you've discussed the sentencing guidelines with your lawyer?

THE DEFENDANT: Yes.

THE COURT: Now, as a second step, Judge DeArcy Hall will determine whether there are any factors that will allow her to depart either upwardly or downwardly from the guidelines calculation. In other words, impose a sentence that's either more severe or less severe than the guidelines range.

In addition, there's a federal sentencing law, and it requires Judge DeArcy Hall to consider certain factors in

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

determining what your sentence should be.  What are those factors?

Those are things like what you did, your background, your facts and circumstances, in other words.  And it may be that what's known as a non-guidelines sentence would be appropriate.

The bottom line of all of this is that until your actual date of sentencing, you can't know with certainty what the guidelines calculation will be, whether there are grounds to depart upwardly or downwardly, or whether a non-guidelines sentence is appropriate for you.

Do you understand what I have explained, sir?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Judge DeArcy Hall has set your sentencing date as October 25 of 2024 -- of this year, in other words -- at 12:00 p.m.  If the parties need to change that date, they can contact her chambers.

Okay.  Now, Mr. Liu, before your sentencing date, you are going to be interviewed by the Probation Department. The Probation Department will issue what is known as a presentence investigation report.  That will report certain facts and circumstances like what you did, your background, things like that.  You will have an opportunity to review that report with your lawyers and challenge any of the facts that are reported by the Probation Department.  And the report will

Proceedings

also recommend a guideline range to Judge DeArcy Hall.

Do you understand what I have just explained?

THE DEFENDANT:  Yes, I do.

THE COURT:  Now, despite what I have said, it's important for you to know what the potential guidelines sentence may be based upon the facts that are known now.  You have to understand that this is a guess, because it's an estimate, that could be wrong.

So do you understand what we are about to discuss with you is an estimate, a guess, about what your guidelines range would be?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And what's the Government's guideline estimate?

MS. GONZALEZ:  Your Honor, as described in paragraph three of the plea agreement, the Government believes the defendant falls within a Criminal History Category of I, applying a three-level reduction in the offense level for the defendant accepting responsibility.  And for doing so by today, the Government has calculated an adjusted offense level of 19.  And that brings his guide -- estimated guidelines range to 30 to 37 months of imprisonment.

THE COURT:  Okay.  And just to confirm, that does not include any reduction for global resolution, correct?

MS. GONZALEZ:  That is correct, Your Honor.

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

MR. MORAK:  That is correct, Your Honor.

THE COURT:  Okay.  So, Mr. Liu, the Government's estimate of the guidelines range is for a range of imprisonment for you of 30 to 37 months, okay?  Now, in the plea agreement, it says that the defendant stipulates to the above guidelines calculation.  And what that means is you're agreeing that this is the calculation that leads to this range.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And do you understand that this estimate or guess, it's not binding on Judge DeArcy Hall, it's not binding on the Probation Department, it's not even binding on the Government.

Do you understand that?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  And do you understand that if this estimate we just discussed is wrong, you will not be permitted to withdraw your guilty plea?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.

Counsel, have you provided your client with an estimate?  I don't need to know what it is, but you've provided with him an estimate of the guidelines range?

MR. MORAK:  As discussed, yes, Your Honor.

Proceedings

THE COURT:  Okay.

Mr. Liu do you understand that if your lawyers' estimate of what the guidelines range is, is wrong, you cannot withdraw your guilty plea?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  The point of me saying this is that Judge DeArcy Hall is not bound by anything in this agreement.  She's not bound by what the Government says, what your lawyer says.  She can sentence you based upon her interpretation, her understanding of the guideline range, her guideline calculation, and the sentencing law.

And furthermore, although the guidelines range is an important part of sentencing, she can decide on a sentence that's either more severe or less severe than that range or, as I mentioned before, impose a non-guideline sentence entirely.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, also, under the federal sentencing system, for individuals who are sentenced now in the federal system, there is no right to a parole board or parole commission to get out early.  What that means, practically speaking, is that whatever sentence you receive from Judge DeArcy Hall, that's going to come pretty close to the amount of time you spend in prison actually because for

Proceedings

individuals sentenced now in the federal system, there is no parole board or parole commission to appeal to to say, hey, I would like to get out early.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Is there anything you want to ask me about, anything at all, about what you're charged with, what your rights are, or anything else that may not be clear to you?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  And you're ready to plead, sir?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Mr. Morak, are you aware of any reason your client should not enter a guilty plea to Count 11 in the Indictment?

MR. MORAK:  No, Your Honor.

THE COURT:  Are you aware of any complete legal defense to the charge that would prevail at a trial?

MR. MORAK:  No, Your Honor.

THE COURT:  Okay.

Mr. Liu, how do you plead to Count 11, money laundering conspiracy; guilty or not guilty?

THE DEFENDANT:  Yeah, guilty.

THE COURT:  Okay.  And are you making this decision to plead guilty voluntarily and of your own free will?

Proceedings

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened you or forced you or pressured you in any way to plead guilty today?

THE DEFENDANT: No.

THE COURT: And outside of the agreement we went over, has anyone made any other promises to you that are causing you to plead guilty today?

THE DEFENDANT: No.

THE COURT: Okay. Has anyone promised you what sentence you would receive from Judge DeArcy Hall if you entered a guilty plea today?

THE DEFENDANT: No.

THE COURT: Okay. Can you tell me, in your own words, what you did that's leading you to enter a plea and leading you to believe you're guilty of this crime.

Okay. One moment. I understand, or I see at least, that Mr. Liu wishes to read a statement; is that correct?

MR. MORAK: That is correct, Your Honor. We had met with him on multiple occasions; we reviewed the allocution; we wrote it out in English; we had it prepared and written out by the interpreter in his native language, which he would like to read.

THE COURT: Okay. So this is how we should proceed: He should read it out loud and then -- the whole thing from beginning to end, and then it can be translated afterwards

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

based upon the text by the translator so we don't have to do simultaneous translation.  But speak into the microphone and read it out loud, please.

THE DEFENDANT:  Your Honor, I plead guilty to Count 11 of Indictment, the money laundering conspiracy.

Between May of 2021 and August of 2022, I agreed, with other codefendants, to launder money -- money that was deposited or transferred into my account.  I know that a co-conspirator directed a victim of the wire fraud scheme to transfer money into my bank account.  Between November 5 and November 8, 2021, account amounts in excess of $50,000 were transferred into my account by a victim of the wire fraud, and then I transferred this money out to another account.

The transfers and withdrawals included more than $10,000 that were originally from the wire fraud victim.  I knew that the money that I transferred was the proceeds of illegal activities.  I know that my conduct affected interstate commerce.  My conduct took place in the Eastern District of New York and elsewhere.  I know that my conduct in joining the conspiracy and committing the -- the acts I just described was against the law, and I apologize and accept full responsibility for my actions.

THE COURT:  Okay.  Thank you, Mr. Liu.

Mr. Liu, you just read a statement out loud.  Did you actually take all of the actions and do the things that

Proceedings

you described in your statement?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And one other question:  The transfer of the money from a co-conspirator to your account and then the subsequent transfer to another account, those were done as part of your agreement that you had with the co-conspirator?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And did those transfers take place in the United States?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And were those banks or financial institutions or accounts located in the United States as far as you know?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And when the money was transferred to your account and transferred out, did you understand that the monies were proceeds from some kind of illegal activity?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Does the Government believe any other factual allocution is necessary?

MS. GONZALEZ:  Your Honor, apologies, because I just can't remember if this was said, whether the transfers to the

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

42

Proceedings

other account involved property greater than $10,000.

THE COURT:  I believe he said that, but --

MR. MORAK:  He did.

MS. GONZALEZ:  He did?  Okay.

THE COURT:  But I can just confirm.

Mr. Liu, the money that was transferred from your account to another account, was that in excess of $10,000?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I actually have one follow-up question.  When you agreed with a co-conspirator to engage in this conduct, your agreement to do so was voluntary and you knew what you were doing?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

Any other allocution that the Government believes is necessary?

MS. GONZALEZ:  No, thank you, Your Honor.

THE COURT:  Okay.

And, Mr. Morak, do you believe any other allocution is necessary?

MR. MORAK:  No, sir.

THE COURT:  Okay.

All right.  So based upon the information that has been given to me, I find that Mr. Liu is acting voluntarily, he fully understands the charges against him, he understands

*LEEANN N. MUSOLF, RPR, Official Court Reporter*

Proceedings

his rights, he understands the consequences of his plea, and there's a factual basis for his guilty plea to this Count 11 in the Indictment.  It's therefore my recommendation to Judge DeArcy Hall that she accept his guilty plea to Count 11 of the Indictment.

And what's the Government's position on bail?

MS. GONZALEZ:  The Government is not seeking detention at this time or to modify any conditions of bail.

THE COURT:  Okay.

And, Counsel, is that your position, as well?

MR. MORAK:  At this time, yes, Your Honor.

THE COURT:  Okay.

So, Mr. Liu, you're going to be released today on the same conditions that you have been subject to before.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that, as you were told before, there are consequences to violating bail conditions?

THE DEFENDANT:  Yes.

THE COURT:  And I am going to inform you now that there could be another consequence, which is now that you have pled guilty and you're going to be sentenced by Judge DeArcy Hall, she can consider your conduct moving forward in deciding what sentence to impose upon you for the

Proceedings

crime you have just pled guilty to.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Do you have any questions about your condition or your consequences of violating bail or anything else?

THE DEFENDANT:  No.

THE COURT:  Okay.

Anything else from defense counsel?

MR. MORAK:  Nothing further, Your Honor.  Thank you.

THE COURT:  Okay.

Anything else from the Government?

MS. GONZALEZ:  No, Your Honor.  Thank you.

THE COURT:  Okay.  I wish you all good health.  Have a nice day.

(Matter adjourned.)

*   *   *   *   *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/ Leeann N. Musolf      4/22/2024

Leeann N. Musolf          DATE


*LEEANN N. MUSOLF, RPR, Official Court Reporter*