**LAW OFFICES**

**LAZZARO LAW FIRM, P.C.**

360 COURT STREET
SUITE 3
BROOKLYN, NEW YORK 11231

TELEPHONE:  (718)  488-1900
TELECOPIER:  (718)  488-1927
EMAIL: LAZZAROLAW@AOL.COM

LANCE LAZZARO

RANDALL LAZZARO *

————————————

JAMES KILDUFF *
JAMES KIRSHNER
ROGER GREENBERG

\* ADMITTED IN NY & NJ

February 13, 2025

**BY ECF**

Honorable LaShann DeArcy Hall
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**Re:    United States v. Yanbing Chen**
          **Docket No.:   1:22-CR-0458-005 (LDH)**
          **Sentencing Memorandum**

Dear Judge DeArcy Hall:

　　Please be advised that I am writing this letter on behalf of Yanbing Chen, who is currently scheduled to be sentenced before your Honor on February 27, 2025, at 11:00 a.m.  As the Court is aware, Mr. Chen pleaded guilty, pursuant to a plea agreement, to Conspiracy to commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

　　However, there is a disagreement between the Pre-sentence Investigation Report (hereinafter "PSR") and the government's position, as stated within the plea agreement, regarding the appropriate Guideline calculation.  Pursuant to the plea agreement, the government and the defense agreed to calculate the Guideline range for the two pleas separately, and then conduct a grouping analysis to determine the total offense level and the corresponding adjusted offense level (while assuming reductions for Mr. Chen's acceptance of responsibility).  The PSR takes a different position.  The PSR combines the money laundering conspiracy offense with the stipulated conduct and then calculates the offense level accordingly.  The government's letter, dated November 27, 2024, notes their objection to the methodology used within the PSR to calculate Mr. Chen's Guideline sentencing range.  I join in the government's objection to the PSR's methodology used to calculate Mr. Chen's Guideline sentencing range.

As per the plea agreement, and consistent with the analysis used by the government in their letter from November 27th, Mr. Chen's adjusted total offense level should be 19, and given his Criminal History Category I, his Guideline sentencing range should be 30-37 months imprisonment. However, as also stipulated within the plea agreement, Mr. Chen's plea to Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1), subjects Mr. Chen to an additional 24-month term of imprisonment. Accordingly, his effective Guideline sentencing range is actually 54-61 months.

Considering Mr. Chen's "history and characteristics," see 18 U.S.C. § 3553(a)(1), particularly, the attributes articulated within the attached character letters, Mr. Chen's lack of any prior criminal record, and his inevitable deportation, I am asking your Honor to find that a sentence outside of the suggested guideline range is appropriate and sentence Mr. Chen to one year in prison, consecutive with the two years imprisonment mandated for the Aggravated Identity Theft conviction.

## YANBING CHEN'S "HISTORY AND CHARACTERISTICS"

In support of the requested sentence, I am asking that your Honor, in accordance with 18 U.S.C. § 3553(a)(1), consider Mr. Chen's "history and characteristics," including his lack of any prior criminal record and the qualities expressed within the attached character letters. Mr. Chen has submitted character letters which he hopes will provide your Honor with a true sense of his character and qualities. The letters submitted on behalf of Mr. Chen present a common theme. They describe Mr. Chen as an extremely kind individual who is always willing to help a friend in need.

For example, Mr. Chen's childhood friend, Changli Xie, describes him as warm and friendly, always willing to help his friends, while remaining sincere and honest. Similarly, Mr. Chen met Jayden Zheng about eight years ago in a Japanese restaurant, and Mr. Zheng explains how Mr. Chen took the initiative to explain the details of the job. Mr. Zheng's letter stresses how Mr. Chen was always ready to help his co-workers. In general, those who know Mr. Chen describe him as someone of the highest moral character, who is hard-working, caring, and someone who will be there for a friend or co-worker in need.

## ADEQUATE AND APPROPRIATE SENTENCE

The proposed sentence of one year consecutive with two years in prison will be sufficient for the protection of the public. See 18 U.S.C. § 3553(a)(2)(C). This is a non-violent offense. Such a sentence would also be a sufficiently long enough prison sentence, under the circumstances, to provide adequate deterrence against similar offenses in the future. See 18 U.S.C. § 3553(a)(2)(B). Three years in prison, along with an adequate time on supervised release, will also sufficiently reflect the seriousness of the offense, promote respect for the law, and represents a just punishment for Mr. Chen's actions. See 18 U.S.C. § 3553(a)(2)(A). Finally, three years in prison will effectively address any of his educational or vocational training needs. See 18 U.S.C. § 3553(a)(2)(D).

      Finally, as noted in the PSR, see PSR at p. 2 and p. 20, ¶ 111, Mr. Chen is not a United States citizen and he is currently undocumented with no legal residency in this country. Therefore, Mr. Chen's two felony convictions essentially require mandatory deportation, making his removal from the United States basically inevitably. He will likely be deported to his native country of China once he has finished serving any future prison sentence. While Mr. Chen must obviously be punished for his involvement in the underlying conspiracy and identity theft, it seems to make sense from both a cost-effective and a rehabilitative perspective, to reduce Mr. Chen's prison sentence in order to achieve earlier deportation. The government will both save money and Mr. Chen will be forced to rehabilitate himself back into Chinese society.

      Considering the issues discussed above, including the facts and circumstances of this case, Mr. Chen's "history and characteristics," see 18 U.S.C. § 3553(a)(1), including his lack of any prior criminal record, his inevitable deportation, and the good qualities expressed within the attached character letters, while also looking at an appropriate sentence under 18 U.S.C. § 3553(a)(2), there are factors justifying a sentence outside of the suggested guideline range, and I respectfully request that your Honor sentence Mr. Chen to one year in prison, consecutive with the two years imprisonment mandated for his Aggravated Identity Theft conviction, along with an appropriate amount of supervised release.

      I am also asking your Honor to run this sentence concurrent with Mr. Chen's impending sentence out of the United States District Court for the District of Massachusetts (Boston), under Docket Number 1:22-CR-10279.

                                            Very Truly Yours,

                                            LAZZARO LAW FIRM, P.C.

                                      BY: _____
                                               LANCE LAZZARO

cc.:    AUSA Benjamin Weintraub
        via e-mail: benjamin.weintraub@usdoj.gov

        AUSA Miranda Gonzalez
        via e-mail: miranda.gonzalez@usdoj.gov

        AUSA Raffaela Belizaire
        via e-mail: raffaela.belizaire@usdoj.gov

        U.S. Probation Officer Nicole Gervase
        via e-mail: nicole_gervase@nyep.uscourts.gov