UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | PRELIMINARY ORDER OF FORFEITURE |
| - against - | 22-CR-458 (LDH) |
| LINGMING ZENG,<br>    also known as "Weiting Chen," | |
| Defendant. | |

- - - - - - - - - - - - - - - - -X

WHEREAS, on or about January 29, 2024, Lingming Zeng, also known as "Weiting Chen" (the "defendant"), entered a plea of guilty to the offenses charged in Counts One, Eight, Eleven, and Twenty-Eight of the above-captioned Indictment, charging violations of 18 U.S.C. §§ 371, 1349, and 1956(h); and

WHEREAS, pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2), and 982(a)(6)(A), the defendant has consented to the entry of a forfeiture money judgment in the amount of eight hundred fifty-three thousand fifty-two dollars and sixty-six cents ($853,052.66) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Forfeitable Assets"):

(i) any and all funds, up to an amount of six hundred forty thousand five hundred seventy dollars and sixty-five cents ($640,570.65), on deposit in Wells Fargo bank account number 2556866404 held in the names of JJ Max Trading Corp and Junjie Lin, and all proceeds traceable thereto (the "JJ Max Trading Account"); and

(ii) any and all funds, up to an amount of two hundred twelve thousand four hundred eighty-two dollars and one cent ($212,482.01), on deposit in Wells Fargo bank account number 5412267956 held in the name of Junjie Lin, and all proceeds traceable thereto (the "Junjie Lin Account"),

as: (a) any property, real or personal, involved in the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to operate an unlicensed money transmitting business, 18 U.S.C. § 1960(a), and 18 U.S.C. § 1956(h), or any property traceable to such property; (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349, to wit, conspiracy to commit bank fraud, 18 U.S.C. § 1344; (c) any conveyance, including any vessel, vehicle, or aircraft used in the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to commit passport fraud, 18 U.S.C. § 1543; (d) any property, real or personal that: (i) constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (ii) is used to facilitate, or is intended to be used to facilitate, the commission of such offense; and/or (e) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

WHEREAS, the defendant represents that he is the true and/or beneficiary owner of the Forfeitable Assets and agrees to forfeit all right, title, and interest in the Forfeitable Assets.

WHEREAS, Wells Fargo, is hereby commanded to liquidate the contents of the Forfeitable Assets and transfer those funds as directed by the duly authorized law enforcement agents, officers, or contractors of the Federal Bureau of Investigation.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.  Pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(2), 982(a)(6)(A), and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Forfeitable

Assets.  The forfeiture of the Forfeitable Assets shall be credited towards the Forfeiture Money Judgment.

        2.        All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument.  The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date").

        3.        Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Forfeitable Assets, to conduct any proper discovery, in accordance with ==Fed. R. Crim. P. 32.2(b)(3)== and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

        4.        In addition, the defendant agrees to forfeit all right title and interest in the Forfeitable Assets and Wells Fargo is directed to liquidate the contents of the Forfeitable Assets and transfer those funds as directed by the duly authorized law enforcement agents, officers, or contractors of the Federal Bureau of Investigation.

        5.        The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Forfeitable Assets in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent

practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeitable Assets as a substitute for published notice as to those persons so notified.

6. Any person, other than the defendant, asserting a legal interest in the Forfeitable Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Forfeitable Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Forfeitable Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Forfeitable Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Forfeitable Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeitable Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Forfeitable Assets to the United States. Further, if any third party files a claim to the Forfeitable Assets, the defendant will assist the government in

defending such claims. If the Forfeitable Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Forfeitable Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant acknowledges that the JJ Max Trading Account and Junjie Lin Account are held in the name of Junjie Lin, which is an alias for the defendant, and that the funds in the JJ Max Trading Account and the Junjie Lin Account constitute: (a) any property, real or personal, involved in the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to operate an unlicensed money transmitting business, 18 U.S.C. § 1960(a), and 18 U.S.C. § 1956(h), or any property traceable to such property; (b) any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. § 1349, to wit, conspiracy to commit bank fraud, 18 U.S.C. § 1344; (c) any conveyance, including any vessel, vehicle, or aircraft used in the defendant's violation of 18 U.S.C. § 371, to wit, conspiracy to commit passport fraud, 18 U.S.C. § 1543; and (d) any property, real or personal that: (i) constitutes, or is derived from or is traceable to, the proceeds obtained directly or indirectly from the commission of such offense; and (ii) is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In

addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

11. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Forfeitable Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

12. The forfeiture of the Forfeitable Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

13. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

15. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

16. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Alfred Pelargu, FSA Senior Law Clerk, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:  Brooklyn, New York
              February 14, 2025

SO ORDERED:

_____s/ LDH_____
HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK