# THE KASEN AND LIU LAW FIRM, PLLC
## ATTORNEYS AT LAW

| | | |
|---|---|---|
| `LAWRENCE M. KASEN, Member * (retired) | * | Admitted in NY and SC |
| FANG LIU, Member ** | ** | Admitted in NY and NJ |
| ALEKSANDER B. MILCH *** | *** | Admitted in NY |
| ROBERT J. ADINOLFI *** | **** | Admitted in NY |
| CHENCHEN YAN *** | | |
| LOUIS H. KLEIN **** | | |

November 6, 2025

Via ECF and E-Mail

Hon. LaShann De Arcy Hall

United States District Judge

United States District Court

Eastern District Of New York

225 Cadman Plaza East 11201

Brooklyn, NY 11201

Re:  _United States v. Hua Zhou; Sentencing Memorandum; 22 Cr. 458 (LDS)_.

May it please the Court:

       This will serve as the sentencing memorandum in support of Hua Zhou. There is a disagreement between the Government in this case and Probation in its Presentence Report (hereinafter "PSR") . The adjusted total offense level is 18, which, based on a Criminal History Category of I, carries an advisory Guidelines range of 27 to 33 months' imprisonment. The PSR states that adjusted total offense level is higher at 21. _Compare_, Government's Sentencing Memorandum ECF 276 and PSR pp 17. The source of the conflict is that the PSR  groups Count 11 and the applicable guidelines for Unlicensed Money Transfer Business which produces an increase in the calculations.

       I join the in the Government's methodology in its objection and memorandum, but submit that given the over two years that Mr. Zhou has spent on supervised release without any violations, the undisputed minor role he played in the conspiracy, the difficulties to be suffered by his mother and two minor daughters, his ;lack of his  a more appropriate sentence of house arrest and probation would be of sufficient deterrence; or in the alternative a sentence of  24 months of incarceration.

cm

## BACKGROUND.

The Defendant was born on December 15, 1988 in Fujian China, His father resides in China and is retired from farming and factory work. His mother is in the United States and cares for the Defendant's minor daughters and is employed at a Community club. In 2012, he entered the United States. The Defendant married Dan Yan Liu (deceased) in 2011 in China. While in China the Defendant worked in factory. Unfortunately, the wife died in 2014 or 2015 due to a brain tumor while the defendant was residing in the United States. The above marriage produced two children, both of whom reside with the defendant's mother in Brooklyn. Yu Yuan Zhou (age and Yu Xin Zhou (age 14) attend school and are healthy. The Defendant obtained Lawful Permanent residence status and subsequently petitioned for his children to immigrate to the Unites States and his request was granted.

The Defendant owned a Japanese restaurant in Kentucky which had four employees which he states had four employees. The restaurant had purchased through savings and assistance from his sister. The restaurant was sold during the COVID-19 Pandemic for approximately $200,000.00. Previously, the defendant had worked in various service jobs in the United States. Currently, he works at `

Initially the Defendant's mother resided with the defendant but after he was arrested for this case, the mother moved from Kentucky to Brooklyn, to take care of them. The defendant visits them multiple times per week, and he provides his mother voluntary support (varies). The children are aware of the instant offense. If the defendant were to be sentenced to a term of incarcerated, he advised that the mother would not have financial issues supporting herself and the children. The defendant has a sister, who is close to, Xia Zhou and is employed as a teacher who is married and resides in Brooklyn.

The Defendant played a minor role in this conspiracy according to the PSR and has a net worth of $514.00.

## A REVIEW OF A 3553(A) FACTORS.

Under 18 U.S.C, 3553(a) a sentencing Court considers: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence opposed (A) to reflect the seriousness of the offense, to promote the respect for the law and to provide just punishment for the offense and (B) to afford adequate deterrence to criminal conduct and (C) to protect the public from further crimes and (3) the kinds of sentences available.

The Defendant has complied fully with the terms of his release and played a minor role in this conspiracy and continuing his probation would achieve the goals under §3553(a). Alternatively, a sentence of not more than 24 months would achieve the same objective. Where the sentencing court finds a disproportionate relationship between the punishment prescribed by the guidelines by the application of the Guidelines and the

particular facts and circumstances of the Defendant, an alternative, more appropriate sentence may be imposed. Indeed, the Court is required to conduct an individualized assessment of the sentencing facts in 3553(a) and the Guidelines are "at best only a rough approximation of the that might achieve §3553(a)'s objectives. *Rita v. United States*, 127 S.Ct 2456 (2007) (there is "no presumption of reasonableness for a sentence within the Guidelines"). A sentencing Court must assess the unique aspects of the case and In Gall, the Supreme Court held that the Guidelines should be the "starting point and the initial benchmark" for a district court's analysis of a reasonable sentence. Equally important, the sentencing judge "may not presume that the Guideline range is reasonable" and "must make an individualized assessment based on the facts presented." Id. at 596-597. Moreover, the Supreme Court rejected the appellate rule that required "extraordinary" circumstances or "rigid formulas" to justify a sentence outside the Guidelines range. Id. at 595. Thus, a sentencing court, after considering the advisory Guidelines sentencing range, is free to fashion a sentence that is reasonable and appropriate based upon all the sentencing factors set forth in § 3553(a). See also *United States v. Jones*, 460 F.3d 191, 194 (2d Cir. 2006). In addition, there is strong likelihood that the Defendant will be removed from the United States and the cost of the Government will in his continued incarceration will be would be unnecessary to serve the objectives of under §3553(a).

Respectfully,

/s/ROBERT J. ADINOLFI
ROBERT J.A DINOLFI, ESQ.