**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

Case No. 22 Cr. 458 (LDH)

v.

JIN FU ZHANG,

Defendant.

-----------------------------------------------------------X

**SENTENCING MEMORANDUM OF JIN FU ZHANG**

Barry Zone, Esq.
Moses & Singer LLP
*Attorneys for Jin Fu Zhang*
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 514-7800
E-mail: bzone@mosessinger.com

## INTRODUCTION

On February 11, 2026, Jin Fu Zhang ("Mr. Zhang") will stand before this Court to be sentenced upon his full acceptance of responsibility. As the Court considers the factors set forth in 18 U.S.C. 3353(a) to determine a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing, we urge the Court to judge Mr. Zhang not solely by the worst mistake that he has ever made in his life, but also give due weight to Mr. Zhang the committed husband, son, dedicated father, and compassionate friend.

The various letters submitted to the Court in support of Mr. Zhang tell the story of a reliable father who serves as a role model to his young children. They reveal a compassionate friend who serves them never forgetting those who have helped him during his times of need. They speak of a dedicated son and husband who serves as the rock of the family. We respectfully submit that these are the qualities and characteristics that most accurately define Mr. Zhang.

Mr. Zhang is a first-time offender. He appreciates the gravity of the harm that his actions have caused on the lives of the victims in this case and is remorseful. He found himself in desperation when the Covid-19 Pandemic ravaged this home, his city, and his business. With two young children and a wife to support, he compromised his true character. When his brother and co-defendant, Jin Hua Zhang presented an opportunity to regain financial stability, he made the most serious and worst mistake of his life, welcoming that opportunity. He took on the largely administrative role of identifying for victim-facing fraudsters bank accounts into which victim funds could be deposited, and then facilitated the transfer of those funds. There are no excuses for Mr. Zhang's conduct and he lives every day regretting his decision to get involved. Mr. Zhang is not a hardened criminal but, to the contrary, has lived the virtues of a man committed to his family and loyal to his community.

2

As the Court makes its determination of a sentence sufficient but not greater than necessary to satisfy the factors set forth in 18 U.S.C. 3553(a), we ask that the Court consider Mr. Zhang as a whole and respectfully request that he be sentenced to 18 months incarceration.

## DISCUSSION

### I.  Federal Sentencing Guidelines.

#### 1.  An Overview of Sentencing Post-*Booker.*

Since 2005, district courts have had wide discretion to impose non-Guidelines sentences as long as they are reasonable. *See United States v. Booker*, 543 U.S. 220, 226-27 (2005).  The Guidelines have become "effectively advisory," and are only "the starting point and the initial benchmark." *See, Gall v. United States*, 552 U.S. 38, 49, 62 (2007).  Moreover, "the Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *See, Nelson v. United States*, 555 U.S. 350, 352 (2009); *see also United States v. Cavera*, 550 F.3d 180, 184 (2d Cir. 2008) (explaining that a district court must "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense").

Therefore, although the Guidelines remain a factor, district courts must undertake an individualized assessment of each of the factors in 18 U.S.C. § 3553(a).  Ultimately, the overarching goal of sentencing is to ensure that a sentence is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing under § 3553(a). *See* 18 U.S.C. § 3553(a).

#### 2.  The Guidelines Calculation.

Pursuant to Mr. Zhang plea agreement and as confirmed by the Government's Guidelines calculation reflected in its sentencing submission, Mr. Zhang adopt the below calculation[1]:

---

[1] Under USSG § 2S1.1 Application Note 6, when a defendant is convicted of both money laundering and the underlying offense (here wire fraud), the counts are grouped under § 3D1.1(c).

<u>Count Ten – Wire Fraud Conspiracy</u>

| | |
|---|---|
| Base Offense Level (U.S.S.G. §§ 2X1.1(a), 2B1.1(b)(1)(I)) | 7 |
| Specific Offense Characteristics (Loss Greater than $9.5 Million but Less than $25 million) (U.S.S.G. § 2B1.1(b)(1)(K)) | +20 |
| Specific Offense Characteristics (Substantial Hardship to Five Or More Victims) (U.S.S.G. §§2B1.1(b)(2)(B)) | +4 |
| Specific Offense Characteristics (Sophisticated Means) (U.S.S.G. § 2B1.1(b)(10)(C)) | +2 |
| Adjustment for Minimal Role (U.S.S.G. § 3B1.2(a)0 | -4 |
| Adjustment for Zero-Point Offender (U.S.S.G. § 4C1.1) | -2 |
| **Total Adjusted Guidelines Offense Level** | **27** |

<u>Stipulated Conduct – Money Laundering Conspiracy</u>

| | |
|---|---|
| Base Offense Level (U.S.S.G. § 2S1.1(a)(1), 2B1.1(b)(1)(I)) | +27 |
| Specific Offense Characteristic (Conviction under 18 U.S.C. § 1956) (U.S.S.G. § 2S1.1(B)(2)(B)) | +2 |
| Specific Offense Characteristic (Sophisticated Laundering) (U.S.S.G. § 2S1.1(b)(3)) | +2 |
| Adjustment for Zero-Point Offender (U.S.S.G. § 4C1.1) | -2 |
| **Total Adjusted Guidelines Level** | **29** |

| <u>Grouping Analysis (§§ 3D1.1, 3D1.2, 3D1.3, 3D1.4)</u> | <u>Unit</u> | <u>Level</u> |
|---|---|---|
| Group 1: Count 10 and the Stipulated Conduct. | 1 | 29 |
| Total: | | 29 |
| Adjustment for Timely Acceptance of Responsibility | | -3 |

(U.S.S.G. § 3E1.1(a), (b))

**Adjusted Total:**                                                        **26**

Pursuant to the PSR, Mr. Zhang has a criminal history score of zero and thus falls under Criminal History Category I. Therefore, his advisory Guidelines sentencing range is 63-78 months' incarceration.

## II.     Application of 18 U.S.C § 3553(a).

In fashioning a sentence that is "sufficient, but not greater than necessary," the Court weighs the factors set forth in 18 U.S.C. § 3553(a), including, *inter alia*, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment; afford adequate deterrence; protect the public from further crimes of the defendant; and provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. We respectfully submit that a weighing of these factors strongly encourages a sentence of 18 months' incarceration.

### 1.  The Nature and Circumstances of the Offense

The nature and circumstances of the instant offense are reflected in Mr. Zhang's PSR. However, Mr. Zhang respectfully submits the following details not to minimize his remorse or full acceptance of responsibility but with the hope of providing the Court with further context for its consideration when balancing the factors set forth is 18 U.S.C. §3553(a).

Mr. Zhang had earned an honest living working as a co-owner of a nail salon on Staten Island. During the Covid-19 Pandemic, like countless small businesses, the nail salon fell to hard times. During this time of financial desperation, Mr. Zhang's brother and co-defendant, Jin Hua Zhang, recruited Mr. Zhang to participate in the instant scheme. The scheme in which Mr. Zhang participated was sprawling and indeed complex. However, as the Government has recognized in its sentencing submission, Mr. Zhang was a minimal participant. He was "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. §3B1.2, Application Note No. 4. Unlike the T5 Account Managers who insidiously lured victims into giving up their money, his role was largely ministerial. Mr. Zhang, did not personally launder any of victims' funds but simply identified for the T5 Account Managers, which bank accounts were available to receive victim funds, and facilitated the transfer of those funds.

Mr. Zhang deeply regrets ever participating in the scheme and is remorseful for his actions. As his wife, Yan Xian Zhang describes in her letter to the Court:

> I have witnessed his unprecedented pain, shame, and self-reflection. He has shed countless tears in confession to me, not because he fears punishment, but because he cannot face the harm and shame he has brought upon our family. I firmly believe that this lesson has been deeply engraved in his soul, especially because he has elderly parents and children who depend on his care. As further detailed below, Mr. Zhang's actions are not commensurate with his true character.

Exhibit A, *Yan Xian Zhang Ltr. Of Support*. Mr. Zhang's uncle, Changguo Zhang ("Changguo"), has also confirmed Mr. Zhang's genuine and deep sense of remorse stating:

> . . . I have had many deep conversations with Jin Fu Zhang and his parents. I have seen the sincere remorse in his eyes, heard his profound reflection on the root causes of his mistakes, and felt his strong determination to reform himself and make amends.

Exhibit B, *Changguo Zhang Ltr. Of Support*. As more fully detailed below, Mr. Zhang's

participation in the instant offense does not reflect his true character. As one of Mr. Zhang's friends, Changjian Zhang aptly describes, Mr. Zhang is "kind by nature and that this incident was a regrettable exception." Exhibit C, *Changjian Zhang Ltr. Of Support.*

2. **The History and Characteristics of Mr. Zhang**

Mr. Zhang was born on January 8, 1983 in Fu Jin, China. He came from modest means and was raised by loving parents, ChangKun Zhang ("ChangKun"), his father, and his mother Nen Mei Zeng ("Nen Mei"). He fled to the United States in 2005 to escape religious persecution. In 2010, he married Ms. Zhang who describes her husband as her "soulmate", caretaker, and the backbone of their family in her letter to the Court. Exhibit A, *Yanxian Zhang Ltr. Of Support.* She also describes Mr. Zhang as a thoughtful and generous member of his community and a man who never forgets those who lent him a helping hand in times of need. She recalls an occasion when he offered half of his entire savings to a friend whose business had failed and on whom he once leaned on for help. *Id.* His sense of obligation and loyalty is what truly defines Mr. Zhang.

His mother, Nen Mei, shares in her letter to the Court just how deep Mr. Zhang's sense of obligation runs and describes him as "filial, sensible, honest, and grateful." Exhibit D, *Nen Mei Zeng Ltr. Of Support.* According to Nen Mei, Mr. Zhang to this day provides his aunt with financial support to demonstrate his gratitude to her for bringing him food and giving him pocket money when he was a child living under deprived conditions. *Id.* Mr. Zhang's father, ChangKun, further highlights his commitment to his family describing him as his "spiritual support." Exhibit E, *ChangKun Zhang Ltr. Of Support.* Mr. Zhang's sense of commitment also extends beyond his own immediate family. He exercises compassion and care for his community by donating to those who are ill "immediately upon learning of it." Exhibit F, *Xiang Zeng, Ltr. Of Support.* He is the first to volunteer his help to train new colleagues and ensure their well-being. Exhibit C, *Changjian Ltr.*

7

*Of Support*. On rainy days, he escorts all of the elderly patrons of his nail salon to their cars to ensure their safety. Exhibit G, *Zhifang Zhang Ltr. Of Support*. He is by his very nature a caretaker.

Finally, Mr. Zhang shares an incredibly close bond with their two young children, Heng Yi Zhang ("Heng Yi") and Jasper Zhang who are 13 and 6 years of age. He takes his role as a reliable father seriously providing the nurture and guidance all young boys need as they navigate early childhood into adolescence. Heng Yi's heartfelt letter to the Court details what Mr. Zhang means to him and underscores the importance of Mr. Zhang's presence during his tender years. He states:

> I am currently a ninth-grade student. With an extremely heavy heart, I am writing this letter for the most important man in my life—my father . . . To me, my father is far more than just a title. He is my first mentor and my most reliable support. When I was eight years old, I remember bringing a toy home from a relative's house. My father discovered it, and instead of scolding me, he said, "Son, one should obtain what one desires with one's own hands. We should be honest and responsible people." He then accompanied me to return the toy. This incident taught me the values of responsibility and honesty.

> Your Honor, I am currently in high school, a very important time in my life. My younger brother, Jasper, is still in primary school. These crucial moments in our lives cannot happen without our father's participation and guidance. His absence would not only break our family, but also deprive me and my brother of the most direct example of how to grow into righteous and responsible adults in this complex world.

> I do not excuse my father's actions, and I fully respect the solemnity of the law. I am simply asking that, within the bounds of the law, you give my father a chance to reform under the supervision of our family and the community. I promise, as his son, I will care for him, support him and help him become a better person. We need him to come home, to return as a more sober, grateful, and responsible member of our family.

Exhibit H, *Heng Yi Zhang Letter Of Support*. Mr. Zhang's presence in his boys' lives is critical and instrumental for their continued positive development. Any prolonged sentence of

incarceration will serve a devastating emotional blow to his children.

### 3. 18 Months Incarceration Would Not Result in an Unwarranted Sentencing Disparity

A sentence of 18 months' incarceration would not represent a disparity in sentencing but would fall within the range of reasonable sentences. A review of the USSC's 2024 Statistical Information Packet reveals that the national median sentence imposed for fraud is 21 months while the mean is 12 months. Exhibit I, *2024 USSC Statistical Packet, Table 7*. In the Eastern District of New York, the mean sentence imposed for extortion was 18 months while the median sentence was 5 months. A sentence of 18 months incarceration would not create an unwarranted sentencing disparity especially in light of Mr. Zhang's minimal role in the instant offense.

Given the foregoing, Mr. Zhang most respectfully requests that this Court sentence him to a sentence of 18 months' incarceration, which is sufficient to meet the goals of sentencing.

### 4. The Loss Amount Under the Guidelines Overrepresents the Defendant's Role

The PSR correctly points out that the applicable guidelines are driven by the loss amount. The Probation Department has acknowledged that a downward variance may be appropriate because "the applicable guidelines are driven by the loss amount, which may overrepresent the defendant's role in this offense." This concern regarding the loss amount is shared by the Courts in the Second Circuit.

In *U.S. v. Adelson*, Judge Rakoff expressed his skepticism and criticism of the Guidelines' arithmetic approach placing great emphasis on "putatively measurable quantities, such as . . . the amount of financial loss in fraud cases, without, however, explaining why it is appropriate to accord such huge weight to such factors." *U.S. v. Adelson*, 441 F.Supp.2d 506, 509 (S.D.N.Y. 2013). Judge Rakoff further questioned why the Sentencing Commission promulgated the Guidelines' Specific Offense Characteristics additions without ever explaining the underlying

rationale, why it has chosen to identify certain characteristics and not others, and why it chose to assign the weight attributable to each of the characteristics. *Id.* at 510; *see also U.S. v. Rivernider*, 828 F.3d 91, 111 (2d. Cir. 2016) (finding that a significant downward variance from the Guidelines range based on the District Court's finding that the loss amount overstated the seriousness of the offense fell "within the range of permissible decisions available to the district court" especially in light of the fact that the defendant never "misled clients . . ., did not steal from them outright, had not led a lavish lifestyle, and was a first-time offender.").

Here, Mr. Zhang was a first-time offender whose role in the offense was minimal. Mr. Zhang was also guided by his co-defendant brother in participating in the subject scheme. As is consistent with Second Circuit case law, we respectfully submit that a downward variance of 18 months incarceration would satisfy the Parsimony Clause of § 3553(a).

5. **Collateral Consequences Justify a Downward Variance**

In addition to balancing the Section 3553(a) factors, the Court may also (and we respectfully submit, should) take into consideration the collateral consequences that will follow Mr. Zhang for the rest of his life as the result of her felony conviction. Notably, in *United States v. Nesbeth*, No. 15-CR-18 (FB), 2016 WL 3022073 (E.D.N.Y. May 24, 2016), Senior District Judge Frederic Block issued a lengthy opinion discussing the impact of collateral consequences on convicted felons and the importance of weighing those collateral consequences in deciding whether to issue a custodial sentence. In *Nesbeth*, the defendant's guidelines sentencing range was 33 to 41 months. *Id*. at *1. Judge Block issued a non-custodial sentence, based, in part, upon an analysis of the collateral consequences of the defendant's felony conviction, in conjunction with a balancing of the § 3553(a) factors. *Id*. Contextually, Judge Block analogized modern felony convictions to the common law notion of "civil death":

> Today, the collateral consequences of a felony conviction form a new civil death. Convicted felons now suffer restrictions in broad ranging aspects of life that touch upon economic, political, and social rights. In some ways, "modern civil death is harsher and more severe" than traditional civil death because there are now more public benefits to lose, and more professions in which a license or permit or ability to obtain a government contract is a necessity.

*Id.* at *3 (citations omitted). Judge Block observed that the Second Circuit has endorsed the consideration of such collateral consequences in sentencing matters. *Id*. at *8 (noting the Second Circuit's "embrace of the impact and significance of the collateral consequences facing a convicted felon as bearing upon a just punishment."). In New York, the collateral consequences may include losing the ability to sit on a jury, avail oneself of certain welfare, and keep one's driver's license all due to his status as convicted felons. The consequences are palpable and serve as punishment themselves.

We, respectfully request that the Court considers these collateral consequences, which we submit support an 18-month sentence.

## <u>CONCLUSION</u>

On behalf of Mr. Zhang and his family, we thank the Court for taking the time to consider our sentencing submission and look forward to addressing the Court during the sentencing hearing.

Dated:    New York, New York
January 13, 2026

MOSES & SINGER, LLP
*Attorneys for Defendant, Jin Fu Zhang*

By: /s/ Barry Zone
Barry Zone
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel: (212) 554-7800

11

# Exhibit A

**[TRANSLATION 1:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

My name is Yanxian Zhang. I am Jin Fu Zhang's wife. I am writing this letter with an extremely heavy and sincere heart. I hope to convey to you, on behalf of Jin Fu Zhang, our deepest remorse and our most sincere plea for forgiveness.

I have known and been married to Mr. Jin Fu Zhang for nearly 17 years. We have two sons. I am confident that I know his true nature and inner self better than anyone else. He loves his children very much and is always by their side. He plays ball games with them, watches movies with them, and chats with them. When it comes to their studies, he always tells them that as long as they have tried their best, that is enough. He only hopes that they can grow up healthy and happy. Every morning, he gets up to take the children to school. Occasionally, he even prepares a loving breakfast for them. This is his simplest way of expressing love.

To me, he is my soulmate. With him, I never seem to need to worry about anything, big or small, because he always finds a way to solve problems. He takes care of me throughout the night when I have a fever, a cold, or any illness. He remembers all of our anniversaries. He is extremely trustworthy with his friends. Last year, when a friend's business failed, he took out half of our savings to help him. He only said, "Back then, he helped me in the same way when I first started." This incident strengthened my belief that he is someone who cherishes the past and is deeply grateful.

Since he committed this crime, I have lived with constant pain and guilt. He was also under severe financial pressure due to the pandemic, which led him to become involved. Over the past three years and more, I have witnessed his unprecedented pain, shame, and self-reflection. He has shed countless tears in confession to me, not because he fears punishment, but because he cannot face the harm and shame he has brought upon our family. I firmly believe that this lesson has been deeply engraved in his soul, especially because he has elderly parents and children who depend on his care.

1

I sincerely hope that you will consider that Jin Fu Zhang is a first-time offender and has demonstrated a sincere attitude of repentance, and that, within the allowable discretion of the law, he may be granted leniency, mitigated punishment, or probation. This would not only give him an opportunity to reform and return to society, but also help save a family and allow him to repay society in a more positive way in the future.

I appreciate the Court's time and consideration.

Respectfully,
Yanxian Zhang

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

**尊敬的**DeArcy Hall**法官：**

**我的名字是**Yanxian Zhang。我是章金福的妻子。**我**怀着无比沉重和恳切的心情写下这封信。希望能为金福章向您表达我们最深的悔过之情.**最**诚恳的祈求。我与章金福相识结婚将近17**年。我们**育有2**个儿子。我自信比任何人都更了解他**这个人的本质与内心。他很爱孩子.总是时刻陪在孩子的身边。他会陪孩子一起打球。一起看电影。一起聊天。学习上他从来都是跟孩子说只要你们努力过就好。只希望他们健康快乐成长就好。他每天早上会起床送孩子去读书。**偶尔还会给孩子们做个爱心早餐。这是他表达爱最朴素的方式。**对于我来说他就是我的灵魂伴侣。有他在大大小小的事情我好像都不**需要担心。因**为他总有办法解决。他会在我生病发烧感冒的时候彻夜照顾我。会记住我们所有的纪念日。他对朋友极重信誉。去年，他的朋友生意失败，他拿出我们积蓄的一半去帮助，只说了一句'**当年我起步**时，他也这样帮过我'。这件事，让我深信他是一个念旧且感恩的人。自从他犯下这件事情.**我**对此感到痛心。愧疚。他也是迫于疫情带来的经济压力没有收入.**从而才开始接触**.这3**年多.我**看到了他前所未有的痛苦、羞耻和自我拷问。他无数次流泪向我忏悔，不是因为惧怕惩罚，而是因为无法面对给家庭带来的伤害和耻辱。我深信，这次教训已深入骨髓。因为他还**有老人。小孩需要他照**顾.**我**恳请您能考虑到章金福**是初犯**.**事后悔罪**态度诚恳.**在法律允**许的裁量范围内，能给予从轻、减轻处罚或适用缓刑等处理。这不仅是给他一个改过自新、回归社会的机会，也是挽救一个家庭，让他未来能以更积极的方式回报社会。

**我感**谢法院所付出的时间和给予的考虑。

谨致敬意，

Yanxian Zhang

3

# Exhibit B

**[TRANSLATION 6:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:


My name is Changguo Zhang, and I am the uncle of Jin Fu Zhang. I am writing this letter in my capacity as his uncle, earnestly beseeching your mercy and forgiveness on his behalf.

I have watched him grow up since he was a child. In my eyes, he has always been kind-hearted, helpful, and very devoted to his family. As the eldest child in the family, whenever there was a festival or family gathering, he would take the initiative to patiently look after his younger siblings.

Later, he went to the United States. Once, when his mother fell ill and needed an operation, he was far away and could not be there to care for her. He was so worried that he cried over the phone. Feeling guilty for not being able to be by her side, he would call her countless times a day to show his concern.

In the eyes of our neighbors, he has always been a model child. I remember that when he was 18, he started working, driving a tractor to haul stones. Our family was engaged in farming at the time, and he would help his parents harvest rice during his breaks. He would also drive the tractor to transport the rice home.

When we heard about what happened to him, we were all shocked because it was completely inconsistent with the image of him we had held for over 40 years.

Recently, I have had many deep conversations with Jin Fu Zhang and his parents. I have seen the sincere remorse in his eyes, heard his profound reflection on the root causes of his mistakes, and felt his strong determination to reform himself and make amends.  I sincerely hope that you can give this young man a chance to start anew.

I appreciate the Court's time and consideration.

Respectfully,
Changguo Zhang

12

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

**尊敬的**DeArcy Hall**法官：**

**我叫**Changguo Zhang，是章金福的叔叔。**我写**这封信是希望以叔叔的身份.为他恳切您的仁慈与宽宥。我是从小看着他长大的。在我的眼中他一直是个心地善良.乐于助人。对家里人很好。他是家里最年长的孩子。每逢家里过年或者聚餐。他会主动耐心照顾弟弟妹妹们。后来他去了美国。有次他妈妈生病需要动手术。他远**在美国无法回来照**顾。急得打电话哭直哭。愧疚无法在母亲身边照顾。只能一天打无数个电话关切。在邻居们的眼中他一直都是别人家的好孩子。我记得他18岁就开始工作开拖拉机拉石头。家里那时候种田的。他会在休息的时间帮父母收割稻谷。他还会开拖拉机帮忙运输稻谷回家。所以得知他出事情大家都难以置信。因为这完全不符合他这**40多年在我**们心目中的形象。这些日子里，我与章金福及其父母多次深谈。我看到了他眼中真诚的悔恨，听到了他对错误根源的深刻反思，也感受到了他渴望改过自新、弥补过失的强烈决心。希望您能够给予一个年轻人重生的机会。

**我感**谢法院所付出的时间和给予的考虑。

谨致敬意，
Changguo Zhang

13

# Exhibit C

**[TRANSLATION 5:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

My name is Changjian Zhang, and I am a friend of Jin Fu Zhang.

I am writing to the Court in connection with Jin Fu's sentencing to provide insight into his character. We are friends, and we have also worked together in the past. In my view, he is someone who is always willing to help others and who has a compassionate heart. Whenever a new colleague joined the workplace, he was always the first to help them adapt to the new environment, generously sharing his own experience.

He is very patient with elderly customers. When I learned that he was involved in this matter, all of my friends and I were shocked and saddened. He has expressed to us his lack of legal knowledge, which led him astray. He has also shown deep remorse and demonstrated an understanding of his mistakes and their consequences.

I firmly believe that he has learned important lessons from this painful experience. He is an important pillar of his family, with elderly parents, a wife, and children who depend on him. I do not excuse his behavior; however, I sincerely believe that Jin Fu Zhang is kind by nature and that this incident was a regrettable exception.

I respectfully request that you grant him an opportunity during sentencing to continue fulfilling his responsibilities to his family and to society.

I appreciate the Court's time and consideration.

Respectfully,
Changjian Zhang

10

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang
22 Cr. 458 (LDH)

尊敬的DeArcy Hall法官：

我叫Changjian Zhang，是章金福的朋友。

我写这封信是就章金福的量刑事宜致函法院，以进一步说明他的品格情况。我们是朋友也是以前也在一起工作过。他在我心目中的印象就是乐于帮助他人和有同情心的人。店里有新同事到来他总是第一个主动帮助新同事适应新环境.并且毫不吝啬的把自己的经验分享给别人。他对待年迈的客人非常有耐心。得知他卷入这事情我和身边所有的朋友都感到震惊和难过。他也曾向我们表达过对法律知识的淡薄.才会误入歧途。他也表达了深刻悔恨并且也明白了自己的行为的错误以及造成的后果。我也坚信他已经从这次痛苦经历中吸取教训。他是家里的重要支柱。还有年迈的父母。小孩.老婆需要照顾。我也并非为他的行为开脱。但我真诚相信章金福的本质是善良的。这次行为是一个可怕的例外。我恳请你在量刑的时候能够给予他一个继续履行对家庭和社会的责任。

我感谢法院所付出的时间和给予的考虑。

谨致敬意，
Changjian Zhang

# Exhibit D

**[TRANSLATION 2:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

My name is Nenmei Zeng, and I am Jin Fu Zhang's mother. I am writing to the Court in connection with Jin Fu's sentencing to provide an understanding of his character.

Jin Fu Zhang has been a filial, sensible, honest, and grateful child since he was very young. Our home was in a rural area, and our living conditions was very poor. After he began working at the age of 17, he saved every penny he earned and used it immediately to improve our living conditions.

My sister was very kind to him. When he was young, she often bought him food and gave him pocket money. Now that he has grown up, he always remembers his aunt's kindness and does his best to send money to her in China, hoping that her old age will be free from worry.

This good child went astray due to his low level of education and weak legal awareness. As his mother, I bear an unavoidable responsibility. I failed to educate him properly in time, and I feel deep remorse in my heart.

Over the past three years and more since this incident occurred, he has constantly reflected on his actions and has behaved properly. He has not made any further mistakes. I sincerely hope Your Honor can show him the greatest leniency.

I appreciate the Court's time and consideration.

Respectfully,
Nenmei Zeng

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang
22 Cr. 458 (LDH)

尊敬的DeArcy Hall法官：

我的名字是 Nenmei Zeng，我是章金福的母亲。我写这封信给法院，是为了配合金福的量刑，向法院提供对他品格的了解。章金福这孩子从小就孝顺.懂事.老实.感恩.我们的家是在一个乡村里面。家里居住条件很差。他17岁开始上班后赚的钱省下来第一时间就改善了我们的居住环境。我的姐姐对他很好.小时候经常给他买东西吃给他零花钱。他现在长大了时刻记着阿姨的好。总是尽自己最大的努力给远在中国的阿姨寄钱。希望阿姨的晚年生活无忧。这样的一个好孩子也是因为文化水平不高法律意识太过单薄而误入歧途。我做为母亲也有不可避免的责任。没有及时的教育好他。我的内心也无比自责。在这事情发生的3年多里他也无时无刻不在自我反省中.好好安分守己.没有在犯任何错误。希望法官能够给予他最大的宽容。

我感谢法院所付出的时间和给予的考虑。

谨致敬意,
Nenmei Zeng

# Exhibit E

**[TRANSLATION 4:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:


My name is Changkun Zhang, and I am the father of Jin Fu Zhang.

I am writing to the Court in connection with Jin Fu's sentencing to provide an understanding of his character. My son has always been well-behaved and sensible since childhood. He would stay by my side when I was ill and offer me comfort during difficult times in my career. He has been my spiritual support. Both his mother and I greatly rely on his care. I am 70 years old this year, and my health is deteriorating. He is also an important source of income for our family.

He has two children who are at an age when they need their father's guidance and company. Our entire family solemnly promises that if he is given an opportunity to reform in the community, we will surround him with all our love and support, supervise him, and help him strictly abide by the law. We also fully respect the authority of the Court.

We sincerely hope that you will consider his past good character, his deep love for his family, and our family's urgent need for his return when making your decision.

Thank you for taking the time to read this letter.

Respectfully,
Changkun Zhang

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

**尊敬的**DeArcy Hall**法官**：

**我叫**Changkun Zhang，是章金福的父亲。

**我写**这封信是就章金福的量刑事宜致函法院，以说明他的品格情况。**我的儿子从小就很乖很懂事.他会在我生病的**时候陪在我的身边。他会在我事业失败的时候给予我安慰。他是我的精神寄托.**我跟他**妈妈都很需要他的照顾。我今年也已经70岁。身体也越来越不好。他也是我们家庭的收入的重要来源。他需要抚养2**个孩子**。2**个孩子都正是需要父**亲陪伴的时候。我们全家人在此郑重的向您承诺.**如果他能**获得一个社区中改过自新的机会.**我们**将会用全部的爱和支持包围他。监督他。帮助他严格遵守法律。我们也完全尊重法庭的权威。只是希望您在裁量时能够考虑他过往对的品格.对家庭的深爱。以及我们整个家庭对他未来回归的迫切期盼。

感谢您花费宝贵的时间阅读。

谨致敬意,
Changkun Zhang

# Exhibit F

**[TRANSLATION 8:]**

December 22, 2025

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

I am Xiang Zeng, his childhood friend. In the eyes of our friends, he is a person of integrity, generosity, and gratitude. He always helps others when his friends are in trouble. For example, if one of his friends becomes ill, he will donate money immediately upon learning of it. If any activities are held in the village, he supports them without hesitation.

This incident has been a heavy blow to him and his family. He has repeatedly expressed deep remorse and self-blame to me. He should not have strayed from the right path when facing severe economic pressure. I hope Your Honor will consider that he has been law-abiding, remorseful, and maintained a positive attitude for three years since the incident occurred, and grant him an opportunity to reform himself.

Once again, thank you for taking the time to read this letter. We fully trust the fairness of the court and respect your final decision. Regardless of the outcome, we will guide Jin Fu Zhang to reflect deeply, and in the future, he will certainly abide by the law and become a person who contributes positively to society.

I appreciate the Court's time and consideration.

Respectfully,
Xiang Zeng

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang
22 Cr. 458 (LDH)

尊敬的DeArcy Hall法官：

我是他从小玩到大的朋友曾祥。他在我们朋友的眼中是一个有义气.大方。感恩的人。他总会在在朋友有难处的时候帮助别人。比如身边的朋友有人生病了.他看见了总是第一时间捐款。村里如果有举办一些活动他也是毫不犹豫的支持。对于此次事情的发生对他本人和家庭都是承重的打击。他多次深刻的向我表达悔恨和自责。不应该在经济压力大的时候而误入歧途。希望法官能够看在他事情发生3年多以来遵纪守法事后悔过态度良好。给予他一个改过自新的机会。再次感谢您在百忙之中阅读此信。我们完全信任法庭的公正，也尊重您最后的裁决。无论结果如何，我们都会引导章金福深刻反省，今后一定遵纪守法，做一个对社会有益的人。


我感谢法院所付出的时间和给予的考虑。


谨致敬意,
曾祥

18

# Exhibit G

**[TRANSLATION 3:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

My name is Zhifang Zhang, and I am the mother-in-law of Jin Fu Zhang.

With a sincere and reverent heart, I am writing this letter today on behalf of my son-in-law. He is a very kind person to his wife and shows great care for parents on both sides of the family. At home, he helps cook meals and take out the garbage. Any repairs needed around the house are handled personally by him, as he has strong practical skills.

When it comes to his work, he is diligent and conscientious, and customers speak highly of him. They describe him as a patient and caring person. When the weather is bad, he even helps elderly customers who have difficulty walking by escorting them to their cars after they get their manicures done. He consistently receives positive feedback from others.

During this time, he has deeply reflected on his mistakes and has come to understand the importance of his role as a son and a father within the family. I sincerely request that you grant him an opportunity to reform himself.

I appreciate the Court's time and consideration.

Respectfully,
Zhifang Zhang

6

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang<br>22 Cr. 458 (LDH)

尊敬的DeArcy Hall法官：

我叫Zhifang Zhang，是章金福的岳母。今天我怀着一颗恳切而敬畏的的心。为我的女婿写这封信。我的女婿是一个对孩子老婆很好的人。也很关爱双方父母。他在家的时候会帮忙煮菜.收垃圾。家里房子需要修补的地方都是他亲自亲力亲为。他的动手能力很强。对于工作他也是勤勤恳恳。客人都很喜欢他。说他是一个很有耐心.爱心的人。他会在天气比较糟糕的时候帮助做完美甲的老人送到车上。他总是获得别人的好评。在这些日子里面他已经严重意识到自己犯的错误.他也明白他做为儿子.父亲的角色对于一个家庭的重要性。恳请给予他一次改过自新的机会

我感谢法院所付出的时间和给予的考虑。

谨致敬意,
Zhifang Zhang

7

# Exhibit H

**[TRANSLATION 7:]**

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Re: U.S. v. Jin Fu Zhang</u>
22 Cr. 458 (LDH)

Dear Judge DeArcy Hall:

My name is Hengyi Zhang, and I am Jin Fu Zhang's son.

I am currently a ninth-grade student. With an extremely heavy heart, I am writing this letter for the most important man in my life—my father. For me, this is not just a letter; it is a son's heartfelt plea to protect the integrity of his family.

To me, my father is far more than just a title. He is my first mentor and my most reliable support. When I was eight years old, I remember bringing a toy home from a relative's house. My father discovered it, and instead of scolding me, he said, "Son, one should obtain what one desires with one's own hands. We should be honest and responsible people." He then accompanied me to return the toy. This incident taught me the values of responsibility and honesty.

Since sixth grade, whenever he had free time at home, he would play basketball with me because he always worried about my lack of physical exercise.

I learned about this incident two years later when I accidentally found his emails with the lawyer in my mother's mailbox. That's when I realized my father was in trouble. At that moment, my world seemed to collapse. I felt confused, scared, and even a little angry. I questioned him: "Why?" What he told me was not an excuse, but repeated apologies and concerns for our future. For the first time, I clearly saw that a man who once seemed omnipotent in my heart was also fragile and remorseful. I firmly believe that this lesson has been deeply engraved in his life.

Your Honor, I am currently in high school, a very important time in my life. My younger brother, Jasper, is still in primary school. These crucial moments in our lives cannot happen without our father's participation and guidance. His absence would not only break our family, but also deprive me and my brother of the most direct example of how to grow into righteous and responsible adults in this complex world.

I do not excuse my father's actions, and I fully respect the solemnity of the law. I am simply asking that, within the bounds of the law, you give my father a chance to reform under the supervision of our family and the community. I promise, as his son, I will care for him, support

14

him, and help him become a better person. We need him to come home, to return as a more
sober, grateful, and responsible member of our family.

Thank you for taking the time to read the heartfelt words of a son.


Respectfully,
Hengyi Zhang

Hon. LaShann DeArcy Hall
U.S.District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: U.S. v. Jin Fu Zhang
22 Cr. 458 (LDH)

**尊敬的**DeArcy Hall**法官：**

**我叫**Hengyi Zhang，是章金福的儿子**。我**现在是一名9**年**级的学生。我怀着无比沉重的心情，为我生命中最重要的男人——**我的爸爸**——**写下**这封信。对我而言，这不仅是一封信，更是一个儿子为守护自己家庭完整的深切恳求。

**我的爸爸**，对我来说，远远超出一个称呼。他是我人生的第一任导师和最坚实的靠山。在我8岁那年。**我**记得我在我的亲戚家拿了一个玩具回家。被我的爸爸发现了。他没有骂我而是跟我说儿子。**喜**欢的东西要靠自己的双手获得。我们要做一个有诚信有担当的人。后来他陪着我把玩具一起还了。这件事情教会了我责任与诚信。从我6**年**级开始他只要在家有空就会陪着我一起打篮球，**因**为他总是担心我的身体缺少运动。

**得知**发生这件事情是在2**年后我无意**间在妈妈的邮箱里面发现了他跟律师的邮件。才得知爸爸出事的。那一刻，我的世界仿佛崩塌了。我感到困惑、害怕，甚至有些愤怒。我甚至质问他为什么？他对我说的不是辩解，而是反复的道歉和对我们未来的担忧。我第一次如此清晰地看到，一个曾经在我心中无所不能的男人，也会如此脆弱和懊悔。我坚信，这**次教训**已经像一把刀，深深地刻在了他的生命里。法官阁下，我现在正在上高中。人生中重要的时刻。我的弟弟Jasper**章**还在上小学。我们人生中这些至关重要的时刻，不能没有父亲的参与和见证。他的缺失，不仅意味着一个家庭的破碎，更意味着我和弟弟将永远失去在这个复杂世界里学习如何成为一个正直、负责的成年人的最直接的榜样。我在此并非为父亲的行为开脱。我尊重法律的庄严。我只是恳请您，在法律的尺度内，能给予我的父亲一个机会，让他在家庭和社区的监督下改过自新。我承诺，作为儿子，我会比以前更关心他，督促他，帮助他成为一个更好的人。**我们**需要他回家，一个更清醒、更感恩、更负责任的家。**感**谢您花费宝贵的时间，阅读一个儿子的心**声**。

谨致敬意,
Hengyi Zhang

16

# Exhibit I

## Table 5
## SENTENCE TYPE BY TYPE OF CRIME
## Fiscal Year 2024

### Eastern New York

| TYPE OF CRIME | TOTAL | Prison Only | | Prison and Alternatives | | Probation and Alternatives | | Probation Only | | Fine Only | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % |
| TOTAL | 727 | 611 | 84.0 | 11 | 1.5 | 14 | 1.9 | 86 | 11.8 | 5 | 0.7 |
| Administration of Justice | 7 | 3 | 42.9 | 0 | 0.0 | 0 | 0.0 | 4 | 57.1 | 0 | 0.0 |
| Antitrust | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Arson | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Assault | 35 | 35 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Bribery/Corruption | 26 | 18 | 69.2 | 0 | 0.0 | 2 | 7.7 | 6 | 23.1 | 0 | 0.0 |
| Burglary/Trespass | 2 | 2 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Child Pornography | 19 | 17 | 89.5 | 0 | 0.0 | 2 | 10.5 | 0 | 0.0 | 0 | 0.0 |
| Commercialized Vice | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Drug Possession | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Drug Trafficking | 201 | 172 | 85.6 | 4 | 2.0 | 2 | 1.0 | 23 | 11.4 | 0 | 0.0 |
| Environmental | 5 | 2 | 40.0 | 0 | 0.0 | 0 | 0.0 | 2 | 40.0 | 1 | 20.0 |
| Extortion/Racketeering | 17 | 15 | 88.2 | 0 | 0.0 | 0 | 0.0 | 2 | 11.8 | 0 | 0.0 |
| Firearms | 65 | 62 | 95.4 | 0 | 0.0 | 1 | 1.5 | 2 | 3.1 | 0 | 0.0 |
| Food and Drug | 1 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 1 | 100.0 | 0 | 0.0 |
| Forgery/Counter/Copyright | 7 | 6 | 85.7 | 0 | 0.0 | 0 | 0.0 | 1 | 14.3 | 0 | 0.0 |
| Fraud/Theft/Embezzlement | 130 | 89 | 68.5 | 4 | 3.1 | 2 | 1.5 | 31 | 23.8 | 4 | 3.1 |
| Immigration | 36 | 33 | 91.7 | 0 | 0.0 | 1 | 2.8 | 2 | 5.6 | 0 | 0.0 |
| Individual Rights | 1 | 1 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Kidnapping | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Manslaughter | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |
| Money Laundering | 52 | 44 | 84.6 | 2 | 3.8 | 1 | 1.9 | 5 | 9.6 | 0 | 0.0 |
| Murder | 25 | 25 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| National Defense | 2 | 2 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Obscenity/Other Sex Offenses | 4 | 4 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Prison Offenses | 2 | 1 | 50.0 | 1 | 50.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Robbery | 48 | 47 | 97.9 | 0 | 0.0 | 0 | 0.0 | 1 | 2.1 | 0 | 0.0 |
| Sexual Abuse | 18 | 17 | 94.4 | 0 | 0.0 | 0 | 0.0 | 1 | 5.6 | 0 | 0.0 |
| Stalking/Harassing | 2 | 2 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| Tax | 22 | 14 | 63.6 | 0 | 0.0 | 3 | 13.6 | 5 | 22.7 | 0 | 0.0 |
| Other | 0 | 0 | -- | 0 | -- | 0 | -- | 0 | -- | 0 | -- |

Of the 727 cases from the Eastern District of New York, no cases were excluded.

Alternatives include all cases in which sentenced individuals received conditions of confinement as described in USSG §5C1.1.

SOURCE: U.S. Sentencing Commission, 2024 Datafile, USSCFY24.

9